## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARYOUSH TAHA** | : | **CIVIL ACTION** |
| **29 MEADOWRUE LANE** | : | |
| **SICKLERSVILLE, NJ 08081** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **BENSALEM TOWNSHIP** | : | |
| **2400 BYBERRY ROAD** | : | |
| **BENSALEM, PA. 19020** | : | **JURY TRIAL DEMANDED** |
| **AND** | : | |
| **DIRECTOR OF PUBLIC SAFETY,** | : | |
| **STEVEN MORAN** | : | |
| **2400 BYBERRY ROAD** | : | |
| **BENSALEM, PA. 19020** | : | |
| **AND** | : | |
| **LT. CHRISTOPHER M. BARRY, SR.** | : | |
| **BADGE #71** | : | |
| **2400 BYBERRY ROAD** | : | |
| **BENSALEM, PA. 19020** | : | |
| **AND** | : | |
| **CHING-O-CHANG, LLC, d/b/a** | : | **NO.** |
| **MUGSHOTS.COM (fictitious name)** | : | |
| **40 GREEN POND LANE,** | : | |
| **GLENMOORE, PA 19343** | : | |

## COMPLAINT - CIVIL ACTION

**Introduction:**

1.      Plaintiff, Daryoush Taha, brings this action for injunctive relief and damages, pursuant to the

Pennsylvania Criminal History Records Information Act, 18 Pa. Cons. Stat. §§ 9101-83

(hereinafter referred to as the "CHRIA") and the common laws of Pennsylvania.

**Parties:**

2.      Plaintiff, Daryoush Taha, is a citizen of the State of New Jersey, residing as captioned.

3.      Defendant, Bensalem Township, is a municipal corporation organized and existing under the

laws of the Commonwealth of Pennsylvania, with its principal offices located as captioned.

4.      Defendant, Director of Public Safety Steven Moran, was at all material times the ultimate authority within the Bensalem Township Police Department, and was charged with upholding the laws of Bensalem Township, as well as the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States of America.

5.      Defendant, Director of Public Safety Steven Moran is being sued both individually and in his official capacity as an officer, agent and/or employee of the Bensalem Township Police Department and the defendant, Bensalem Township.

6.      At all material times, defendants, Bensalem Township and Director of Public Safety Steven Moran, were charged with the responsibility of testing, hiring, training, supervising and disciplining members of the Bensalem Township Police Department including in particular, the defendant, Lt. Christopher Barry, Sr.

7.      Defendant, Lt. Christopher Barry, Sr., was at all material times employed as a lieutenant with the Bensalem Township Police Department.

8.      Lt. Christopher Barry, Sr., is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

9.      At all material times, defendants, Lt. Christopher Barry, Sr. and Steven Moran, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the Bensalem Township Police Department, and defendant, Bensalem Township.

10.     Defendant, Ching-O-Chang, LLC, doing business as "Mugshots.com" (fictitious name) is a limited liability corporation, organized and existing pursuant to Pennsylvania law, with a registered office located as captioned.

**Jurisdiction & Venue:**

1.      This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00 and the plaintiff is a citizen and resident of the State of New

Jersey while the Commonwealth of Pennsylvania is the lawful residence and/or principal place of business of all defendants.

2.        Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Bensalem Township, Pennsylvania, which is in the Eastern District of Pennsylvania.

**Factual Averments:**

3.        On or about September 29, 1998, the plaintiff was arrested by members of the Bensalem Police Department and charged with a number of offenses.

4.        The plaintiff contested the validity of his arrest and filed a civil action complaint against Bensalem Township and various officers for false arrest, false imprisonment, malicious prosecution, excessive force, and related state claims on September 28, 2000. *See Exhibit "A."*

5.        On or about January 5, 1999, the plaintiff was placed in Accelerated Rehabilitative Disposition ("ARD") for one year, in relation to one of five counts, and all other charges were either discharged or nol prossed. *See Exhibit "B."*

6.        While plaintiff strongly believed himself to be innocent of all charges, the plaintiff nonetheless accepted ARD in order to secure the automatic expungment of all charges and avoid the damage to his reputation and career prospects that would arise from having a criminal record.

7.        On or about January 5, 2000, the Plaintiff completed his period of ARD without incident. *See Exhibit "C."*

8.        On or about January 31, 2000, President Judge R. Barry McAndrews, of the Court of Common Pleas of Bucks County, issued an Order, directing the Bensalem Police Department to expunge "the arrest record and other criminal records of the defendant [Daryoush Taha] in this matter…. Request, in so far as it is able, the return of such records as it has made available to Federal and State agencies and that it destroys such records on receipt thereof… [and] file with

the Bucks County Clerk of Courts – Criminal Division, an Affidavit stating that said records have been EXPUNGED or destroyed within 30 days of this Order." *A true and correct copy of the Order of Expungement is attached hereto as Exhibit "D."*

9.    On March 30, 2000, the plaintiff's attorney wrote to the defendant, Steven Moran, of the Bensalem Township Police Department, advising defendants of the Order of Expungement and requesting that a copy of the Affidavit of Expungement be forwarded to counsel's office. *A true and correct copy of said letter is attached as Exhibit "E".*

10.    On April 5, 2000, the defendant, Lt. Barry, wrote to Plaintiff's attorney, denying that official notice of the Order of Expungement had been received by Defendants.

11.    On May 5, 2000, Plaintiff's attorney wrote back to the defendant, Lt. Barry, enclosing a copy of the Order of Expungement and requesting that the Defendant comply with the Order. *A true and correct copy of said letter is attached as Exhibit "C".*

12.    On May 23, 2000, the defendant, Lt. Barry, wrote to the plaintiff's attorney, acknowledging receipt of the Order, and stated that "The Bensalem Township Police Department has complied with the Expungement order by removing the records from our publically accessible files. However, the reports have been preserved in a secure location in a legal file so as to allow for the defense of the civil action that is being pursued by your client [plaintiff, Daryoush Taha]." *A true and correct copy of said letter is attached hereto as Exhibit "G".*

13.    Upon information and belief, the defendants, Lt. Barry, Bensalem Township, and/or Steven Moran failed to expunge the plaintiff's records, as required by the January 23, 2000 Order.

14.    On or about June 27, 2000, Defendant, Lt. Barry wrote to the plaintiff's counsel enclosing verifications that the Pennsylvania State Police and Federal Bureau of Investigation had expunged the Plaintiff's criminal records from their files. *See Exhibit "H."*

15.     Plaintiff's civil action against the arresting officers settled out of court. *See Exhibit "I."*

16.     On December 23, 2011, more than three (13) years had passed since the date of Plaintiff's arrest.

17.     On December 23, 2011, no conviction had occurred resulting from the Plaintiff's arrest.

18.     On December 23, 2011, no criminal proceedings were pending against the plaintiff.

19.     Notwithstanding the above, on December 23, 2011, the defendants, Bensalem Township, Lt. Barry and/or Steven Moran, disseminated the plaintiff's criminal history record information, including the plaintiff's mugshot, to Defendant, Ching-O-Chang, LLC, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings. *See Exhibit "J."*

20.     Defendant, Ching-O-Chang, LLC, is not a criminal justice agency.

21.     To the contrary, upon information and belief, Defendant, Ching-O-Chang, LLC, is a limited liability corporation, d/b/a "Mugshots.com," which is in the business of publishing the criminal records of various individuals on its website, and allowing internet users to comment on such photographs, in order to draw social media attention to the individual's photograph, earn advertising revenue from same, and extract a $400.00 fee from the publically disgraced individual in order to "unpublish" their photograph and information from the website.

22.     Having unlawfully obtained the plaintiff's criminal history record information, the defendant, Ching-O-Chang, LLC, further disseminated the plaintiff's information on its website, by posting the plaintiff's name, "mugshot," date of birth, and physical description, along with the plaintiff's date of confinement, date of release, county in which he was arrested, and a partial list of the charges arising from the plaintiff's arrest, none of which charges resulted in a conviction, and all of which had been ordered to be expunged within thirty days of January 31,

2000.

23.	As a direct and proximate result of the aforementioned acts and conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, suffered damages including, but not limited to:  damage to his reputation, anxiety, frustration, emotional distress, embarrassment, the invasion of his privacy, and the deprivation of the benefit of bargain in accepting the ARD plea agreement.

24.	As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has been obliged to and may continue to expend various sums of money and to incur various expenditures for legal counseling and representation.

25.	As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has and will hereinafter incur other financial expenses and losses.

**COUNT I – 18 Pa.C.S. § 9183**
**FAILURE TO EXPUNGE RECORDS PURSUANT TO A COURT ORDER**
**DARYOUSH TAHA V. STEVEN MORAN, LT. CHRISTOPHER BARRY**
**AND BENSALEM TOWNSHIP**

26.	Paragraphs 1 through 25 are incorporated herein by reference, as though fully set forth at length.

27.	As aforesaid, defendants, Director of Public Safety Steven Moran and/or Lt. Christopher Barry, while acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Bensalem Township Police Department and Defendant, Bensalem Township, refused and/or failed to expunge the plaintiff's criminal history records information pursuant to the January 31, 2000 Order of Expungement.

28.	Plaintiff believes, and therefore avers, that the defendants willfully, intentionally and maliciously refused and/or failed to expunge the plaintiff's records in order to retaliate against the

plaintiff for pursuing a civil action against fellow officers of the Bensalem Township Police Department.

29.        The defendants' refusal and/or failure to expunge the plaintiff's criminal history information pursuant to an Order of Expungement was in violation of the CHRIA, 18 Pa.C.S. § (a)(2).

30.        The plaintiff has been aggrieved by the defendants' violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

31.        The plaintiff, in the exercise of reasonable diligence, was unable to discover the above described violation of the CHRIA until approximately October 2012, when the plaintiff learned that his "mugshot" and criminal history record information had been published online in December 2011.

32.        Defendant's willful violation of the CHRIA entitles the plaintiff to punitive damages.

33.        The plaintiff believes, and therefore avers, that the damage from the defendants' violation of the act is ongoing, cannot be fully compensated through the award of monetary compensation alone, and will continue to persist unless and until the defendants are enjoined to comply with the previously entered court order and expunge the plaintiff's records from their files.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. § 9183, et seq., the plaintiff, Daryoush Taha, demands judgment against the defendants, Director of Public Safety Steven Moran, Lt. Christopher Barry, and Bensalem Township, jointly and/or severally, for compensatory damages, statutory punitive damages, attorney's fees, and an injunction, ordering the defendants to expunge the plaintiff's criminal records history information.

### COUNT II – 18 Pa.C.S. § 9183
### WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD INFORMATION
### DARYOUSH TAHA V. STEVEN MORAN, LT. CHRISTOPHER BARRY
### AND BENSALEM TOWNSHIP

34.        Paragraphs 1 through 33 are incorporated herein by reference, as though fully set forth

at length.

35.         As aforesaid, on or about December 23, 2011, the defendants, Steven Moran and/or Lt. Christopher Barry, while acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Bensalem Township Police Department and Defendant, Bensalem Township, wrongfully disseminated the plaintiff's criminal records to the defendant, Ching-O-Chang, LLC.

36.         Defendant, Ching-O-Chang, LLC, is not a criminal justice agency.

37.         On December 23, 2011, more than three (3) years had passed since the date of Plaintiff's arrest, no conviction had occurred resulting from the Plaintiff's arrest, and no proceedings were pending seeking a conviction of the plaintiff.

38.         Notwithstanding the above, on December 23, 2011, the defendants, Bensalem Township, Lt. Barry and/or Steven Moran, disseminated the plaintiff's criminal history record information to the defendant, Ching-O-Chang, LLC, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings.

39.         Specifically, at a minimum, the defendants, Bensalem Township, Lt. Barry and/or Steven Moran, disseminated the plaintiff's police "mugshot," date of arrest, date of release, and charges involved in the initiation of criminal proceedings, in violation of the CHRIA, 18 Pa.C.S. § 9121 (b)(2).

40.         The plaintiff has been aggrieved by the defendants' violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

41.         Plaintiff believes, and therefore avers, that the defendants' wrongful dissemination of his criminal history record information was willful, and was intentionally and maliciously undertaken in order to retaliate against the plaintiff for pursuing a successful civil action against officers of the Bensalem Township Police Department.

42.         Defendant's willful violation of the CHRIA entitles the plaintiff to punitive damages.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. §

9183, et seq., the plaintiff, Daryoush Taha, demands judgment against the defendants, Steven Moran, Lt.

Christopher Barry, and Bensalem Township, jointly and/or severally, for compensatory damages, punitive

damages, attorney's fees, and all other relief that this Honorable Court deems just and applicable.

### COUNT III – 18 Pa.C.S. § 9183
### WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD INFORMATION
### INJUNCTIVE RELIEF
### DARYOUSH TAHA V. CHING-O-CHANG, LLC, D/B/A "MUGSHOTS.COM"

43.         Paragraphs 1 through 42 are incorporated herein by reference, as though fully set forth

at length.

44.         As aforesaid, the defendant, Ching-O-Chang, LLC, d/b/a "Mugshots.com," conspired

with the defendants, Steven Moran, Lt. Christopher Barry, and/or the Bensalem Township Police

Department, to unlawfully acquire the plaintiff's criminal record history information, in order to

further disseminate such material online.

45.         As described above, the defendant took overt acts in furtherance of the conspiracy to

unlawfully obtain and disseminate the plaintiff's criminal history record information.

46.         The plaintiff has been aggrieved by the defendants, Ching-O-Chang, LLC's violation of

the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

47.         Plaintiff believes, and therefore avers, that the defendants' wrongful dissemination of

his criminal history record information was willful, and was intentionally and maliciously

undertaken to publically shame the plaintiff, in order to exert pressure on the plaintiff to pay four-

hundred dollars ($400.00) to remove or "unpublish" the plaintiff's records from the defendant's

website.

48.         Defendant, Ching-O-Chang, LLC's willful violation of the CHRIA entitles the plaintiff

to punitive damages.

49.     The plaintiff believes, and therefore avers, that the damage from the defendants, Ching-O-Chang, LLC's violation of the CHRIA is ongoing, cannot be fully compensated through the award of monetary compensation alone, and will continue unless and until the defendant is enjoined to remove the plaintiff's unlawfully acquired, retained and disseminated criminal history record information from its website.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. § 9183 et. seq., the plaintiff, Daryoush Taha, respectfully requests that this Honorable Court enter an injunction against the defendant, Ching-O-Chang, LLC, d/b/a "Mugshots.com," directing the defendant to remove the plaintiff's criminal records history information from its website, and enter judgment against the defendant, Ching-O-Chang, LLC, for compensatory damages, statutory punitive damages, attorney's fees, and all other relief that this Honorable Court deems just and applicable.

## COUNT IV – PENNSYLVANIA STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DARYOUSH TAHA V. STEVEN MORAN, LT. CHRISTOPHER BARRY
## BENSALEM TOWNSHIP AND CHING-O-CHANG, LLC, D/B/A "MUGSHOTS.COM"

50.     Paragraphs 1 through 49 are incorporated herein by reference, as though fully set forth at length.

51.     Plaintiff believes and therefore avers that defendants, Ching-O-Chang, LLC, Steven Moran, Lt. Christopher Barry, Sr., and Bensalem Township, jointly and/or severally, through their actions, did inflict serious emotional distress upon plaintiff.

52.     The above-described malicious, intentional and/or reckless acts and omissions of defendants were outrageous, atrocious and completely intolerable in a civilized society and went beyond all possible bounds of decency.

53.     The above-mentioned malicious, intentional and/or reckless acts and omissions of defendants caused the plaintiff to suffer severe emotional distress, anxiety and fear.

54.     The above-described actions of defendants were so malicious and intentional and

displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, the plaintiff, Daryoush Taha, respectfully requests that this Honorable Court enter judgment against the defendants, Ching-O-Chang, LLC, Steven Moran, Lt. Christopher Barry, Sr., and Bensalem Township, jointly and/or severally, for compensatory damages and all other relief that this Honorable Court deems just and applicable.

**ABRAMSON & DENENBERG, P.C.**

BY: _____

**ALAN E. DENENBERG, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**
