IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYOUSH TAHA
2447 SOUTH MARSHALL STREET
PHILADELPHIA, PA. 19148

    VS.

BENSALEM TOWNSHIP
2400 BYBERRY ROAD
BENSALEM, PA. 19020
    AND
DIRECTOR OF PUBLIC SAFETY,
STEVEN M. MORAN
2400 BYBERRY ROAD
BENSALEM, PA. 19020
    AND
CAPTAIN JACK ROBINSON
2400 BYBERRY ROAD
BENSALEM, PA. 19020
    AND
LIEUTENANT JOHN DOE
2400 BYBERRY ROAD
BENSALEM, PA. 19020
   'AND
SERGEANT GEPHART
2400 BYBERRY ROAD
BENSALEM, PA. 19020
    AND
POLICE OFFICER LASKOW
BADGE NO. 88
2400 BYBERRY ROAD
BENSALEM, PA. 19020
    AND
POLICE OFFICER ROBERT LYNADY
2400 BYBERRY ROAD
BENSALEM, PA. 19020
    AND
POLICE OFFICER DAVIS
BADGE NO. 42
BENSALEM, PA. 19020
    AND
POLICE OFFICER JUNO
2400 BYBERRY ROAD
BENSALEM, PA. 19020

:    CIVIL ACTION
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:    JURY TRIAL DEMANDED
:
:
:
:
:
:
:
:
:
:
:    00-CV-4909
:
:
:  NO.

## COMPLAINT - CIVIL ACTION

1



1. Plaintiff, Daryoush Taha, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

2. Defendant, Bensalem Township, is a municipal agency organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendant, Director of Public Safety Steven Moran, was, at all material times, the Director of Public Safety of the Bensalem Township Police Department, the ultimate authority within the Bensalem Police Department, and an agent of Bensalem Township, who is charged with upholding the laws of Bensalem Township, as well as the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States of America. Defendant, Director of Public Safety Steven Moran, is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Bensalem Township Police Department and the defendant, Bensalem Township.

4. Defendant, Captain Jack Robinson, was at all material times a supervising officer with the Bensalem Township Police Department, responsible for supervising, instructing, training, counselling and disciplining Sergeant Gephart, Officer Laskow, Officer Lynady, Officer Davis and Officer Juno. Captain John Doe is being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, Bensalem Township.

2

5. Defendant, Lieutenant John Doe, was at all material times a supervising officer with the Bensalem Township Police Department, responsible for supervising, instructing, training, counselling and disciplining Sergeant Gephart, Officer Laskow, Officer Lynady, Officer Davis and Officer Juno. Lieutenant John Doe is being sued both individually and in his official capacity as an officer, agent, and/or employee of the defendant, Bensalem Township.

6. Defendant, Sergeant Gephart, was at all material times a supervising officer with the Bensalem Township Police Department, responsible for supervising, instructing, training, counselling and disciplining Officer Laskow, Officer Lynady, Officer Davis and Officer Juno. Sergeant Gephart is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

7. Defendant, Police Officer Laskow, was at all material times an officer with the Bensalem Township Police Department. Police Officer Laskow is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

8. Defendant, Police Officer Lynady, was at all material times an officer with the Bensalem Township Police Department. Police Officer Lynady is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

9. Defendant, Police Officer Davis, was at all

3

material times an officer with the Bensalem Township Police Department. Police Officer Davis is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

10. Defendant, Police Officer Juno, was at all material times an officer with the Bensalem Township Police Department. Police Officer Juno is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

11. At all material times, defendant, Director of Public Safety Steven Moran, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

12. At all material times, defendant, Captain Jack Robinson, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

13. At all material times, defendant, Lieutenant John Doe, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

14. At all material times, defendant, Sergeant Gephart, acted within the course and scope of his employment,

4

under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

15. At all material times, defendant, Police Officer Laskow, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

16. At all material times, defendant, Police Officer Lynady, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

17. At all material times, defendant, Police Officer Davis, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

18. At all material times, defendant, Police Officer Juno, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the Bensalem Township Police Department, and the defendant, Bensalem Township.

19. At all material times, defendant, Bensalem Township, was charged with the responsibility of testing, hiring, training and supervising members of the Bensalem

5

Township Police Department including in particular, defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno.

20. At all material times, defendants, Director of Public Safety Steven Moran, Captain Jack Robinson and Lieutenant John Doe, were charged with the responsibility of testing, hiring, training and supervising members of the Bensalem Township Department of Police, including in particular, defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno.

21. This court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. § 1331 and § 1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

22. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Bensalem Township, Pennsylvania, which is in the Eastern District of Pennsylvania.

23. On September 29, 1998, plaintiff, Daryoush Taha, obtained a Protection From Abuse Order ("PFA") against his ex-girlfriend, Treena Jackson.

24. At the aforesaid date and place, plaintiff, Daryoush Taha, went to the library in Bensalem, Bucks County and called 911 for assistance in serving the PFA Order.

25. At the aforementioned date and place, defendant, Police Officer Juno, arrived at the Jackson home.

6

26. At the aforementioned date and place, plaintiff walked from the library to the Jackson home and defendant, Police Officer Juno, told plaintiff to "go back to the library."

27. At the aforementioned date and place, defendant, Police Officer Laskow, arrived at the Jackson home.

28. At the aforementioned date and place, defendants, Police Officer Laskow and Police Officer Juno, entered the Jackson home.

29. Shortly thereafter, defendants, Police Officer Laskow and Police Officer Juno, exited the home and told plaintiff, Daryoush Taha, that they would not serve the PFA because it was "Philadelphia bullshit."

30. Upon further request from plaintiff, Daryoush Taha, defendant, Police Officer Laskow, grabbed the PFA from plaintiff, Daryoush Taha, served it upon Treena Jackson, and said, "Don't worry, I'll help you get one against him."

31. Once the PFA was served plaintiff, Daryoush Taha, drove away.

32. Later that same day, Treena Jackson confronted plaintiff, Daryoush Taha, two (2) miles from her home.

33. At the aforementioned date and place, Treena Jackson blocked the plaintiff, Daryoush Taha's vehicle in, and called 911.

34. Defendant, Police Officer Laskow, responded to the scene and refused to enforce the PFA because it was issued by a Philadelphia Court and not from Doylestown.

7

35. Defendant Police Officer Laskow, left the scene.

36. At the aforementioned date and place, plaintiff, Daryoush Taha, got into his car, drove away, called the 911 operator and tried to explain what had happened to him.

37. Plaintiff, Daryoush Taha, while talking to the 911 operator, was confronted by Treena Jackson again.

38. Defendant, Officer Laskow, arrived on the scene and also contacted the dispatcher.

39. Plaintiff, Daryoush Taha, told the dispatcher that the officer was playing games, requested a supervisor and was advised by the dispatcher that a supervisor would be sent out.

40. At the aforementioned date and place, defendants, Police Officer Davis and Sergeant Gephart, arrived on the scene.

41. Defendant, Sergeant Gephart, told plaintiff that if he ever caught plaintiff, Daryoush Taha in Bucks County again he would arrest him.

42. Plaintiff, Daryoush Taha, tried to explain his situation regarding the PFA to defendant, Sergeant Gephart.

43. At the aforementioned date and place, defendants, Sergeant Gephart, Police Officer Laskow and/or Police Officer Davis pushed plaintiff, Daryoush Taha, into a light pole.

44. Plaintiff, Darypush Taha, struck the light pole and then fell onto a fence, breaking it.

45. Defendants, Sergeant Gephart, Police Officer Laskow and/or Police Officer Davis placed their knees in plaintiff's back and ripped his shirt while handcuffing him.

8

46. Defendants, Sergeant Gephart, Police Officer Laskow and/or Police Officer Davis handcuffed the plaintiff and put him into the back of defendant, Officer Davis' police car.

47. While in the rear of Officer Davis' police car, plaintiff, Daryoush Taha, called the 911 operator from his cellular phone.

48. At the aforementioned date and place, defendant, Officer Davis, reacted by speeding his car up, continually swerving the vehicle from side to side and turned the radio louder.

49. Upon arrival at the police station Sally Port, defendant, Officer Davis, pulled plaintiff, while still handcuffed, from the police car and banged him against the vehicle, numerous times while yelling, "You called the police on me? Give me the damn phone!"

50. Defendant, Officer Lynady then pushed plaintiff, Daryoush Taha, repeatedly against the police care and took his phone away from him.

51. While in the police station, the plaintiff, Daryoush Taha, was unarmed, handcuffed and posed no threat to the defendant police officers.

52. At the aforementioned date and place, plaintiff, Daryoush Taha, was bleeding heavily and was refused treatment until the defendant officers finished charging him.

53. While at the police station, defendants repeatedly inquired into plaintiff, Daryoush Taha's immigration status, and

made racial and/or ethnic epithets such as "Welcome to America, Immigrant".

54. Seven out of eight charges brought against the plaintiff, Daryoush Taha, were dismissed and plaintiff accepted ARD to the charges of resisting arrest. The conditions of ARD were successfully completed and all records of said arrest were expunged.

55. As a direct and proximate result of the aforementioned acts and conduct of the defendants, the plaintiff, Daryoush Taha, sustained injuries including, but not limited to: injuries to both wrists, lower back and rib cage, abrasions and multiple bruises, depression, anxiety, and hyperventilation syndrome; as well as, shock and injury to his nerves and nervous system, some or all of which, the plaintiff is advised may be permanent in nature.

56. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Daryoush Taha, has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to his great detriment and loss.

57. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Daryoush Taha, suffered agonizing aches, severe physical pains, disability and mental anguish and will continue to suffer same for an indefinite time in the future, to his great detriment and

10

loss.

58. As a direct and proximate result of the aforementioned actions of the defendants, plaintiff, Daryoush Taha, has and will hereinafter incur other financial expenses and losses.

## COUNT I - 42 U.S.C. § 1983 AND § 1988
### DARYOUSH TAHA VS. BENSALEM TOWNSHIP, DIRECTOR OF PUBLIC SAFETY, STEVEN M. MORAN, CAPTAIN JACK ROBINSON, LIEUTENANT JOHN DOE, SERGEANT GEPHART, POLICE OFFICER LASKOW, POLICE OFFICER LYNADY, POLICE OFFICER DAVIS AND POLICE OFFICER JUNO

59. Paragraphs 1 through 58 are incorporated herein by reference, as though each were fully set forth herein at length.

60. As aforesaid, defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Bensalem Township Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, unreasonable searches and seizures, as well as, the right to be free from excessive use of force by police officers; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

11

61. As aforesaid, defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, acting within the course and scope of their employment, under the Color of State Law, and pursuant to the customs, policies and practices of the defendant, Bensalem Township Police Department, intentionally and maliciously assaulted and battered plaintiff, Daryoush Taha, and placed him in fear of imminent bodily harm without just cause or provocation, all of which actions violated the plaintiff, Daryoush Taha's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

62. As aforesaid, defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the defendant, Bensalem Township, intentionally and maliciously arrested, imprisoned, humiliated, and insulted, plaintiff, Daryoush Taha, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws

of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

63. The plaintiff, Daryoush Taha, believes and therefore avers that Bensalem Township, as well as Director of Public Safety Steven Moran, have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the use of excessive force, illegal arrest and filing of cover-up charges by its police officers; and subjecting them to the same type of treatment to which plaintiff was subjected, which policy constitutes the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

64. The plaintiff, Daryoush Taha, believes and therefore avers that the Bensalem Township, has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on arrest powers, the use of excessive force and filing of criminal charges by officers, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and

13

is in violation of 42 U.S.C. § 1983.

65. The Bensalem Township, as well as Director of Public Safety Steven Moran, have been deliberately indifferent to the rights of citizens of the Bensalem Township to be free from illegal arrest, excessive force, and the filing of "cover-up" charges which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

66. The plaintiff, Daryoush Taha, believes and therefore avers, that at the time of plaintiff's incident, defendants, Bensalem Township and Director of Public Safety Steven Moran, knew or should have known of the above described policy of the Bensalem Township Police Department, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, and control of the officers, agents, and/or employees of the Bensalem Township Police Department.

67. The plaintiff believes and therefore avers, that at the time of his interest, defendants, Bensalem Township and Director of Public Safety Steven Moran, knew or should have known of the above described policy, custom and practice of the Bensalem Township Police Department, and that they deliberately,

14

knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

a. Failure to prevent false arrests, use of excessive force and filing of cover-up charges upon persons by Bensalem Township Police Officers;

b. Failure to have clear, concise, and appropriate police directives regarding arrests and the use of force;

c. Failure to properly supervise and/or control its police officers;

d. Failure to restrain the use of excessive force, and to have clear concise and appropriate directives regarding same;

e. Failure to have proper counseling, use of force, re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department with prior and ongoing complaints of excessive force and racial and/or ethnic animus;

f. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the Bensalem Township Police Department;

g. Failure to prevent plaintiff from being injured by its officers where defendants knew or had reason to know of the dangerous propensities of said police officers;

h. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

i. Failing to provide adequate guidance, including police directives, as to when it was inappropriate to use force against unarmed handcuffed individuals;

j. Otherwise acting without due regard for the rights, safety and position of the plaintiff herein, in accordance with the laws of the Commonwealth of Pennsylvania; and

k. Otherwise violating the ordinances of Bensalem Township; Directives of the Bensalem Township Police Department

15

and the Statutes of the Commonwealth of Pennsylvania.

68. The plaintiff believes and therefore avers that Bensalem Township, as well as Director of Public Safety Steven Moran, have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which police officers conduct false arrests, use unjustifiable and/or excessive force, and file cover-up charges, which allows for and results in an encouragement to officers within the police department to continue doing same, and creates customs, practices, and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for the allowance of such conduct by members of the Bensalem Township Police Department without fear of punishment.

69. The plaintiff believes and therefore avers that Bensalem Township, as well as Director of Public Safety Steven Moran, have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named defendant, in such a way as to reduce or at least to restrain members of the Bensalem Township Police Department from conducting false arrests, using excessive force and filing cover-up charges; failing to establish adequate remedial training and sensitivity programs and/or psychological counselling for officers identified as having problems with false arrest, excessive force, filing of cover-up charges and

16

racial or ethnic animus; failing to issue adequate directives and/or guidelines concerning prohibitions against said conduct; and failing to discipline those officers identified as having illegally arrested individuals, unreasonably used excessive force to apprehend them, filed cover-up charges and acted out of racial or ethnic animus, which failures were the direct cause for the existence of the alleged custom and practice of false arrest, using excessive force and filing cover-up charges upon citizens of the Commonwealth of Pennsylvania, and specifically plaintiff, Daryoush Taha, by the defendants and thereby violated plaintiff's rights to protection from unreasonable and unjustified seizure under the Fourth and Fourteenth Amendments.

70. The defendants, Bensalem Township, as well as Director of Public Safety Steven Moran, were aware of the aforesaid described policies, customs and practices for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant police officers, who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and practices described to the deliberate indifference of the constitutional rights of the citizens of Bensalem Township.

17

71. By failing to take action to stop or limit the policies and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, defendants, Bensalem Township and Director of Public Safety Steven Moran, acquiesced in, participated in, and perpetrated the policies in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and is in violation of 42 U.S.C. § 1983.

72. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Bensalem Township, Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, the plaintiff, Daryoush Taha, suffered injuries which are described above.

73. The above described actions of the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, in their individual capacities, were ; so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

18

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, plaintiff, Daryoush Taha, demands compensatory damages against defendants, Bensalem Township, Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, jointly and/or severally, and punitive damages against Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, in their individual capacities, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

COUNT II - 42 U.S.C. §1983, §1985(3), AND §1988
DARYOUSH TAHA VS. BENSALEM TOWNSHIP, DIRECTOR OF PUBLIC SAFETY
STEVEN MORAN, CAPTAIN JACK ROBINSON, LIEUTENANT JOHN DOE,
SERGEANT GEPHART, POLICE OFFICER LASKOW, POLICE OFFICER
LYNADY, POLICE OFFICER DAVIS AND POLICE OFFICER JUNO

74. Paragraphs 1 through 73 are incorporated herein by reference, as though each were fully set forth herein at length.

75. As detailed above, defendants, Bensalem Township, as well as Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, entered into a conspiracy to harm the plaintiff, Daryoush Taha, a citizen of Iranian decent, deprive him of the equal protection of the laws and deny the plaintiff of his rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of the United States and of the Commonwealth of

Pennsylvania.

76. As detailed above, the conspiracy directly and proximately resulted in harm to the plaintiff, Daryoush Taha, including the deprivation of his rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

77. As detailed above, defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of Bensalem Township, subjected plaintiff, Daryoush Taha, to false arrest, false imprisonment, excessive force and unwarranted criminal charges; deprived plaintiff of his liberty without due process of law; deprived the plaintiff of the equal protection of the law; and deprived the plaintiff of the privileges and immunities afforded to citizens of the United States and the Commonwealth of Pennsylvania; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania, and all of which actions contributed to, assisted and implemented the conspiracy.

78. The plaintiff believes and therefore avers, that defendants, Bensalem Township, as well as Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe,

Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of defendant, Bensalem Township, provided intentional as well as unintentional support to the conspiracy to deprive plaintiff, Daryoush Taha of his constitutional rights.

79. As a direct and proximate result of the malicious, intentional, and reckless actions of the defendants, Bensalem Township, Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, the plaintiff, Daryoush Taha suffered injuries which are described above.

80. The above described actions of the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, in their individual capacities were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §1983, §1985(3), §1986, and §1988, plaintiff, Daryoush Taha, demands compensatory damages against defendants, Bensalem Township, Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe, Sergeant Gephart, Police Officer Laskow, Police

21

Officer Lynady, Police Officer Davis and Police Officer Juno,

jointly and/or severally and punitive damages against Sergeant

Gephart, Police Officer Laskow, Police Officer Lynady, Police

Officer Davis and Police Officer Juno, in their individual

capacities, in an amount in excess of One Hundred and Fifty

Thousand ($150,000.00) Dollars, plus interest, costs, attorney's

fees and delay damages.

## COUNT III - 42 U.S.C. § 1981 § 1983 AND § 1988
### DARYOUSH TAHA VS. BENSALEM TOWNSHIP, DIRECTOR OF PUBLIC SAFETY STEVEN MORAN, CAPTAIN JACK ROBINSON, LIEUTENANT JOHN DOE, SERGEANT GEPHART, POLICE OFFICER LASKOW, POLICE OFFICER LYNADY, POLICE OFFICER DAVIS AND POLICE OFFICER JUNO

81. Paragraphs 1 through 80 are incorporated herein by

reference, as though each were set forth herein at length.

82. The plaintiff believes and therefore avers that

the Bensalem Township Police Department has adopted and

maintained for many years a recognized and accepted policy

consisting of refusing to serve and enforce PFA from outside the

County and an inadequate system of review of claims of false

arrest and excessive force, which system has failed to identify

instances of failing to serve PFA Orders from outside of the

County, as well as arrests without probable cause and the use of

excessive force; to discipline, more closely supervise or

retrain officers who, in fact, improperly fail to serve said PFA

Orders, use excessive force and falsely arrest individuals.

83. Upon information and belief, the systematic

deficiencies include, but are not limited to:

a. The preparation of investigative reports
designed to vindicate the failure to serve and enforce out of

22

County PFA Orders, arrests by police officers and their use of force, regardless of whether such actions were justified;

b. The preparation of investigative reports which rely solely on the word of police officers involved in the incidents in which systematically failed to credit the testimony and statement of non-police officer witnesses;

c. The preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved; and

d. The failure to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which are unwarranted by the evidence or contradicted by such evidence.

84. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of defendants, Bensalem Township and Director of Public Safety Steven Moran, and as such caused defendant police officers to be unaware of the rules and laws governing proper service and enforcement of out of County PFA Orders, lawful searches and seizures and the permissible use of force and cause officers to believe that refusal to serve and enforce out of County PFA Orders, illegal arrests and excessive force are entirely within the discretion of the officer and that refusal to serve and enforce out of County PFA Orders, false arrests and the use of excessive force would not be honestly and properly investigated, all with the procedural result that officers are more likely to fail to serve and enforce out of County PFA Orders, conduct false arrests and use excessive force in.

85. The acts of the defendants acting jointly and/or in conspiracy with each other in refusing to serve and enforce out of County Orders, falsely arresting and using excessive

23

force upon plaintiff, Daryoush Taha, and attempting to conceal the facts surrounding the incident and his injuries deprived Daryoush Taha of the constitutionally protected right of the access to the courts and to petition for redress of grievances guaranteed by the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1981 § 1983, § 1985(3), § 1986, and § 1988.

WHEREFORE, pursuant to 42 U.S.C. § 1981, § 1983, § 1985(3), § 1986, and § 1988, plaintiff, Daryoush Taha, demands compensatory damages against defendants, Bensalem Township, Director of Public Safety Steven Moran, Captain Jack Robinson, Lieutenant John Doe, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, jointly and/or severally and punitive damages against Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, jointly and/or severally, in their individual capacities, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

<u>COUNT IV - ASSAULT AND BATTERY</u>
<u>DARYOUSH TAHA VS. SERGEANT GEPHART, POLICE OFFICER LASKOW,</u>
<u>POLICE OFFICER LYNADY, POLICE OFFICER DAVIS AND</u>
<u>POLICE OFFICER JUNO</u>

86. Paragraphs 1 through 85 are incorporated herein by reference, as though each were set forth herein at length.

87. On September 29, 1998, the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police

Officer Davis and Police Officer Juno, acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the plaintiff, Daryoush Taha, as more particularly described hereinabove.

88. Plaintiff specifically complains of the conduct of defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, in physically and verbally abusing, pushing and grabbing the plaintiff, Daryoush Taha.

89. The above-described actions of defendants placed the plaintiff, Daryoush Taha, in the reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly touched, assaulted, and abused against his will.

90. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, the plaintiff suffered injuries which are described above.

91. The above-described actions of defendant, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, were so malicious, intentional, reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Daryoush Taha, demands compensatory and punitive damages against the defendants,

Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, for the common law torts of assault and battery, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

## COUNT V - FALSE ARREST AND FALSE IMPRISONMENT
### DARYOUSH TAHA VS. SERGEANT GEPHART, POLICE OFFICER LASKOW, POLICE OFFICER LYNADY, AND POLICE OFFICER DAVIS

92. Paragraphs 1 through 91 are incorporated herein by reference, as though each were set forth herein at length.

93. On September 29, 1998, the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, and Police Officer Davis, acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the plaintiff, Daryoush Taha, as more particularly described hereinabove.

94. Plaintiff specifically complains of the conduct of defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, and Police Officer Davis, in physically and verbally abusing, pushing and grabbing the plaintiff, Daryoush Taha.

95. The above-described actions of defendants placed the plaintiff, Daryoush Taha, in the reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly touched, assaulted, and abused against his will.

96. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Sergeant

26

Gephart, Police Officer Laskow, Police Officer Lynady, and Police Officer Davis, the plaintiff suffered injuries which are described above.

97. The above-described actions of defendant, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, and Police Officer Davis, were so malicious, intentional, reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Daryoush Taha, demands compensatory and punitive damages against the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, and Police Officer Davis, for the common law torts of assault and battery, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

<u>COUNT VI</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>
<u>DARYOUSH TAHA VS. SERGEANT GEPHART, POLICE OFFICER LASKOW,</u>
<u>POLICE OFFICER LYNADY, POLICE OFFICER DAVIS AND</u>
<u>POLICE OFFICER JUNO</u>

98. Paragraphs 1 through 97 are incorporated herein by reference, as though each were fully set forth herein at length.

99. Plaintiff believes and therefore avers that the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional

27

distress upon plaintiff in an intentional and/or reckless manner.

100. The above-described malicious, intentional, and/or reckless acts and omissions of defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

101. The above-mentioned malicious, intentional, and/or reckless acts and omissions of defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, caused and continue to cause the plaintiff severe emotional distress, anxiety, and fear.

102. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, the plaintiff suffered injuries which are described above.

103. The above-described actions of defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Daryoush Taha, demands

28

compensatory and punitive damages against the defendants, Sergeant Gephart, Police Officer Laskow, Police Officer Lynady, Police Officer Davis and Police Officer Juno, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

ABRAMSON & DENENBERG, P.C.

BY: _____
ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION #: 54161
1200 WALNUT STREET
SIXTH FLOOR
PHILADELPHIA, PENNA.   19107
(215) 546-1345
ATTORNEY FOR PLAINTIFF
DARYOUSH TAHA

September 27, 2000-/u/sjd/dad/Civil.cmp/taha

DOCKET #   1998 05181

| | JUDGE<br>GARB | | CLASS<br>CRIMINAL | | STATUS | |

PLAINTIFF
COMMONWEALTH OF PENNSYLVANIA                        DEFENDANT
                                     VS   DARYOUSH      TAHA

10131998 TRANSCRIPT FILED.                                                      KM
10281998 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY JACQUELYN FRAZIER-LYDE,     VM
         ESQ.
11051998 INFORMATION FILED.
11061998 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY W. STANLEY PERRY, JR.,ESQ   VM
         DEFENDANT ARRAIGNED AND PLEA OF NOT GUILTY ENTERED.                    VM
11161998 WITHDRAWAL OF APPEARANCE FILED BY W. STANLEY PERRY, JR., ESQ.          VM
         ENTRY OF APPEARANCE FOR DEFENDANT FILED BY JACQUELYN FRAZIER-LYDE,     VM
         ESQ.
         MOTION TO QUASH/MOTION  TO DISMISS BASED ON DE MINIMIS AND             AB
         INSUFFICIENT INFORMATION. FORWARDED TO THE JUDGE FOR SIGNATURE.
11271998 ORDER RETURNED FROM COURT UNSIGNED. ORDER REFUSED-11/27/98.            AB
12101998 HON. ISAAC S. GARB       PROS.COLIN M.        JENEI                    KN
         CONTINUANCE GRANTED UNTIL 1/5/99.
01051999 HON.HECKLER,BRAD KAMINSKI,A.D.A.,JACQUELYN FRAZIER-LYDE,ESQ..          KN
         DEFENDANT PLACED ON ARD FOR 1 YR.ON CT.5.NOL PROS CTS.1,2,3,4,6,7      JM
         (CTS.1&2-D/C(M),CTS.3&4-HARAS.(S)CT.6-F/R TO LAW(M)CT.7-STALKING(M)    JM
END OF CASE





# OFFICE OF THE DISTRICT ATTORNEY
## BUCKS COUNTY COURTHOUSE
### DOYLESTOWN, PENNSYLVANIA 18901

DIANE E. GIBBONS
DISTRICT ATTORNEY
(215) 348-6344

January 27, 2000

RE: <u>Commonwealth v. Daryoush Taha; 98-5181</u>

To Whom it May Concern:

Our file indicates that Mr. Taha has successfully completed our A.R.D. Program.

His file is set to be expunged in the next month.

Very truly yours,

Sharif N. Abaza
Deputy District Attorney

SNA/ksf



EXHIBIT
C



## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
### CRIMINAL DIVISION

### Commonwealth of Pennsylvania

VS.

TAHA BARYOUSH

: No.: 1968 J5181        #3224404

: Date of Birth: 01/29/1971  SEX: M  RACE: A

: Arresting Agency: BENSALEM TWP PD

: District Court: 02 1 21 5378 3 000243

: Charge: DISORDERLY CONDUCT
                       09/29/1978

## O R D E R

AND NOW, this          THIRTY-FIRST DAY OF JANUARY, 2003, appearing the defendant has successfully completed a period of probation as a participant in this Court's ACCELERATED REHABILITATIVE DISPOSITION PROGRAM (Pre-Indictment Probation Program), or PROBATION WITHOUT VERDICT, pursuant to Section 17 of the Controlled Substance, Drug, Device and Cosmetic Act on application of the District Attorney, leave is given to Nolle Prosequi the above-captioned matter.

It is also ORDERED that the following agencies EXPUNGE the arrest record and other criminal records of the defendant in this matter: Clerk of Courts of Bucks County — Criminal Division; Bucks County District Attorney; Final District Court (it is the responsibility of the Final Issuing Authority to notify the Initial Issuing Authority in transfer cases); and the Arresting Agency.

It is further ORDERED that said arresting agency or department request, in so far as it is able, the return of such records as it has made available to Federal and State agencies and that it destroy such records on receipt thereof.

It is further ORDERED that the above-listed agencies shall file with the Bucks County Clerk of Courts— Criminal Division, an Affidavit stating that said records have been EXPUNGED or destroyed within 30 days of the date of this Order.

BY THE COURT:

**SAID NOLLE PROSEQUI IS ENTERED**

R. BARRY McANDREWS, PRESIDENT JUDGE

County of Bucks, S.S.

I, Alyce V. Deyo, 1st Deputy Clerk of Courts  Criminal Division, in and for the County aforesaid, do hereby certify that the within and foregoing is a true and attested copy of ORDER in the within entitled case as the same remains on file in said Court.
Witness my hand and the seal of said Court.

/S/ DALE A. REICHLEY
FIRST ASSISTANT DISTRICT ATTORNEY

FIRST ASSISTANT DISTRICT ATTORNEY

1st Deputy Clerk of Courts
Criminal Division



EXHIBIT
D

DEFENDANT

# CRIMINAL COURT SHEET — Class 07

COMMONWEALTH OF PENNSYLVANIA

F 322480-1

vs.

Daryoush Tala

Date: 1/5/98

Information No.: 98-3181

Judge: D. W. Rucker

ADA: S. Kaminsky

Deft/PD: J. Grozier-Gyde

Notes: Celeste

Clerk: Nancy

Voir Dire Time: _____ Hrs. _____ Mins.

Trial Time: _____ Hrs. 20 Mins.
(Times for Additional Days on Back)

7 HEARING TYPE 01 CODE

_____ Arraignment
_____ Bench Warrant - Contempt Hearing (Purge Hearing)
_____ Call of the List
_____ Guilty Plea
_____ Nolo Contendre Plea
_____ Jury Trial
✓ Non-Jury Trial
✓ ARD — C # 5
_____ Sentencing
_____ Probation/Parole Violation
_____ Other

Approved
_____ DISPOSITION _____ CODE

_____ Arraigned
✓ Purged
✓ Nol Prossed; All counts
1-2-3-4-6-7
or above counts only
_____ Nol Prossed; Completed ARD
_____ Nol Prossed; Costs on County
_____ Bench Warrant to be issued
_____ Bail Forfeiture to be issued
_____ Bail Re-Instated
_____ Sentenced
_____ ARD Extension

_____ Defendant found guilty as to _____ counts.
_____ Defendant found not guilty as to _____ counts.
_____ Sentence deferred — REASON:
_____ Sentence Deferred for Pre-Sentence Investigation

(Conditions attached)

THE COURT ORDERS DEFENDANT:                    NO FURTHER PENALTY

✓ 1. to be placed on probation for 1 mos/yrs non-reporting
_____ 2. to undergo imprisonment in BCCF/SCI for not less than _____ nor more than _____.
_____ 3. to be placed on ARD for _____ mos/yrs.

SPECIAL CONDITIONS:

✓ a. Costs within 6 mos _____ Costs on County.
_____ c. Restitution in amount of $ _____ within _____.
_____ e. Concurrent/Consecutive to _____.
_____ G. Summary offenses. _____
_____ h. Other — Remarks: _____

_____ b. Fine in amount of $ _____ within _____
_____ d. Credit for time served/immediate parole.
_____ f. Check if Motor Vehicle essentially involved.

| JURY PANEL | COMMONWEALTH WITNESSES | DEFENSE WITNESSES |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |

County of Bucks, S.S.

I, Jay Byrnes Deputy Clerk of Courts, in and for the County aforesaid, do hereby Certify that the within and foregoing is a true and attested Copy of Court Sheet, Bill of Info. + A.R.D. Sheet in the within entitled case as the same remains on file in said Court.

Witness my hand and the seal of said Court.

Deputy Clerk of Courts - Criminal Division

J.

## ABRAMSON & DENENBERG, P.C.
### Attorneys-at-Law

Simon J. Denenberg
Thomas Bruno, II°
James Stover
David H. Denenberg°
Alan E. Denenberg°
Jacob B. Sless°
Daniel Conner

Of Counsel:
Aileen Schwartz

°Member NJ Bar also
° Member DC Bar also

Sixth Floor
1200 Walnut Street
Philadelphia, PA 19107-5499
Fax: (215) 546 - 5355
e-mail: ad@emls.com

(215) 546 - 1345

New Jersey Office:
6 E. Miami Avenue
Cherry Hill, NJ 08034
(856) 354 - 9385

Germantown Office:
5015 Germantown Ave.
Philadelphia, PA 19144
(215) 849-5414

Benjamin Abramson
1932 - 1978

March 30, 2000

Stephen Moran
Bensalem Township Police Department
2400 Byberrry Road
Bensalem, PA 19020

> RE: Daryoush Taha
> Date of arrest: 9/29/98

Dear Mr. Moran:

As you are aware our office represents Mr. Taha relative to an arrest which arose on the above date. I have been advised by the Bucks County Court on Doylestown that Mr. Taha's records have been expunged and a notice has been forwarded to you. Accordingly, you have thirty (30) days to destroy the records of Mr. Taha's arrest as well as retrieve and destroy the mug shot and fingerprints forwarded to State and Federal Agencies.

In accordance with the applicable law, please forward to my attention an affidavit that said records have been destroyed.

If you should have any questions regarding the above please feel free contact me. I thank you for your attention to this matter and look forward to your reply.

Very truly yours,

Alan E. Denenberg

AED/dlm
c Timothy E. Games, Esquire
  Daryoush Taha


EXHIBIT
E

## ABRAMSON & DENENBERG, P.C.
### Attorneys-at-Law

Simon J. Denenberg
Thomas Bruno, II*
James Stover
David H. Denenberg°
Alan E. Denenberg°
Jacob B. Sless*
Daniel Conner

Of Counsel:
Aileen Schwartz

*Member NJ Bar also
° Member DC Bar also

Sixth Floor
1200 Walnut Street
Philadelphia, PA 19107-5499
Fax: (215) 546 - 5355
e-mail: ad@erols.com

(215) 546 - 1345

New Jersey Office:
6 E. Miami Avenue
Cherry Hill, NJ 08034
(856) 354 - 9385

Germantown Office:
5015 Germantown Ave.
Philadelphia, PA 19144
(215) 849-5414

Benjamin Abramson
1932 - 1978

May 5, 2000

Lt. Christopher M. Barry, Sr., Badge No. 71
Bensalem Township Police Department
2400 Byberry Road
Bensalem, PA 19020

          RE: Daryoush Taha
              Date of arrest: 9/29/98

Dear Lieutenant Barry:

     This will acknowledge receipt of your letter of April 5, 2000
in reference to the above captioned matter. Thank you for your
prompt reply to my letter of March 30, 2000 addressed to Steven
Moran. Your letter indicates that the Bensalem Township Police
Department has not received any official notification from the
Court of Common Pleas in Bucks County indicating that the case has
been adjudicated in a manner that would require the expungement and
destruction of all reports and records arising from the arrest of
Mr. Taha. At this time, enclosed please find a copy of the Court
Order of R. Barry McAndrews, President Judge of the Court of Common
Pleas of Bucks County, Criminal Division. This order directs that
arresting agency, Bensalem Township Police Department, to expunge
the arrest record and other criminal records of the defendant,
Daryoush Taha regarding his arrest on the above date. The third
paragraph of the Order states:

          It is further ORDERED that said arresting agency or
          department request, in so far as it is able, the return
          of such records as it has made available to Federal and
          State agencies and that it destroy such records on
          receipt thereof. (Emphasis added).



Lt. Christopher M. Barry, Page 2, May 5, 2000

I would appreciate you forwarding this to the Township Solicitor a copy of the expungement order so that he may review it and determine your department's responsibility regarding the expungement of Mr. Taha's records.

In addition to the above, the last paragraph directs that the Bensalem Police Department file with the Bucks County Clerk of Courts-Criminal Division an affidavit stating that said records have been expunged or destroyed within thirty (30) days of January 31, 2000. Clearly, the Department has gone beyond the deadline and I would appreciate your filing the appropriate affidavit with the Court. Please forward to me a copy of the affidavit that the Police Department files.

If you should have any questions regarding the above please feel free to contact me. I thank you for your attention to this matter.

Very truly yours,

Alan E. Denenberg

AED/dlm
Enclosure
c Daryoush Taha



# BENSALEM TOWNSHIP POLICE DEPARTMENT

2400 Byberry Road • Bensalem, PA 19020 • (215) 633-3700 • Fax (215) 633-3656

**Steven M. Moran**
**Director of Public Safety**

May 23, 2000

Mr. Alan E. Denenberg
Abramson & Denenberg, P.C.
Attorneys at Law
1200 Walnut Street
Philadelphia, PA 19107-5499

RE:   Daryoush Taha

Dear Mr. Denenberg:

     This letter is being sent to you in regards to the expungement order that was issued pertaining to the arrest of your client.

     The Bensalem Township Police Department has complied with the Expungement order by removing the records from our publicly accessible files. However, the reports have been preserved in a secure location in a legal file so as to allow for the defense of the civil action that is being pursued by your client.

     Should you have any questions please feel free to call.

Sincerely,

Lt. Christopher M. Barry, Sr. #71



EXHIBIT
G

Bensalem Township Police Department
2400 Byberry Road
Bensalem, PA 19020
In reply to: Daryoush Taha

Alan E. Denenberg
Abramson & Denenberg, P.C.
Sixth Floor
1200 Market Street
Philadelphia, PA 19107-5499

Dear Alan E. Denenberg,

Please find attached reports from both the Pennsylvania State Police and the United States Department of Justice Federal Bureau of Investigation verifying that all records pertaining to the arrest of your client Daryoush Taha have in fact been expunged. Should you have any questions do not hesitate to contact me.

Sincerely,

Sgt. Christopher M. Barry, Sr.

CC: File


EXHIBIT
H

PENNSYLVANIA STATE POLICE
CENTRAL REPOSITORY
RECORDS AND IDENTIFICATION DIVISION
1800 ELMERTON AVENUE
HARRISBURG, PA. 17110-9758
(717) 783-5499

PAGE 01

DATE: 06/27/2000
BADGE ID: 0564

=====================================================================================

BENSALEM TWP PD
POLICE DEPARTMENT
2400 BYBERRY ROAD
BENSALEM, PA  19020

RE: CERTIFICATION OF ALL CRIMINAL
HISTORY RECORD INFORMATION IN
CUSTODY OF THIS AGENCY

This is to Certify that on   06 - 27 - 2000  all Criminal History Record
Information in the custody of this Agency pertaining to the arrest of:

NAM: TAHA,DARYOUSH
DATE OF BIRTH: 01-20-1971                DATE OF ARREST: 09-29-1998
ARRESTING AGENCY ORI: PA0090100
ARRESTING AGENCY NAME: BENSALEM TWP PD
OTN NUMBER: L022452-3/F322480-4SID NUMBER: 2758327-0          OCA: 41003
CHARGE(S):  OFF CHAR:  CHARGE DESCRIPTION:                    CNTS:  GRADE:
----------  ---------  --------------------                   -----  ------
                                                              (00001)   S
CC2709A3               HARASSMENT                             (00001)   S
CC2709A2               HARASSMENT                             (00001)
CC5503                 DISORDERLY CONDUCT                     (00001)   M2
CC5104                 RESISTING ARREST

have been, to the best of my knowledge and belief:
Expunged from the file of Criminal History Record Information available for
routine Dissemination under the provisions of the Criminal History Record
Information Act, 18 Pa. C.S. 9121. This  Expungement effected under the
provisions of 18 Pa. C.S. 9122 upon successful completion of conditions of
ARD or any other pretrial or post-trial diversion or probation program.

The Fingerprints, Name and Criminal History Record Information pertaining
to the above captioned case are being retained solely for the purpose of
determining subsequent eligibility of any Pretrial or Post-trial diversion
or probation program and shall be made available only to any court upon
request in accordance with 18 Pa. C.S. 9122.

Agencies and individuals that were previously furnished, by this
Department, Criminal History Record Information pertaining to the
Above case were notified in accordance with 18 Pa. C.S. 9122.

_____
Director, Records and Identification Division

PA0090100

ICN ISIS0004000003458908

BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
- FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

| NAME | | | | | FBI NO. | | DATE REQUESTED |
|------|--|--|--|--|---------|--|----------------|
| TAHA,DARYOUSH | | | | | 314485JB4 | | 2000/07/03 |

| SEX | RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR | BIRTH PLACE |
|-----|------|-----------|--------|--------|------|------|-------------|
| M | A | 1971/01/20 | 510 | 145 | BRO | BRO | TURKEY |

FINGERPRINT CLASS
19 PI 14 PO PO
PI PM 65 PI CI

1-ARRESTED OR RECEIVED 1998/09/29
    AGENCY-TOWNSHIP POLICE DEPT BENSALEM (PA0090100)
        AGENCY CASE-41003
        CHARGE 1-HARASSMENT
        CHARGE 2-HARASSMENT
        CHARGE 3-DISORDERLY CONDUCT
        CHARGE 4-RESISTING ARREST
***PRINT EXPUNGED ON 2000/07/03 EXPUNGED - CONTRIBUTOR

RECORD UPDATED 2000/07/03

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV   26306

FA0090100                                ICN ISIS0004000003458908


***SPECIAL INFORMATION***

FINGERPRINTS AND RELATED DATA HAVE BEEN EXPUNGED FROM THIS RECORD
EITHER AT THE REQUEST OF THE CONTRIBUTOR; RESPONSE TO A COURT ORDER; OR
BECAUSE OF NONSERIOUS NATURE OF ARREST. ANY COPY OF THIS RECORD
PREVIOUSLY RECEIVED SHOULD BE DESTROYED.

IF YOUR AGENCY CONTRIBUTED THE DELETED FINGERPRINT DATA AND NO PRINTS
ARE ATTACHED, THE CARD HAS BEEN DELETED FROM MICROFILM AND/OR
DESTROYED. PROMPTLY REVIEW THE ENCLOSED RECORD AND ADVISE US IF FURTHER
CHANGES OR DELETIONS ARE NECESSARY.

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:00-cv-04909-SD

TAHA v. BENSALEM TOWNSHIP, et al
Assigned to: JUDGE STEWART DALZELL
Demand: $0
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 09/28/2000
Date Terminated: 10/16/2001
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**DARYOUSH TAHA**

represented by **ALAN E. DENENBERG**
ABRAMSON & DENENBERG
1315 WALNUT ST 12TH FL
PHILADELPHIA, PA 19107
215-546-1345
Fax: 215-546-5355
Email: adenenberg@adlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**BENSALEM TOWNSHIP**

represented by **DANIEL J. DIVIS**
GEROLAMO MCNULTY DIVIS &
LEWBART PC
THE LEWIS TOWER BLDG
225 S. 15TH ST STE 1600
PHILADELPHIA, PA 19102
215-790-8400
Email: ddivis@gmdlfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
LAW OFFICE OF TWANDA TURNER-
HAWKINS
THREE PARKWAY
1601 CHERRY ST., SUITE 600
PHILADELPHIA, PA 19102



215-557-5636
Email: mella@allstate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**STEVEN M. MORAN**
*DIRECTOR OF PUBLIC SAFETY*

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAPTAIN JACK ROBINSON**

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LIEUTENANT JOHN DOE**

**Defendant**

**SERGEANT GEPHART**

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**POLICE OFFICER LASKOW**

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**POLICE OFFICER ROBERT
LYNADY**

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**POLICE OFFICER DAVIS**

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**POLICE OFFICER JUNO**

represented by **DANIEL J. DIVIS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MELANIE R. ELLERBE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2000 | 1 | Complaint. filing fee $ 150 receipt # 743105 (fe) (Entered: 09/29/2000) |
| 09/28/2000 | | Demand for jury trial by PLAINTIFF DARYOUSH TAHA (fe) (Entered: 09/29/2000) |

| Date | No. | Description |
|---|---|---|
| 09/28/2000 | | Standard Case Management Track. (fe) (Entered: 09/29/2000) |
| 09/28/2000 | 2 | Request for Waiver of Service by PLAINTIFF DARYOUSH TAHA as to DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO 9/28/00 . (fe) (Entered: 09/29/2000) |
| 09/28/2000 | | Summons(es) issued, 1 original Forwarded to: Counsel 09/29/00 (fe) (Entered: 09/29/2000) |
| 09/28/2000 | | Standard Case Management Track. (fe) (Entered: 09/29/2000) |
| 10/03/2000 | 3 | ORDER THAT THE CLERK SHALL NOT PROCESS THIS CASE FOR MEDIATION. ( SIGNED BY JUDGE STEWART DALZELL ) 10/3/00 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (md) (Entered: 10/03/2000) |
| 11/03/2000 | 4 | Waiver of Service Returned Executed as to DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO 9/28/00 Answer due on 11/27/00 for JUNO, for DAVIS, for ROBERT LYNADY, for LASKOW, for GEPHART, for JACK ROBINSON, for STEVEN M. MORAN. (md) (Entered: 11/03/2000) |
| 11/27/2000 | 5 | MOTION by DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO TO DISMISS PLFF'S COMPLAINT, IN PART, PURSUANT TO F.R.C.P. 12(b)(6) , MEMORANDUM, CERTIFICATE OF SERVICE. (md) (Entered: 11/28/2000) |
| 11/30/2000 | 6 | AMENDED MOTION by DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO TO DISMISS PLFF'S COMPLAINT, IN PART, PURSUANT TO F.R.C.P. 12(b)(6) , MEMORANDUM, CERTIFICATE OF SERVICE. (md) (Entered: 12/01/2000) |
| 12/14/2000 | 7 | STIPULATION AND ORDER THAT PLFF IS GRANTED A TWO-WEEK EXTENSION OF TIME UNTIL 12/27/00 TO RESPOND TO DEFTS' AMENDED MOTION TO DISMISS . ( SIGNED BY JUDGE STEWART DALZELL ) 12/14/00 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (md) (Entered: 12/14/2000) |
| 12/27/2000 | | Letter to MELANIE ELLERBE re: L.R. 83.5 (md) (Entered: 12/27/2000) |
| 12/27/2000 | 8 | Response by PLAINTIFF DARYOUSH TAHA to DEFENDANTS MOTION TO DISMISS PLFF'S COMPLAINT, IN PART, PURSUANT TO F.R.C.P. 12(b)(6), Memorandum, Certificate of Service. (np) (Entered: 12/28/2000) |

| 01/10/2001 | 9 | Reply by DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO in opposition to PLFF'S Rule 11 Memorandum in opposition to DEFTS' AMENDED MOTION TO DISMISS PLFF'S COMPLAINT, IN PART, PURSUANT TO F.R.C.P. 12(b)(6), Certificate of Service. (md) (Entered: 01/11/2001) |
|---|---|---|
| 05/14/2001 | 10 | ORDER THAT DEFENDANTS' MOTION TO DISMISS IS GRANTED IN PART AND DENIED IN PART; PLAINTIFF'S CLAIMS BASED ON THE DENIAL OF THE RIGHT OF ACCESS TO COURTS ARE DISMISSED; AND PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS IS DENIED. ( SIGNED BY JUDGE STEWART DALZELL ) 5/14/01 ENTERED AND COPIES MAILED AND FAXED. (fdc) (Entered: 05/14/2001) |
| 05/14/2001 | 11 | ORDER THAT DISCOVERY SHALL CONCLUDE ON 6/15/01 ; BY JUNE 15, 2001, THE PLAINTIFF SHALL REPORT IN WRITING ON CONSELS' GOOD FAITH SETTLEMENT EFFORTS; ANY MOTION(S) FOR SUMMARY JUDGMENT SHALL BE FILED ON 6/25/01 , WITH RESPONSE(S) THERETO TO BE FILED 7/9/01 ; AND ANY REPLY BY 7/19/01; AND SCHEDULING OF TRIAL SHALL ABIDE THE RESOLUTION OF ANY MOTION(S) FOR SUMMARY JUDGMENT. (SIGNED BY JUDGE STEWART DALZELL) 5/14/01 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (fh) (Entered: 05/14/2001) |
| 06/07/2001 | 12 | Answer with affirmative defenses to Complaint by DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT JOHN DOE, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO ; jury demand , Certificate of Service. (jpd) (Entered: 06/07/2001) |
| 06/07/2001 | | ISSUE JOINED. (jpd) (Entered: 06/07/2001) |
| 06/08/2001 | 13 | MOTION by DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO TO EXTEND THE DISCOVERY DEADLINES , CERTIFICATE OF SERVICE. (md) (Entered: 06/11/2001) |
| 06/12/2001 | 14 | ORDER THAT DEFENDANT'S UNOPPOSED MOTION TO EXTEND THE DISCOVERY DEADLINES IS GRANTED IN PART, THE PARTIES SHALL COMPLETED ALL DISCOVERY BY 7/25/01; ANY MOTION FOR SUMMARY JUDGMENT SHALL BE FILED BY 8/1/01; ETC. ( SIGNED BY JUDGE STEWART DALZELL ) 6/13/01 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS ON 6/12/01. (jl) (Entered: 06/13/2001) |

| 07/09/2001 | 15 | MOTION by PLAINTIFF DARYOUSH TAHA TO COMPEL RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT BENSALEM TOWNSHIP , CERTIFICATE OF SERVICE. (mbh) (Entered: 07/09/2001) |
|---|---|---|
| 07/11/2001 | 16 | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT BENSALEM TOWNSHIP; DEFENDANTS SHALL RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS BY 7/16/01 ( SIGNED BY JUDGE STEWART DALZELL ) 7/12/01 ENTERED AND COPIES MAILED AND FAXED 7/11/01. (ph) (Entered: 07/12/2001) |
| 07/23/2001 | 17 | MOTION by PLAINTIFF DARYOUSH TAHA TO COMPEL DEPOSITIONS , CERTIFICATE OF SERVICE. (rv) (Entered: 07/24/2001) |
| 07/25/2001 | 18 | ORDER THAT COUNSEL SHALL APPEAR FOR A CONFERENCE IN CHAMBERS ON 7/26/01 AT 2:30 ( SIGNED BY JUDGE STEWART DALZELL ) 7/26/01 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS ON 7/25/01. (mbh) (Entered: 07/26/2001) |
| 07/26/2001 | 19 | Response by DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT JOHN DOE, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO to PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS , Certificate of Service. (rv) (Entered: 07/26/2001) |
| 07/26/2001 | 20 | ORDER THAT PLAINTIFF'S MOTION TO COMPEL IS GRANTED IN PART PURSUANT TO THE COURT'S DISCUSSIONS WITH COUNSEL THE PARTIES SHALL COMPLETE ALL REMAINING DISCOVERY BY 8/24/01 THE SCHEDULING OF FURTHER MOTION PRACTICE AND PROCEEDINGS SHALL ABIDE THE RESULTS OF MEDIATION BETWEEN THE PARTIES TO BE CONDUCTED AFTER THE CLOSE OF DISCOVERY ( SIGNED BY JUDGE STEWART DALZELL ) 7/27/01 ENTERED AND MAILED AND FAXED BY CHAMBERS ON 7/26/01. (mbh) (Entered: 07/27/2001) |
| 08/03/2001 | 21 | ORDER THAT A SETTLEMENT CONFERENCE IS SCHEDULED FOR 9:30 AM ON 8/28/01. ( SIGNED BY MAGISTRATE JUDGE JACOB P. HART ) 8/3/01 ENTERED AND COPIES FAXED BY CHAMBERS. (fdc) (Entered: 08/03/2001) |
| 08/10/2001 | 22 | ORDER THAT THE SETTLEMENT CONFERENCE SCHEDULED FOR 8/28/01 IS RESCHEDULED ON 10/12/01 AT 9:00AM IN ROOM 3041. ( SIGNED BY MAGISTRATE JUDGE JACOB P. HART ) 8/10/01 ENTERED AND COPIES FAXED. (gn) (Entered: 08/10/2001) |
| 09/04/2001 | 23 | ORDER REFERRED TO U.S. MAGISTRATE JUDGE JACOB P. HART FOR PURPOSES OF MEDIATION, THE CLERK SHALL TRANSFER THIS CASE TO THE CIVIL SUSPENSE DOCKET UNTIL FURTHER ORDER OF THE COURT ( |

| | | |
|---|---|---|
| | | SIGNED BY JUDGE STEWART DALZELL ) 9/5/01 ENTERED AND COPIES MAILED AND FAXED 9/4/01 (ph) (Entered: 09/05/2001) |
| 10/15/2001 | 24 | ORDER THAT THE CLERK OF THE COURT TRANSFER SAID CASE FROM THE CIVIL SUSPENSE FILE TO THE CURRENT DOCKET FOR FINAL DISPOSITION ( SIGNED BY JUDGE STEWART DALZELL ) 10/15/01 ENTERED AND COPIES MAILED. (afm) (Entered: 10/15/2001) |
| 10/15/2001 | 25 | ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO LOCAL RULE 41.1(b). SIGNED BY JUDGE STEWART DALZELL 10/15/01 ENTERED AND COPIES MAILED. (afm) (Entered: 10/15/2001) |
| 10/16/2001 | | Case closed (kv) (Entered: 10/16/2001) |
| 02/12/2002 | 26 | Notice of voluntary dismissal by PLAINTIFF DARYOUSH TAHA as to DEFENDANT BENSALEM TOWNSHIP, DEFENDANT STEVEN M. MORAN, DEFENDANT JACK ROBINSON, DEFENDANT JOHN DOE, DEFENDANT GEPHART, DEFENDANT LASKOW, DEFENDANT ROBERT LYNADY, DEFENDANT DAVIS, DEFENDANT JUNO to SETTLE, DISCONTINUE AND END. (afm) (Entered: 02/12/2002) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/29/2012 11:18:16 | | | |
| PACER Login: | ad0126 | Client Code: | taha |
| Description: | Docket Report | Search Criteria: | 2:00-cv-04909-SD |
| Billable Pages: | 5 | Cost: | 0.50 |

ABOUT    FAQ    UNPUBLISH MUGSHOT    EXPUNGEMENT

DISCLAIMER: ALL ARE PRESUMED INNOCENT UNTIL PROVEN GUILTY IN A COURT OF LAW. EVERY EFFORT IS MADE TO ENSURE THE ACCURACY OF INFORMATION POSTED ON THIS WEBSITE. HOWEVER, MUGSHOTS.COM DOES NOT GUARANTEE THE ACCURACY OR TIMELINESS OF THE CONTENT OF THIS WEBSITE. NAMES MAY BE SIMILAR OR IDENTICAL TO OTHER INDIVIDUALS. FOR LATEST CASE STATUS, CONTACT THE OFFICIAL LAW ENFORCEMENT AGENCY WHICH ORIGINALLY RELEASED THE DATA

COURTESY & UNPUBLISHING SERVICE
FROM THE MUGSHOTS.COM DATABASE
**Toll Free Phone:1 800-858-1511**
*Subject to Mugshots.com Unpublishing Policy



Tweet 2,507      383      Like 8k


Breanne Lee Rai


Roy Gulfinski


Michael Jackson


Antoine Dodson


Gloria Arroyo



Submit a video now!

**Mugshot Categories**

Blog (57)

Current Events (4.0K)

US Counties (7957K)

FBI Most Wanted (556)

Interpol (584)

Terrorism (72)

Favorites (371)

Celebrity (246)

Sport (400)

Music (172)

Historical (116)

Outlaws (13)

Gangsters (50)

TV (26)

Unsorted (2.9K)

Advertise Here


Kendra Meaker: ILLINOIS MOM ABANDONS 3-WEEK OLD DAUGHTER ON SIDE OF RURAL ROAD THEN TELLS POLICE BABY WAS ABDUCTED, REPORT SAYS
Kendra Meaker, 19, was charged with obstruction of justice and endangering the life or health of a child on September 28, 2012. She is accused of abandoning her

*Back to Mugshot Page*

The following Official Record of Taha Daryoush is being redistributed by Mugshots.com and is protected by constitutional, publishing, and other legal rights. This Official Record was collected from a Law Enforcement agency on 12/23/2011.

Home » US Counties » Pennsylvania » Bucks County, PA » Taha Daryoush » Official Records

 reddit this!    Tweet 0              0      Like 0    Send



Unpublish

**Taha Daryoush**
**Mugshots.com ID:** 5257687
**Gender:** Male
**Birth date:** 1/20/1971
**Height:** 5' 8" (1.73 m)
**Weight:** 150 lb (68 kg)
**Race:** WHITE
**Hair Color:** BLACK
**Hair Length:** *N/A*
**Eye Color:** BROWN
**Complexion:** *N/A*
**Marital Status:** *N/A*
**Citizen:** UNITED STATES OF AMERICA
**COB:** *N/A*
**State ID:** *N/A*
**FBI:** *N/A*
**INS:** *N/A*
**Location:** MAIN
**Housing Section:** *N/A*
**Housing Block:** *N/A*
**Cell Assigned:** *N/A*
**Bed:** *N/A*
**Commitment Date:** 9/30/1998
**Release Date:** 9/30/1998
**County:** BUCKS COUNTY
**Names / Aliases:** *N/A*
**Detainers:** *N/A*
**Bond Amount:** *N/A*
**Charges:**


EXHIBIT
J

| Case # | Offense Date | Code | Description | Grade | Degree |
|--------|--------------|------|-------------|-------|--------|
| F3224804 | | 99999 | DC,HARASS | | |

*Back to Mugshot Page*

Advertise Here

All original material at this website is subject to copyright. Certain materials reproduced on this website are believed to be in the public domain. The appearance of the likeness and/or name of any person on mugshots.com is not an allegation by mugshots.com that the person has in fact engaged in any of the activities or crimes for which they have been charged. All information published by mugshots.com is believed to be factually true and correct, and is not intended to malign, disparage, or defame any person named herein. Mugshots.com makes every effort to insure the accuracy of information posted on this website. However, Mugshots.com does not guarantee the accuracy or timeliness of the content of this website. Opinions expressed in comments across this website are solely those of our visitors.

**Copyright Mugshots.com**      **ABOUT**      **FAQ**      **CONTACT**      **MEDIA INQUIRIES**      **ADVERTISE**      **SITE POLICIES**