## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARYOUSH TAHA** | **CIVIL ACTION** |
| **Individually, and on Behalf of** | |
| **All Others Similarly Situated** | |
| **29 MEADOWRUE LANE** | |
| **SICKLERSVILLE, NJ 08081** | |
| | |
| **VS.** | |
| | |
| **PENNSYLVANIA STATE POLICE** | |
| **COMMISSIONER FRANK NOONAN** | |
| **1800 ELMERTON AVENUE** | |
| **HARRISBURG, PA  17110** | |
|     **AND** | |
| **BUCKS COUNTY PENNSYLVANIA** | |
| **55 EAST COURT STREET** | |
| **DOYLESTOWN, PA  18901** | |
|     **AND** | |
| **BENSALEM TOWNSHIP** | |
| **2400 BYBERRY ROAD** | |
| **BENSALEM, PA. 19020** | **JURY TRIAL DEMANDED** |
|     **AND** | |
| **DIRECTOR OF PUBLIC SAFETY,** | **NO.  12-6867** |
| **STEVEN MORAN** | |
| **2400 BYBERRY ROAD** | |
| **BENSALEM, PA. 19020** | |
|     **AND** | |
| **LT. CHRISTOPHER M. BARRY, SR.** | |
| **BADGE #71** | |
| **2400 BYBERRY ROAD** | |
| **BENSALEM, PA. 19020** | |
|     **AND** | |
| **POLICE OFFICER JOHN DOE** | |
| **2400 BYBERRY ROAD** | |
| **BENSALEM, PA. 19020** | |
|     **AND** | |
| **BUCKS COUNTY DEPARTMENT OF** | |
| **CORRECTIONS DIRECTOR** | |
| **WILLIAM F. PLAINTIER** | |
| **1730 SOUTH EASTON ROAD** | |
| **DOYLESTOWN, PA  18901** | |
|     **AND** | |

BUCKS COUNTY CORRECTIONAL FACILITY        :
WARDEN TERRANCE P. MOORE                  :
1730 SOUTH EASTON ROAD                    :
DOYLESTOWN, PA  18901                     :
        AND                               :
BUCKS COUNTY CORRECTIONAL FACILITY        :
RECORDS/RECORDS CUSTODIAN EMPLOYEES       :
JANE AND/OR JOHN DOE #1-6                 :
        AND
MUGSHOTS.COM, LLC,                        :
C/O HARVARD BUSINESS SERVICES, INC.,      :
16192 COASTAL HIGHWAY,                    :
LEWES, DE. 19958                          :

## AMENDED COMPLAINT - CLASS ACTION

**Introduction:**

1.      Plaintiff, Daryoush Taha, brings this action as a class action for injunctive relief and damages, pursuant to the Pennsylvania Criminal History Records Information Act, 18 Pa. Cons. Stat. §§ 9101-83 (hereinafter referred to as the "CHRIA"), the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the common laws of Pennsylvania.

**Parties:**

2.      Plaintiff, Daryoush Taha, is a citizen of the State of New Jersey, residing as captioned.

3.      Defendant, Pennsylvania State Police Commissioner Frank Noonan is the acting head of the Pennsylvania State Police, which is responsible for the criminal records of Pennsylvania citizens held in the central repository, and is being sued in both his official and individual capacity as an agent, and/or employee of the Commonwealth of Pennsylvania.

4.      Defendant, Buck County Pennsylvania, is organized and exists under the laws of the Commonwealth of Pennsylvania, with its principal offices located as captioned and operates Bucks County Correctional Facility, a Bucks County correctional facility.

5.      Defendant, Bensalem Township, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located as captioned.

2

6.   Defendant, Director of Public Safety Steven Moran, was at all material times the ultimate authority within the Bensalem Township Police Department, and was charged with upholding the laws of Bensalem Township, as well as the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States of America.

7.   Defendant, Director of Public Safety Steven Moran is being sued both individually and in his official capacity as an officer, agent and/or employee of the Bensalem Township Police Department and the defendant, Bensalem Township.

8.   At all material times, defendants, Bensalem Township and Director of Public Safety Steven Moran, were charged with the responsibility of testing, hiring, training, supervising and disciplining members of the Bensalem Township Police Department including in particular, the defendants, Lt. Christopher Barry, Sr. and Police Officer John Doe.

9.   Defendant, Lt. Christopher Barry, Sr., was at all material times employed as a lieutenant with the Bensalem Township Police Department.

10.   Lt. Christopher Barry, Sr., is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

11.   Defendant, Police Officer John Doe, was at all material times employed as a police officer with the Bensalem Township Police Department.

12.   At all material times, Defendant, Police Officer John Doe was the custodian of records for the Bensalem Police Department, and was charged with the responsibility of maintaining, disseminating, expunging and/or redacting criminal record history information from the files of the Bensalem Township Police Department.

13.   Police Officer John Doe, is being sued both individually and in his official capacity as an officer, agent and/or employee of the defendant, Bensalem Township.

14.   At all material times, defendants, Lt. Christopher Barry, Sr., Police Officer John Doe, and Steven Moran, acted within the course and scope of their employment, under the color of state law and

pursuant to the customs, policies and/or practices of the Bensalem Township Police Department, and defendant, Bensalem Township.

15. Defendant, Bucks County Department of Corrections Director William F. Plantier, was at all material times the ultimate authority within the Bucks County Department of Corrections, and was charged with upholding the laws of the Commonwealth of Pennsylvania and the Constitution of the United States of America and is being sued in both his personal and official capacity.

16. Defendant, Warden Terrance P. Moore, was the ultimate authority regarding the operation of, and policies of, the Bucks County Correctional Facility and was charged with upholding the laws of the Commonwealth of Pennsylvania and the Constitution of the United States of America and is being sued in both his personal and official capacity.

17. At all material times, defendant, Bucks County and/or Director William F. Plantier and/or Warden Terrance P. Moore, were charged with the responsibility of testing, hiring, training, supervising and disciplining employees of the Bucks County Correctional Facility, including defendants, Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6.

18. At all material times, defendants, Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 were the custodian of records for the Bucks County Prison Facility, and were charged with the responsibility of maintaining, disseminating, expunging and/or redacting criminal record history information, including pictures of persons incarcerated at Bucks County Correctional Facility, from the files of the correctional facility.

19. Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 are being sued both individually and in their official capacity as an officers, agents and/or employees of the defendant, Bucks County.

20. Defendant, Mugshots.com, LLC, doing business as "Mugshots.com" is a limited liability corporation, organized and existing pursuant to Delaware law, with an agent designated to accept

4

service of process in the State of Delaware, located as captioned.

21.　At all times material to the allegations herein, Defendant, Mugshots.com., LLC acted in joint participation with defendants, Bensalem Township and/or Police Officer John Doe and/or Lt. Barry and/or Steven Moran and/or Bucks County and/or Director William F. Plantier and/or Warden Terrance P. Moore and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 to violate the Plaintiff's rights under Pennsylvania Law and the United States Constitution by conspiring to release Plaintiff's expunged criminal record history.

22.　At all times material to the allegations herein, Defendant, Mugshots.com. LLC was acting under color of state law as joint participants with the aforementioned governmental officials and officers to violate the Plaintiff's rights under the Pennsylvania Law and the United States Constitution.

**Jurisdiction & Venue:**

23.　This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00 there is total diversity of citizenship between the plaintiff and all defendants.

24.　This court has arising under jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is suing for a violation of his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

25.　Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Bensalem Township, Pennsylvania, which is in the Eastern District of Pennsylvania.

**Class Action Allegations**

26.　Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), on behalf of all those whose records were ordered expunged pursuant to a court order

and whose criminal history record information is still available and publically accessible in the files and on the website of the Bucks County Correction Center.

27.    The members of the class are so numerous that joinder of all members is impracticable. As of February 26, 2013, there are 209,089 entries listing the criminal history record information of individuals on the Bucks County Correctional Facility's website. Although the precise number of class members is unknown to Plaintiff at the present time, it can be ascertained by cross referencing the records available on the Bucks County Correctional Facility's website against the records available on the Pennsylvania Unified Judicial System Web Portal. If an individual's records are present on the Bucks County Correctional Facility's website, but absent on Pennsylvania Unified Judicial System, then it can be inferred that said individual is a class member. Notice can then be provided to such members by using a combination of published notice and first class mail.

28.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's attorney has approximately twenty-four (24) years of experience litigating various matters in the United States District Court for the Eastern District of Pennsylvania, with a focus on Civil Rights litigation under 42 U.S.C. § 1983, and has further handled several dozen matters related to the Pennsylvania CHRIA. Plaintiff intends to pursue this matter vigorously.

29.    Plaintiff's claims are typical of the claims of other members of the Class because all claims result from the same failure of Defendant's to comply with the CHRIA and result in the same types of damages. Plaintiff does not have any interest in conflict with other members of the Class.

30.    The defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

31.    Furthermore, common questions of law and fact exist as to all members of the class, and predominate over any questions affecting solely individual members of the class. Among the

questions of law and fact common to the members of the class are the following:

    a)   Whether the class members rights and interests were violated without due process of law by the defendants' actions complained of herein;

    b)   Whether the policies, customs and/or practices of the Pennsylvania State Police Central Repository are in violation of the CHRIA;

    c)   Whether the policy, custom and/or practice of the Bucks County Department of Corrections in maintaining publically accessible files listing the criminal history record information of individuals whose records had previously been ordered expunged are in violation of the CHRIA; and

    d)   Whether the continuing violation of the class members' rights and interests may be remedied through the issuance of an injunction.

**<u>Substantive Factual Averments:</u>**

32.    On or about September 29, 1998, the plaintiff was arrested by members of the Bensalem Police Department, processed at the Bensalem Police Department, where his mug shot was taken, and charged with a number of offenses.

33.    Pursuant to that arrest, Plaintiff was transported to Bucks County Correctional Facility where Bensalem Police Department provided or made available to Bucks County Correctional Facility the Plaintiff's arrest record, including the charges for which he had been arrested and for which he was being incarcerated.

34.    Bucks County Correctional Facility is a "criminal justice agency" as defined by the Pennsylvania Criminal History Records Act, 18 Pa. C. S. § 9102.

35.    In addition to the arrest information made available by Bensalem Police Department to Bucks County Correctional Facility, Bucks County Correctional Facility also photographed the Plaintiff, and thereby created a file on the Plaintiff that included the information regarding his arrest that was made available by the Bensalem Township Police Department and the picture taken at the

Bucks County Correctional Facility.

36.   Both Bensalem Township Police Department and Bucks County Correctional Facility were "repositories" of the Plaintiff's criminal record as defined by the Pennsylvania Criminal History Records Act, 18 Pa. C. S. § 9102.

37.   On or about January 5, 1999, the plaintiff was placed in Accelerated Rehabilitative Disposition ("ARD") for one year, in relation to one of five counts, and all other charges were either discharged or nol prossed. *See Exhibit "A."*

38.   While plaintiff strongly believed himself to be innocent of all charges, the plaintiff nonetheless accepted ARD in order to secure the automatic expungment of all charges and avoid the damage to his reputation and career prospects that would arise from having a criminal record.

39.   On or about January 5, 2000, the Plaintiff completed his period of ARD without incident. *See Exhibit "B."*

40.   On or about January 31, 2000, President Judge R. Barry McAndrews, of the Court of Common Pleas of Bucks County, issued an Order, directing the Bensalem Police Department to expunge "the arrest record and other criminal records of the defendant [Daryoush Taha] in this matter.... [to] Request, in so far as it is able, the return of such records as it has made available to Federal and State agencies and that it destroys such records on receipt thereof... [and] file with the Bucks County Clerk of Courts – Criminal Division, an Affidavit stating that said records have been EXPUNGED or destroyed within 30 days of this Order." *A true and correct copy of the Order of Expungement is attached hereto as Exhibit "C."*

41.   The substance of the January 31, 2000 Order issued by President Judge R. Barry McAndrews included all information regarding Plaintiff's arrest record that had been provided by Bensalem Police Department to the Bucks County Correctional Facility.

42.   Defendant, Bucks County and Bucks County Correctional Facility is a "criminal justice agency" pursuant to 18. Pa. C. S. § 9102 and pursuant to 18 Pa. C. S. § 9122(d), Defendant, Bensalem

8

Township and Bensalem Township Police Department had a duty to "notify all criminal justice agencies which have received the criminal history record information to be expunged."

43. Defendant, Bensalem Township and Bensalem Township Police Department knew or should have known that it had provided Plaintiff's criminal records to the Bucks County Correctional Facility and that, pursuant to the Court's Order and the Pennsylvania Criminal Records History Act, it had a duty to request the return of those records and a duty to ensure that they were destroyed and expunged.

44. On March 30, 2000, the plaintiff's attorney wrote to the defendant, Steven Moran, of the Bensalem Township Police Department, advising defendants of the Order of Expungement and requesting that a copy of the Affidavit of Expungement be forwarded to counsel's office. *A true and correct copy of said letter is attached as Exhibit "D"*.

45. On April 5, 2000, the defendant, Lt. Barry, wrote to Plaintiff's attorney, denying that official notice of the Order of Expungement had been received by Defendants.

46. On May 5, 2000, Plaintiff's attorney wrote back to the defendant, Lt. Barry, enclosing a copy of the Order of Expungement and requesting that the Defendant comply with the Order. *A true and correct copy of said letter is attached as Exhibit "E"*.

47. On May 23, 2000, the defendant, Lt. Barry, wrote to the plaintiff's attorney, acknowledging receipt of the Order, and stated that "The Bensalem Township Police Department has complied with the Expungement order by removing the records from our publicly accessible files. However, the reports have been preserved in a secure location in a legal file so as to allow for the defense of the civil action that is being pursued by your client [plaintiff, Daryoush Taha]." *A true and correct copy of said letter is attached hereto as Exhibit "F"*.

48. Upon information and belief, the defendants, Lt. Barry, Bensalem Township, Police Officer John Doe, and/or Steven Moran failed to expunge the plaintiff's records, as required by the January 23, 2000 Order and failed to request the return of the Plaintiff's criminal record from the Bucks

County Correctional Facility and failed to ensure that the Plaintiff's criminal records provided to Bucks County Correctional Facility were destroyed and/or expunged.

49. On or about June 27, 2000, Defendant, Lt. Barry wrote to the plaintiff's counsel enclosing verifications that the Pennsylvania State Police and Federal Bureau of Investigation had expunged the Plaintiff's criminal records from their files. *See Exhibit "G."*

50. Upon information and belief, the Pennsylvania State Police central repository never notified the Bucks County Prison Facility of the expungement, as required by 18 Pa. C. S. § 9122(d).

51. In the alternative, Plaintiff avers that if the Pennsylvania State Police central repository did notify the Bucks County Prison Facility of the expungement, as required by 18 Pa. C. S. § 9122(d), the Bucks County Prison Facility failed to expunge the plaintiff's records.

52. The Plaintiff's criminal records that were provided by Bensalem Township Police Department to the Bucks County Correctional Facility were not returned to the Bensalem Township Police Department for destruction or expunged or destroyed by Bucks County Correctional Facility.

53. Plaintiff's criminal record history information is still available and publically accessible on the Bucks County Correctional Facility's web site.

54. On December 23, 2011, when the information regarding the Plaintiff's expunged criminal record was obtained by defendant, Mugshots.com, LLC and posted to its website for public consumption, more than thirteen (13) years had passed since the date of Plaintiff's arrest and incarceration in Bucks County Correctional Facility.

55. On December 23, 2011, no conviction had occurred resulting from the Plaintiff's arrest.

56. On December 23, 2011, no criminal proceedings were pending against the plaintiff.

57. Notwithstanding the above, on December 23, 2011, the defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Bensalem Township and/or Police Officer John Doe and/or Lt. Barry, and/or Steven Moran and/or Director William F. Plantier and/or Warden Terrance P. Moore and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John

Doe #1-6, caused by their conduct and their failure to comply with the requirements of the CHRIA the dissemination of plaintiff's expunged criminal history record information, including the plaintiff's arrest and/or incarceration picture, to Defendant, Mugshots.com, LLC, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings against the plaintiff, all of which were required to have been expunged pursuant to both the Court Order and the CHRIA. *See Exhibit "H."*

58.   Defendant, Mugshots.com, LLC, is not a criminal justice agency.

59.   To the contrary, upon information and belief, Defendant, Mugshots.com, LLC, is a limited liability corporation, d/b/a "Mugshots.com," which is in the business of publishing the criminal records of various individuals on its website and allowing internet users to comment on such photographs, in order to draw social media attention to the individual's photograph, earn advertising revenue from same, and extract a $400.00 fee from the publicly disgraced individual in order to "unpublish" their information and have their photograph and arrest/criminal record removed from the website.

60.   Having unlawfully obtained the plaintiff's criminal history record information, the defendant, Mugshots.com, LLC, further disseminated the plaintiff's information on its website, by posting the plaintiff's name, "mugshot," date of birth, and physical description, along with the plaintiff's date of confinement, date of release, county in which he was arrested, and a partial list of the charges arising from the plaintiff's arrest, none of which charges resulted in a conviction, and all of which had been ordered to be expunged within thirty days of January 31, 2000.

61.   As a direct and proximate result of the aforementioned acts and conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, suffered damages including, but not limited to: damage to his reputation, anxiety, frustration, emotional distress, embarrassment, the invasion of his privacy, and the deprivation of the benefit of his bargain in accepting the ARD plea agreement.

62.   As a further direct and proximate result of the aforementioned conduct of the defendants, jointly

11

and/or severally, the plaintiff, Daryoush Taha, has been obliged to and may continue to expend various sums of money and to incur various expenditures for legal counseling and representation.

63.   As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has and will hereinafter incur other financial expenses and losses.

64.   As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, suffered serious damage to his standing and associations in the community by implying that he had been guilty of a crime, which imposes a stigma that jeopardizes the Plaintiff's current job and precludes the Plaintiff from pursuing or taking advantage of other employment opportunities, including advancement in his current position, all of which violates Plaintiff's Liberty interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

65.   As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha's entitlement in the confidentiality of his expunged arrest record, as protected by the Pennsylvania Criminal History Record Information Act, 18, P.S.C. § 9121, was infringed, thereby violating the Plaintiff's Liberty and Property interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## COUNT I – 18 Pa.C.S. § 9183
## FAILURE TO EXPUNGE RECORDS PURSUANT TO A COURT ORDER
## DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. PENNSYLVANIA STATE POLICE COMMISSIONER FRANK NOONAN, STEVEN MORAN, POLICE OFFICER JOHN DOE, LT. CHRISTOPHER BARRY, BENSALEM TOWNSHIP, BUCKS COUNTY, DIRECTOR WILLIAM F. PLANTIER, WARDEN TERRANCE P. MOORE AND/OR BUCKS COUNTY CORRECTIONAL FACILITY RECORDS/RECORDS CUSTODIANS JANE AND/OR JOHN DOE #1-6

66.   Paragraphs 1 through 65 are incorporated herein by reference, as though fully set forth at length.

67.   As aforesaid, defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Director of

Public Safety Steven Moran and/or Police Officer John Doe and/or Lt. Christopher Barry, Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6, while acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Pennsylvania State Police and/or the Bensalem Township Police Department and Defendant, Bensalem Township, and/or the policies and practices of Bucks County Correctional Facility and defendant Bucks County, refused and/or failed to expunge the plaintiff's criminal history records information pursuant to the January 31, 2000 Order of Expungement.

68.     The defendants' refusal and/or failure to expunge the plaintiff's criminal history information pursuant to an Order of Expungement was in violation of the CHRIA.

69.     The plaintiff has been aggrieved by the defendants' violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

70.     The plaintiff, in the exercise of reasonable diligence, was unable to discover the above described violation of the CHRIA until approximately October 2012, when the plaintiff learned that his "mugshot" and criminal history record information had been published online in December 2011.

71.     Defendant's willful violation of the CHRIA entitles the plaintiff to punitive damages.

72.     The plaintiff believes, and therefore avers, that the damage from the defendants' violation of the act is ongoing, cannot be fully compensated through the award of monetary compensation alone, and will continue to harm the plaintiff unless and until the defendants are enjoined to comply with the previously entered court order and expunge the plaintiff's records from their files.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. § 9183, et seq., the plaintiff, Daryoush Taha, demands judgment against the defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Director of Public Safety Steven Moran and/or Police Officer John Doe and/or Lt. Christopher Barry and/or Bensalem Township and/or Bucks County and/or Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility

Records/Records Custodians Jane and/or John Doe #1-6, jointly and/or severally, for compensatory damages, statutory punitive damages, attorney's fees, and an injunction, ordering the defendants to expunge the plaintiff's criminal records history information.

**COUNT II – 18 Pa.C.S. § 9183**
**WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD INFORMATION**
**DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY**
**SITUATED V. PENNSYLVANIA STATE POLICE COMMISSIONER FRANK NOONAN,**
**STEVEN MORAN, POLICE OFFICER JOHN DOE, LT. CHRISTOPHER BARRY AND**
**BENSALEM TOWNSHIP, BUCKS COUNTY, DIRECTOR WILLIAM F. PLANTIER,**
**WARDEN TERRANCE P. MOORE AND/OR BUCKS COUNTY CORRECTIONAL FACILITY**
**RECORDS/RECORDS CUSTODIANS JANE AND/OR JOHN DOE #1-6**

73.     Paragraphs 1 through 72 are incorporated herein by reference, as though fully set forth at length.

74.     As aforesaid, on or about December 23, 2011, the defendants, defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Director of Public Safety Steven Moran and/or Police Officer John Doe and/or Lt. Christopher Barry, Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6, while acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Pennsylvania State Police and/or Bensalem Township Police Department, Defendant, Bensalem Township, and/or Bucks County, wrongfully disseminated or caused to be disseminated the plaintiff's criminal records to the defendant, Mugshots.com, LLC.

75.     Defendant, Mugshots.com, LLC, is not a criminal justice agency.

76.     On December 23, 2011, more than three (3) years had passed since the date of Plaintiff's arrest, no conviction had occurred resulting from the Plaintiff's arrest, and no proceedings were pending seeking a conviction of the plaintiff.

77.     Notwithstanding the above, on December 23, 2011, the defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Director of Public Safety Steven Moran and/or Police Officer

John Doe and/or Lt. Christopher Barry, Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6, disseminated or caused to be disseminated the plaintiff's criminal history record information to the defendant, Mugshots.com, LLC, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings.

78.    Specifically, at a minimum, the defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Director of Public Safety Steven Moran and/or Police Officer John Doe and/or Lt. Christopher Barry, Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6, disseminated the plaintiff's police "mugshot," date of arrest, date of release, and charges involved in the initiation of criminal proceedings, in violation of the CHRIA, 18 Pa.C.S. § 9121 (b)(2).

79.    The plaintiff has been aggrieved by the defendants' violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

80.    Plaintiff believes, and therefore avers, that the defendants' wrongful dissemination of his criminal history record information was willful, and was intentionally and maliciously undertaken in order to retaliate against the plaintiff for pursuing a successful civil action against officers of the Bensalem Township Police Department and/or employees of Bucks County, working at the Bucks County Correctional Facility.

81.    Defendants' willful violation of the CHRIA entitles the plaintiff to punitive damages.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. § 9183, et seq., the plaintiff, Daryoush Taha, demands judgment against the defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Director of Public Safety Steven Moran and/or Police Officer John Doe and/or Lt. Christopher Barry and/or Bensalem Township and/or Bucks County and/or Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6, jointly and/or severally, for compensatory

damages, statutory punitive damages, attorney's fees, and an injunction, ordering the defendants to expunge the plaintiff's criminal records history information.

### COUNT III – 18 Pa.C.S. § 9183
### WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD INFORMATION
### INJUNCTIVE RELIEF
### DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. MUGSHOTS.COM, LLC, D/B/A "MUGSHOTS.COM" AND BUCKS COUNTY

82.     Paragraphs 1 through 81 are incorporated herein by reference, as though fully set forth at length.

83.     As aforesaid, the defendant, Mugshots.com, LLC, d/b/a "Mugshots.com," conspired with the defendants, Steven Moran, Lt. Christopher Barry, Police Officer John Doe, the Bensalem Township Police Department, Bucks County, Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6, to unlawfully acquire the plaintiff's criminal record history information, in order to further disseminate such material online.

84.     As described above, the defendant took overt acts in furtherance of the conspiracy to unlawfully obtain and disseminate the plaintiff's criminal history record information.

85.     The plaintiff has been aggrieved by the defendants, Mugshots.com, LLC's violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

86.     Plaintiff believes, and therefore avers, that the defendants' wrongful dissemination of his criminal history record information was willful, and was intentionally and maliciously undertaken to publically shame the plaintiff, in order to exert pressure on the plaintiff to pay four-hundred dollars ($400.00) to remove or "unpublish" the plaintiff's records from the defendant's website.

87.     Defendant's willful violation of the CHRIA entitles the plaintiff to punitive damages.

88.     The plaintiff believes, and therefore avers, that the damage from the defendants, Mugshots.com, LLC's violation of the CHRIA is ongoing, cannot be fully compensated through the award of monetary compensation alone, and will continue unless and until the defendant is enjoined to

remove the plaintiff's unlawfully acquired, retained and disseminated criminal history record information from its website.

89. In addition, Defendant, Bucks County and Bucks County Correctional Facility continue to maintain Plaintiff's expunged criminal record on its website in violation of CHRIA entitling Plaintiff to both damages and injunctive relief.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. § 9183 et. seq., the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter an injunction against the defendants, Mugshots.com, LLC, d/b/a "Mugshots.com, and Bucks County and Bucks County Prison Facility, directing the defendants to remove the plaintiffs' criminal records history information from their websites, and enter judgment against the defendants for compensatory damages, statutory punitive damages, statutory attorney's fees, and all other relief that this Honorable Court deems just and applicable.

<u>**COUNT IV – 42 U.S.C. § 1983**</u>
<u>**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**</u>
<u>**DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY**</u>
<u>**SITUATED V. STEVEN MORAN, POLICE OFFICER JOHN DOE, LT. CHRISTOPHER**</u>
<u>**BARRY AND BENSALEM TOWNSHIP, BUCKS COUNTY, DIRECTOR WILLIAM F.**</u>
<u>**PLANTIER, WARDEN TERRANCE P. MOORE AND/OR BUCKS COUNTY CORRECTIONAL**</u>
<u>**FACILITY RECORDS/RECORDS CUSTODIANS JANE AND/OR JOHN DOE #1-6 AND MUG**</u>
<u>**SHOTS.COM, LLC**</u>

90. Paragraphs 1 through 89 are incorporated herein by reference, as though fully set forth at length.

91. Plaintiff has a state created Liberty interest in his reputation and in his standing and associations in the community, including at his job and any future jobs he may seek.

92. Defendants, Bensalem Township, Police Officer John Doe, Lt. Barry and/or Steven Moran, Bucks County, Director William F. Plantier , Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 and Mug Shots.com, LLC, acting together, as joint participants, and under color of state law, caused serious damage to

Plaintiff's standing at his current job, and his prospects for any future jobs or financial opportunities by illegally releasing information that stigmatized the Plaintiff as a criminal.

93.  Defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Bensalem Township, Police Officer John Doe, Lt. Barry and/or Steven Moran, Bucks County, Director William F. Plantier, Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 and Mug Shots.com, LLC, violated the Plaintiff's protected Liberty interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

94.  Defendants, Pennsylvania State Police Commissioner Frank Noonan and/or Bensalem Township, Police Officer John Doe, Lt. Barry and/or Steven Moran, Bucks County, Director William F. Plantier , Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 and Mug Shots.com, LLC, acting together, as joint participants, and under color of state law, disclosed information in which the Plaintiff had an entitlement of confidentiality under the Pennsylvania Criminal History Record Act, 18 Pa. C. S. § 9121, thereby violating Plaintiff's Liberty and Property interests under the  Due Process Clause of the Fourteenth Amendment of the United States Constitution.

95.  As the direct and proximate cause of the defendants' unconstitutional conduct, the Plaintiff suffered injury to his reputation in his associations, community, at work and in any future employment and financial opportunities as well as the injuries described above.

96.   The above-described actions of the individual defendants were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the defendants, Mugshots.com, LLC, and/or Steven Moran and/or Lt. Christopher Barry Sr., and/or Police Officer

John Doe, and/or Director William F. Plantier and/or Warden Terrance P. Moore, and/or Bucks County Correctional Facility Records/Records Custodians Jane and/or John Doe #1-6 jointly and/or severally, for compensatory damages and all other relief that this Honorable Court deems just and applicable.

## COUNT V--- 42 U.S.C. § 1983
### MONELL CLAIM
### PLAINTIFF v. BENSALEM TOWNSHIP AND/OR BUCKS COUNTY AND/OR PENNSYLVANIA STATE POLICE COMMISSIONER FRANK NOONAN

100.   Paragraphs 1 through 96 are incorporated herein by reference, as though fully set forth at length.

101.   The plaintiff believes and therefore avers that the defendants Bensalem Township and/or Bucks County and/or Pennsylvania State Police Commissioner Frank Noonan, as chief policy maker for the Pennsylvania State Police, have maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in the violating of constitutional rights of citizens, including, but not limited to, a custom and/or practice of failing to comply with court orders and/or the provisions of the CHRIA regarding the expungement of criminal records and therefore are and continue to be deliberately indifferent to the Liberty and Property interests of Pennsylvania citizens regarding expunged criminal records, which policy, custom and/or practice is in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution as well as Pennsylvania statutory law.

102.   The plaintiff believes and therefore avers that the defendants Bensalem Township and/or Bucks County and/or Pennsylvania State Police Commissioner Frank Noonan, as chief policy maker for the Pennsylvania State Police, have maintained for many years a recognized and accepted policy, custom and/or practice of failing to have adequate policies and procedures in place to ensure compliance with the Pennsylvania CHRIA and the Due Process Clause of the Fourteenth

19

Amendment of the United States Constitution regarding a persons expunged criminal record when the need for such proper procedures and policies is obvious and constitutionally required.

103.    As a result of the aforementioned failure of Bensalem Township and/or Bucks County and/or Pennsylvania State Police Commissioner Frank Noonan, to institute adequate policies and procedures to ensure that all repositories of criminal record history are informed that a person's records have been expunged, and to ensure that the records are expunged from those repositories, was the direct and proximate cause of the injuries suffered by the Plaintiff.

**WHEREFORE**, the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter judgment against the defendants, Bensalem Township and/or Bucks County and/or Pennsylvania State Police Commissioner Frank Noonan,  jointly and/or severally, for compensatory damages and relief that this Honorable Court deems just and applicable.

ABRAMSON & DENENBERG, P.C.

BY: 

ALAN E. DENENBERG, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATE: 03/03/1999     OFFICE OF CLERK OF COURTS BUCKS COUNTY, PA.                      PAGE     1
TIME: 09:55              CLERK OF COURTS CASE DOCKET INFORMATION

DOCKET #    1998 05181

          JUDGE                    CLASS                          STATUS
          GARB                    CRIMINAL

     PLAINTIFF      ~
COMMONWEALTH OF PENNSYLVANIA        VS   DARYOUSH      TAHA           DEFENDANT

10131998 TRANSCRIPT FILED.                                                              KM
10281998 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY JACQUELYN FRAZIER-LYDE,             VM
         ESQ.
11051998 INFORMATION FILED.                                                             VM
11061998 ENTRY OF APPEARANCE FOR DEFENDANT FILED BY W. STANLEY PERRY, JR.,ESQ           VM
         DEFENDANT ARRAIGNED AND PLEA OF NOT GUILTY ENTERED.                            VM
11161998 WITHDRAWAL OF APPEARANCE FILED BY W. STANLEY PERRY, JR., ESQ.                  VM
         ENTRY OF APPEARANCE FOR DEFENDANT FILED BY JACQUELYN FRAZIER-LYDE,             VM
         ESQ.
         MOTION TO QUASH/MOTION  TO DISMISS BASED ON DE MINIMIS AND                     AB
         INSUFFICIENT INFORMATION. FORWARDED TO THE JUDGE FOR SIGNATURE.
11271998 ORDER RETURNED FROM COURT UNSIGNED. ORDER REFUSED-11/27/98.                    AB
12101998 HON. ISAAC S. GARB          PROS.COLIN M.       JENEI                          KN
         CONTINUANCE GRANTED UNTIL 1/5/99.                                              KN
01051999 HON.HECKLER,BRAD KAMINSKI,A.D.A.,JACQUELYN FRAZIER-LYDE,ESQ.,.                 JM
         DEFENDANT PLACED ON ARD FOR 1 YR.ON CT.5.NOL PROS CTS.1,2,3,4,6,7             JM
         (CTS.1&2-D/C(M),CTS.3&4-HARAS.(S)CT.5-F/R TO LAW(M)CT.7-STALKING(M)
END OF CASE



FROM :                          FAX NO. :                    Oct. 09 2012 12:15PM P2



# OFFICE OF THE DISTRICT ATTORNEY
## BUCKS COUNTY COURTHOUSE
### DOYLESTOWN, PENNSYLVANIA 18901

DIANE E. GIBBONS
DISTRICT ATTORNEY
(215) 348-6344

January 27, 2000

RE:  Commonwealth v. Daryoush Taha; 98-5131

To Whom it May Concern:

     Our file indicates that Mr. Taha has successfully completed our A.R.D. Program.

     His file is set to be expunged in the next month.

Very truly yours,

Sharif N. Abaza
Deputy District Attorney

SNA/ksf

EXHIBIT
B

FROM :                    FAX NO. :                    Oct. 09 2012 12:16PM  P3



## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY
### CRIMINAL DIVISION

Commonwealth of Pennsylvania

vs.

YARA BARTOUSH

: No.: 1998 35181        #3224804
: Date of Birth: 01/29/1971   SEX: D  RACE: A
: Arresting Agency: BENSALEM TWP PS
: District Court: 07 3 01 5233 3 000343
: Charge: DISORDERLY CONDUCT
       02/29/1270

ORDER

AND NOW, this TWENTY-FIRST DAY OF JANUARY 2003, it appearing the defendant has successfully completed a period of probation as a participant in this Court's ACCELERATED REHABILITATIVE DISPOSITION PROGRAM (Pre-Indictment Probation Program), or PROBATION WITHOUT VERDICT, pursuant to Section 17 of the Controlled Substance, Drug, Device and Cosmetic Act on application of the District Attorney, leave is given to Nolle Prosequi the above-captioned matter.

It is also ORDERED that the following agencies EXPUNGE the arrest record and other criminal records of the defendant in this matter: Clerk of Courts of Bucks County — Criminal Division; Bucks County District Attorney; Final District Court (it is the responsibility of the Final Issuing Authority to notify the Initial Issuing Authority in transfer cases); and the Arresting Agency.

It is further ORDERED that said arresting agency or department request, in so far as it is able, the return of such records as it has made available to Federal and State agencies and that it destroy such records on receipt thereof.

It is further ORDERED that the above-listed agencies shall file with the Bucks County Clerk of Courts— Criminal Division, an affidavit stating that said records have been EXPUNGED or destroyed within 30 days of the date of this Order.

BY THE COURT:

R. BARRY McANDREWS, PRESIDENT JUDGE

SAID NOLLE PROSEQUI IS ENTERED

County of Bucks, S.S.

I, Alyce V. Deyo, 1st Deputy Clerk of Courts  Criminal Division, in and for the County aforesaid, do hereby certify that the within and foregoing is a true and attested copy of ORDER in the within entitled case as the same remains on file in said Court.

Witness my hand and the seal of said Court.

Alyce V. Deyo

/S/ DALE A. REICHLEY
FIRST ASSISTANT DISTRICT ATTORNEY

_____
FIRST ASSISTANT DISTRICT ATTORNEY

**EXHIBIT**
**C**

DEFENDANT

CRIMINAL COURT SHEET — Class 07

COMMONWEALTH OF PENNSYLVANIA

F-32a/80-1

vs.

Daryush Vala

Date: 1/5/98

Information No.: 98-3181

Judge: D. W. Keeler

Notes: White

ADA: S. Edminsky

Clerk: Kinny

Def./PD: J. Bregin Hyde

Voir Dire Time: _____ Hrs. _____ Mins.

Trial Time: _____ Hrs. _20_ Mins.

7  HEARING TYPE  01  CODE

DISPOSITION _____ CODE

___ Arraignment
___ Bench Warrant - Contempt Hearing (Purge Hearing)
___ Call of the List
___ Guilty Plea
___ Nolo Contendre Plea
___ Jury Trial
✓ Non-Jury Trial
✓ ARD -- Cts. # 5
___ Sentencing
___ Probation/Parole Violation
___ Other

___ Arraigned
___ Purged
✓ Nol Prossed, All counts
1-2-3-4-6-7
or above counts only
___ Nol Prossed; Completed ARD
___ Nol Prossed; Costs on County
___ Bench Warrant to be issued
___ Bail Forfeiture to be issued
___ Bail Re-Instated
___ Sentenced
___ ARD Extension

___ Defendant found guilty as to _____ counts.
___ Defendant found not guilty as to _____ counts.
___ Sentence deferred → REASON:
___ Sentence Deferred for Pre-Sentence Investigation

(Conditions attached)

THE COURT ORDERS DEFENDANT:

✓ 1. to be placed on probation for _1_ mo(s)/yr _____ NO FURTHER PENALTY
___ 2. to undergo imprisonment in GUCF/SCI for not less than _____ nor more than _____
___ 3. to be placed on ARD for _____ mo/5yrs

SPECIAL CONDITIONS:

✓ a. Costs within 6 mo.   ___ Costs on County   ___ b. Fine in amount of $ _____ within _____
___ c. Restitution in amount of $ _____ w/thin _____   ___ d. Credit for time served/immediate parole.
___ e. Concurrent/Consecutive to _____   ___ f. Check if Motor Vehicle essentially involved.
___ g. Summary offenses
___ h. Other - Remarks:

JURY PANEL        COMMONWEALTH WITNESSES        DEFENSE WITNESSES

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.

FROM :                          FAX NO. :                    Oct. 09 2012 12:15PM  P1

## ABRAMSON & DENENBERG, P.C.
### Attorneys-at-Law

Simon J. Denenberg            Sixth Floor                 New Jersey Office:
Thomas Bruno, II*             1200 Walnut Street          6 E. Miami Avenue
James Sliver                  Philadelphia, PA 19107-5499 Cherry Hill, NJ 08034
David H. Denenberg¹           Fax: (215) 546 - 5355       (556) 354 - 9385
Alan E. Denenberg*            e-mail: ad@erols.com
Jacob A. Sicss*                                           Germantown Office:
Daniel Conner                 (215) 546 - 1345            5015 Germantown Ave.
                                                          Philadelphia, PA 19144
Of Counsel:                                               (215) 849-5414
Aileen Schwartz
                                                          Benjamin Abramson
*Member NJ Bar also                                       1932 - 1978
¹ Member DC Bar also

                                              March 30, 2000

Stephen Moran
Bensalem Township Police Department
2400 Bybarrry Road
Bensalem, PA 19020

          RE: Daryoush Taha
              Date of arrest: 9/29/98

Dear Mr. Moran:

     As you are aware our office represents Mr. Taha relative to an
arrest which arose on the above date. I have been advised by the
Bucks County Court on Doylestown that Mr. Taha's records have been
expunged and a notice has been forwarded to you. Accordingly, you
have thirty (30) days to destroy the records of Mr. Taha's arrest
as well as retrieve and destroy the mug shot and fingerprints
forwarded to State and Federal Agencies.

     In accordance with the applicable law, please forward to my
attention an affidavit that said records have been destroyed.

     If you should have any questions regarding the above please
feel free contact me. I thank you for your attention to this matter
and look forward to your reply.

                                    Very truly yours,

                                    Alan E. Denenberg

AED/dlm
c Timothy B. Games, Esquire
  Daryoush Taha



**EXHIBIT**

D

FROM :                    FAX NO. :                    Oct. 09 2012 12:13PM P2

## ABRAMSON & DENENBERG, P.C.
### Attorneys-at-Law

Simon J. Denenberg
Thomas Bruno, II*
James Stover
David H. Denenberg
Alan E. Denenberg*
Jacob B. Sloss*
Daniel Conner

Of Counsel:
Aileen Schwartz

*Member NJ Bar also
*Member DC Bar also

Sixth Floor
1200 Walnut Street
Philadelphia, PA 19107-5499
Fax: (215) 546 - 5355
e-mail: ad@erols.com

(215) 546 - 1345

New Jersey Office:
6 E. Miami Avenue
Cherry Hill, NJ 08034
(856) 354 - 9385

Germantown Office:
5015 Germantown Ave.
Philadelphia, PA 19144
(215) 849-5414

Benjamin Abramson
1932 - 1978

May 5, 2000

Lt. Christopher M. Barry, Sr., Badge No. 71
Bensalem Township Police Department
2400 Byberry Road
Bensalem, PA 19020

RE: Daryoush Taha
    Date of Arrest: 6/29/98

Dear Lieutenant Barry:

This will acknowledge receipt of your letter of April 5, 2000 in reference to the above captioned matter. Thank you for your prompt reply to my letter of March 30, 2000 addressed to Steven Moran. Your letter indicates that the Bensalem Township Police Department has not received any official notification from the Court of Common Pleas in Bucks County indicating that the case has been adjudicated in a manner that would require the expungement and destruction of all reports and records arising from the arrest of Mr. Taha. At this time, enclosed please find a copy of the Court Order of R. Barry McAndrews, President Judge of the Court of Common Pleas of Bucks County, Criminal Division. This order directs that arresting agency, Bensalem Township Police Department, to expunge the arrest record and other criminal records of the defendant, Daryoush Taha regarding his arrest on the above date. The third paragraph of the Order states:

It is further ORDERED that said arresting agency or department request, in so far as it is able, the return of such records as it has made available to Federal and State agencies and that it destroy such records on receipt thereof. (Emphasis added).



EXHIBIT
E

Lt. Christopher M. Barry, Page 2, May 5, 2000

I would appreciate you forwarding this to the Township Solicitor a copy of the expungement order so that he may review it and determine your department's responsibility regarding the expungement of Mr. Taha's records.

In addition to the above, the last paragraph directs that the Bensalem Police Department file with the Bucks County Clerk of Courts-Criminal Division an affidavit stating that said records have been expunged or destroyed within thirty (30) days of January 31, 2000. Clearly, the Department has gone beyond the deadline and I would appreciate your filing the appropriate affidavit with the Court. Please forward to me a copy of the affidavit that the Police Department files.

If you should have any questions regarding the above please feel free to contact me. I thank you for your attention to this matter.

Very truly yours,

Alan E. Denenberg

AED/dim
Enclosure
c Daryoush Taha ✓

FROM :                          FAX NO. :                    Oct. 09 2012 12:13PM  P1



## BENSALEM TOWNSHIP POLICE DEPARTMENT
2400 Byberry Road • Bensalem, PA 19020 • (215) 633-3700 • Fax (215) 633-3656

Steven M. Moran
Director of Public Safety

May 23, 2000

Mr. Alan E. Denenberg
Abramson & Denenberg, P.C.
Attorneys at Law
1200 Walnut Street
Philadelphia, PA 19107-5499

RE:   Daryoush Taha

Dear Mr. Denenberg:

This letter is being sent to you in regards to the expungement order that was issued pertaining to the arrest of your client.

The Bensalem Township Police Department has complied with the Expungement order by removing the records from our publicly accessible files. However, the reports have been preserved in a secure location in a legal file so as to allow for the defense of the civil action that is being pursued by your client.

Should you have any questions please feel free to call.

Sincerely,

Lt. Christopher M. Barry, Sr. #71



EXHIBIT

F

Bensalem Township Police Department
2400 Byberry Road
Bensalem, PA 19020
In reply to: Daryoush Taha

Alan E. Denenberg
Abramson & Denenberg, P.C.
Sixth Floor
1200 Market Street
Philadelphia, PA 19107-5499

Dear Alan E. Denenberg,

Please find attached reports from both the Pennsylvania State Police and the United States Department of Justice Federal Bureau of Investigation verifying that all records pertaining to the arrest of your client Daryoush Taha have in fact been expunged. Should you have any questions do not hesitate to contact me.

Sincerely,

Sgt. Christopher M. Barry, Sr.

CC: File


EXHIBIT
G

COMMONWEALTH OF PENNSYLVANIA
CENTRAL REPOSITORY
RECORDS AND IDENTIFICATION DIVISION
1800 ELMERTON AVENUE
HARRISBURG, PA. 17110-9758
(717) 783-5499

DATE: 06/27/2000
BADGE ID: 0564

BENSALEM TWP PD
POLICE DEPARTMENT
2400 BYBERRY ROAD
BENSALEM, PA  19020

RE: CERTIFICATION OF ALL CRIMINAL
HISTORY RECORD INFORMATION IN
CUSTODY OF THIS AGENCY

This is to Certify that on   06 - 27 - 2000  all Criminal History Record
Information in the custody of this Agency pertaining to the arrest of:

NAM: TARA,DARYOUSH
DATE OF BIRTH: 01-20-1971                    DATE OF ARREST: 09-29-1998
ARRESTING AGENCY ORI: PA0090100
ARRESTING AGENCY NAME:  BENSALEM TWP PD
OTN NUMBER: L022452-9/P322480-4                          OCA: 41063
                                    SID NUMBER: 2759327-0    CNTS:  GRADE:

CHARGE(S):  OFF CHAR:  CHARGE DESCRIPTION:

CC2709A1               HARASSMENT                           (00001)    3
CC2709A2               HARASSMENT                           (00001)    S
CC5503                 DISORDERLY CONDUCT                   (00001)
CC5104                 RESISTING ARREST                     (00001)    M2

have been, to the best of my knowledge and belief:
Expunged from the file of Criminal History Record Information available for
routine dissemination under the provisions of the Criminal History Record
Information Act, 18 Pa. C.S. 9121. This  Expungement effected under the
provisions of 18 Pa. C.S. 9122 upon successful completion of conditions of
ARD or any other pretrial or post trial diversion or probation program.

The Fingerprints, Name and Criminal History Record Information pertaining
to the above captioned case are being retained solely for the purpose of
determining subsequent eligibility of any Pretrial or Post-Trial diversion
or probation program and shall be made available only to any court upon
request in accordance with 18 Pa. C.S. 9122.

Agencies and individuals that were previously furnished, by this
Department, Criminal History Record Information pertaining to the
Above case were notified in accordance with 18 Pa. C.S. 9122.

_____
Director, Records and Identification Division

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

ICN ISIS0004000003458908

PA0090100

BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
- FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

| NAME | FBI NO. | DATE REQUESTED |
|---|---|---|
| TABA,DARYOUSH | 314485JB4 | 2000/07/03 |

| SEX | RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR | BIRTH PLACE |
|---|---|---|---|---|---|---|---|
| M | A??? | 1971/01/30 | 510 | 145 | BRO | BRO | TURKEY |

FINGERPRINT CLASS
19 PI 14 PO PO
PI PM 65 PI CI

1-ARRESTED OR RECEIVED 1998/09/29
    AGENCY-TOWNSHIP POLICE DEPT OSENGALEN (PA0090100)
        AGENCY CASE-41003
        CHARGE 1-HARASSMENT
        CHARGE 2-HARASSMENT
        CHARGE 3-DISORDERLY CONDUCT
        CHARGE 4-RESISTING ARREST
-*-PRINT EXPUNGED ON 2000/07/01 EXPUNGED - CONTRIBUTOR

RECORD UPDATED 2000/07/01

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

ICN ISIS0004000003458908

PA0090100

***SPECIAL INFORMATION***

FINGERPRINTS AND RELATED DATA HAVE BEEN EXPUNGED FROM THIS RECORD
EITHER AT THE REQUEST OF THE CONTRIBUTOR; RESPONSE TO A COURT ORDER; OR
BECAUSE OF NONSERIOUS NATURE OF ARREST. ANY COPY OF THIS RECORD
PREVIOUSLY RECEIVED SHOULD BE DESTROYED.

IF YOUR AGENCY CONTRIBUTED THE DELETED FINGERPRINT DATA AND NO PRINTS
ARE ATTACHED, THE CARD HAS BEEN DELETED FROM MICROFILM AND/OR
DESTROYED. PROMPTLY REVIEW THE ENCLOSED RECORD AND ADVISE US IF FURTHER
CHANGES OR DELETIONS ARE NECESSARY.

ABOUT     FAQ     UNPUBLISH MUGSHOT     EXPUNGEMENT

DISCLAIMER: ALL ARE PRESUMED INNOCENT UNTIL PROVEN GUILTY IN A COURT OF LAW.
EVERY EFFORT IS MADE TO ENSURE THE ACCURACY OF INFORMATION POSTED ON THIS
WEBSITE. HOWEVER, MUGSHOTS.COM DOES NOT GUARANTEE THE ACCURACY OR
TIMELINESS OF THE CONTENT OF THIS WEBSITE. NAMES MAY BE SIMILAR OR IDENTICAL TO
OTHER INDIVIDUALS. FOR LATEST CASE STATUS, CONTACT THE OFFICIAL LAW
ENFORCEMENT AGENCY WHICH ORIGINALLY RELEASED THE DATA

COURTESY & UNPUBLISHING SERVICE
FROM THE MUGSHOTS.COM DATABASE
**Toll Free Phone: 1 800-858-1511**
*Subject to Mugshots.com Unpublishing Policy

Tweet   2,507          383          Like   8x1







Breanna Lea Rat   Roy Guttadie   Michael Jackson   Antoine Dodson   Gloria Arroyo

Submit a video now!

## Mugshot Categories

Blog (57)

Current Events (10K)

US Counties (795/K)

FBI Most Wanted (556)

Interpol (584)

Terrorism (72)

Favorites (371)

Celebrity (216)

Sport (409)

Music (173)

Historical (116)

Outlaws (13)

Gangsters (50)

TV (36)

Wanted (2.9K)


Advertise Here


Kendra Meaker: ILLINOIS MOM ABANDONS 3-WEEK OLD DAUGHTER ON SIDE
OF RURAL ROAD THEN TELLS POLICE BABY WAS ABDUCTED, REPORT
SAYS
Kendra Meaker, 19, was charged with obstruction of justice and endangering the
life or health of a child on September 28, 2012. She is accused of abandoning her

*Back to Mugshot Page*

The following Official Record of Taha Daryoush is being redistributed by Mugshots.com and is protected
by constitutional, publishing, and other legal rights. This Official Record was collected from a Law
Enforcement agency on 12/23/2011.

   Home » US Counties » Pennsylvania » Bucks County, PA » Taha Daryoush » Official Records

Recommend    Tweet  0                0          Like   0          Send



Unpublish

Taha Daryoush
Mugshots.com ID: 5257637
Gender: Male
Birth date: 12/01/1971
Height: 5' 8" (1.73 m)
Weight: 150 lb (68 kg)
Race: WHITE
Hair Color: BLACK
Hair Length: N/A
Eye Color: BROWN
Complexion: N/A
Victim Status: N/A
Citizen: UNITED STATES OF AMERICA
DOB: N/A
State ID: N/A
FBI: N/A
DNS: N/A
Location: MAIN
Housing Section: N/A
Housing Block: N/A
Cell Assigned: N/A
Bed: N/A
Commitment Date: 9/30/1998
Release Date: 9/30/1998
County: BUCKS COUNTY
Names / Aliases: N/A
Detainers: N/A
Bond Amount: N/A

Charges:

**EXHIBIT**

H

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| F322430* | | 99939 | DCJ ARASS | | |

*Back to Mugshot Page*

Advertise here

All original material at this website is subject to copyright. Certain materials reproduced on this website are believed to be in the public domain. The appearance of the likeness and/or name of any person on mugshots.com is not an allegation by mugshots.com that the person has in fact engaged in any of the activities or crimes for which they have been charged. All information published by mugshots.com is believed to be factually true and correct, and is not intended to malign, disparage, or defame any person named herein. Mugshots.com makes every effort to insure the accuracy of information posted on this website. However, Mugshots.com does not guarantee the accuracy or timeliness of the content of this website. Opinions expressed in comments across this website are solely those of our visitors.

Copyright Mugshots.com      ABOUT    FAQ    CONTACT    MEDIA INQUIRIES    ADVERTISE    SITE POLICIES