**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARYOUSH TAHA** | : | **CIVIL DOCKET** |
| | : | |
| **v.** | : | **No.  2:12-cv-06867-TJS** |
| | : | |
| **PENNSYLVANIA STATE POLICE** | : | **(Electronically Filed)** |
| **COMMISSIONER, FRANK NOONAN;** | : | |
| et al | | |

**ANSWER OF DEFENDANT BENSALEM TOWNSHIP
TO PLAINTIFF'S AMENDED COMPLAINT
WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM**

Defendant Bensalem Township, by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

1.      Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

2.      Denied. Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

3.      It is admitted that Frank Noonan is the Pennsylvania State Police Commissioner. It is further admitted that the "central repository" is defined in CHRIA as "the central location for the collection, compilation, maintenance and dissemination of criminal history record information by the Pennsylvania State Police." 18 Pa.C.S.A. § 9102. Definitions.  The remaining allegations constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

4.      Admitted.

5.     Admitted.   It is admitted that Defendant Bensalem Township is considered to be a municipal corporation pursuant to the Second Class Township Code, §52 P.S. 65102. It is further admitted that its principal office is located at 2400 Byberry Road, Bensalem, PA.

6.     Denied.  It is denied that Defendant Steven Moran is now or was at all material times the Director of Public Safety.  To the contrary, Defendant Steven Moran has not been employed by Defendant Bensalem Township since September 2006.   Further, Defendant Steven Moran attended the FBI National Academy for the period from April 3, 2000 through June 16, 2000 and was not present at Bensalem Township Police Department during that period.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

7.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, it is denied that Defendant Steven Moran is currently the Director of Public Safety or an officer, agent, employee of the Bensalem Township Police Department or Bensalem Township. Answering Defendant Bensalem Township incorporates herein by reference its answer to paragraph 6 herein.

8.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, it is denied that Defendant Christopher Barry is currently an employee of the Bensalem Township Police Department.  To the contrary, Defendant Barry left the employ of Bensalem Township in November 2010.  Answering Defendant Bensalem Township incorporates herein by reference its answer to paragraph 6 herein.

9.     Denied.   It is denied that Defendant Christopher Barry is employed as a lieutenant with Bensalem Township Police Department.   To the contrary, Defendant Barry left

2

the employ of Bensalem Township Police Department in November 2010.    It is admitted that Defendant Barry was employed by Bensalem Township Police Department as a Sergeant and for a period of time in 2000 as an Acting Lieutenant.

10.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, it is denied that Defendant Christopher Barry is currently an officer, agent and/or employee of the Bensalem Township Police Department or Bensalem Township.    Answering Defendant Bensalem Township incorporates herein by reference its answer to paragraph 9 herein.

11.    Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph because Police Officer John Doe is not described.

12.    Denied.  It is denied that the same person who presently has responsibility for maintaining, disseminating, expunging, and/or redacting criminal record history information from the files of the Bensalem Township Police Department was in that position in 2000.

13.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

14.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, Answering Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 6, 7, 8, 9 and 12 herein.

15.    Admitted in part.  Denied in part. It is admitted that William F. Plantier is the Director of Corrections at the Bucks County Correctional Facility.  The remaining allegations constitute conclusions of law to which no response is required and are accordingly deemed

3

denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

16.     Admitted in part.  Denied in part. It is admitted that Terrance P. Moore is the Warden at the Bucks County Correctional Facility.  The remaining allegations constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

17.     Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

18.     Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

19.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

20.     Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.  By way of further answer, the allegations are directed to a defendant other than answering defendant Bensalem Township.

21.     Denied.  It is denied that Defendant Mugshots.com, LLC, acted in joint participation with Defendants Bensalem Township and/or Police Officer John Doe of Bensalem

Township and/or Defendant Barry and/or Defendant Moran.    It is further denied that

Defendants Bensalem Township and/or Police Officer John Doe of Bensalem Township and/or

Defendant Barry and/or Defendant Moran violated Plaintiff's rights under Pennsylvania law and

the U.S. Constitution or conspired to release Plaintiff's expunged criminal record history. The

remaining allegations are directed to a defendant other than answering defendant Bensalem

Township.

      22.     Denied.  It is denied that Defendant Mugshots.com, LLC, acted in joint

participation with Defendants Bensalem Township and/or Police Officer John Doe of Bensalem

Township and/or Defendant Barry and/or Defendant Moran. It is further denied that Defendants

Bensalem Township and/or Police Officer John Doe of Bensalem Township and/or Defendant

Barry and/or Defendant Moran violated Plaintiff's rights under Pennsylvania law and the U.S.

Constitution.  The remaining allegations are directed to a defendant other than answering

defendant Bensalem Township.

**Jurisdiction & Venue**

      23.     Denied.  The allegations in this paragraph constitute conclusions of law to which

no response is required and are accordingly deemed denied.  By way of further answer,

answering defendant is without knowledge or information sufficient to form a belief as to the

truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

      24.     Denied.  The allegations in this paragraph constitute conclusions of law to which

no response is required and are accordingly deemed denied.

      25.     Denied.  The allegations in this paragraph constitute conclusions of law to which

no response is required and are accordingly deemed denied.

1060727_1.docx

**Class Action Allegations**

26.     Defendant Bensalem Township admits that Plaintiff purports to bring a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).   Defendant denies that this purported class meets the legal and factual requirements under law necessary to obtain class status.

27.     Denied.   The allegations in this this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  By way of further answer, Defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning  in this paragraph and the same are accordingly denied.

28.     Denied.    The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.   By way of further answer, Defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning plaintiff's attorney and plaintiff's intent in this paragraph and the same are accordingly denied.

29.     Denied.

30.     Denied.

31.     Denied.

**Factual Averments**

32.     Admitted in part. Denied in part.  It is admitted that on September 29, 1998 Plaintiff was arrested by officers of the Bensalem Township Police Department.  It is admitted that his photograph was taken and that he was fingerprinted and charged with offenses. Answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations and the same are accordingly denied.

6

33.     Admitted in part. Denied in part.  It is admitted on information and belief that Plaintiff was transported to Bucks County Correctional Facility by a Bucks County Constable following an arraignment.  The remaining allegations are denied.

34.     The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

35.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph concerning the activities at Bucks County Correctional Facility and the same are accordingly denied.   The allegations directed to defendant Bensalem Township are denied.

36.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

37.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

38.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

39.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

40.     Denied.   The Order attached as Exhibit C to Plaintiff's Amended Complaint  is a document in writing.  Any attempt to characterize, summarize or restate its contents is denied.

41.     Denied.   The Order attached as Exhibit C to Plaintiff's Amended Complaint  is a document in writing.  Any attempt to characterize, summarize or restate its contents is denied.

42.     Denied.   The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.  To the extent an answer is deemed to be required, it is denied that Bensalem Township or Bensalem Township Police Department had a duty to "notify all criminal justice agencies which have received the criminal history record to be expunged."  To the contrary, 18 Pa.C.S. §9122(d) states:  "Notice of expungement shall promptly be submitted to the central repository which shall notify all criminal justice agencies which have received the criminal history record information to be expunged."  Further, 18 Pa.C.S. §9102 defined "central repository" as "[t]he central location for the collection, compilation, maintenance and dissemination of criminal history record information by the Pennsylvania State Police."

43.     Denied.

44.     Admitted in part. Denied in part. It is admitted that an unsigned letter from Plaintiff's attorney dated March 30, 2000 is attached as Exhibit D to Plaintiff's Amended Complaint.   The letter is a document in writing.  Any attempt to characterize, summarize or restate its contents is denied.

45.     Admitted in part.  Denied in part.  It is admitted only that Exhibit E to Plaintiff's Amended Complaint refers to a letter dated April 5, 2000 from Defendant Barry.   It is denied that a copy of the April 5, 2000 letter is attached to Plaintiff's Amended Complaint.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and the same are accordingly denied.

46.     Admitted in part.  Denied in part.   It is admitted that Exhibit E to Plaintiff's Amended Complaint is an unsigned copy of a letter dated May 5, 2000 from Plaintiff's Attorney to Defendant Barry.  The letter is a document in writing.  Any attempt to characterize, summarize or restate its contents is denied.

8

1060727_1.docx

47.     Admitted in part. Denied in part.  It is admitted that a letter from Defendant Barry to Plaintiff's Attorney dated May 23, 2000 is attached as Exhibit F to Plaintiff's Amended Complaint and that the letter includes the statement quoted.  As to the remaining allegations, the letter is a document in writing.  Any attempt to characterize, summarize or restate its contents is denied.   It is admitted that Bensalem Township complied with the Expungement Order.

48.     Denied.  It is denied that Defendants Barry, Bensalem Township, Police Officer John Doe and/or Defendant Moran failed to expunge plaintiff's criminal records.   It is further denied that Defendants Barry, Bensalem Township, Police Officer John Doe and/or Defendant Moran had a duty to request Plaintiff's criminal records from Bucks County Correctional Facility or to ensure that Plaintiff's criminal records in the possession of Bucks County Correctional Facility were destroyed or expunged.   Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 33 and 35 herein.

49.     Admitted in part. Denied in part.  It is admitted that Exhibit G to Plaintiff's Amended Complaint is a letter dated June 27, 2000 from Defendant Barry to Plaintiff's counsel with enclosures.   The letter and enclosures are documents in writing.  Any attempt to characterize, summarize or restate their contents is denied.   It is admitted that Defendant Bensalem Township obtained the Verifications from the Pennsylvania State Police Central Repository and the Federal Bureau of Investigation and provided them to counsel for plaintiff.

50.     Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

51.     Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

52.     Denied.  Defendant Bensalem Township incorporates herein by reference its answer to paragraph 48 herein. By way of further answer, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the  allegations concerning Plaintiff's criminal records provided to or created by Bucks County Correctional Facility and the same are accordingly denied.

53.     Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

54.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

55.     Admitted in part. Denied in part.  It is admitted that documents attached to Plaintiff's Amended Complaint indicate that Plaintiff was placed in Accelerated Rehabilitation Disposition program.   Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

56.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

57.     Denied.  The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied.  To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the

1060727_1.docx

truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

58.     Admitted on information and belief.

59.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

60.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

61.     Denied.  The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  It is further denied that Plaintiff suffered damages as a result of any acts or conduct of Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran. To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied.   To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

62.     Denied.  The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  It is further denied that Plaintiff has expended sums of money or incurred expenses as a result of any acts or conduct of Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran. To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied.   To the extent a response is

11

deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

63.     Denied.  The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  It is further denied that Plaintiff has or will incur expenses or losses as a result of any acts or conduct of Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran. To the extent the allegations are directed to other defendants, no response is required .and they are accordingly deemed denied.  To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants  and the same are accordingly denied.

64.     Denied.  The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  It is further denied that Plaintiff has suffered any damage as a result of any acts or conduct of Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran. The remaining allegations constitute conclusions of law to which no response is required and are accordingly deemed denied.  To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied. To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

65.     Denied.  The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  By way of further

12

answer, the allegations constitute conclusions of law to which no response is required and are accordingly deemed denied. To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied. To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

## COUNT I

66.     Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 1 through 65 of its Answer as though same were fully set forth.

67.     Denied. The allegations are denied as to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran. Defendant Bensalem Township incorporates herein by reference its answer to paragraph 48. To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied. To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

68.     Denied. It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran refused and/or failed to expunge Plaintiff's criminal history records information pursuant to the January 31, 2000 Order. To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied. To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as

1060727_1.docx

to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

69.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran violated CHRIA.  It is further denied that Plaintiff was aggrieved or continues to be aggrieved by any act or failure to act on the part of Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 42 and 48.   To the extent the allegations are directed to other defendants, no response is required and they are accordingly deemed denied.   To the extent a response is deemed to be required, answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph directed to other defendants and the same are accordingly denied.

70.     Denied.  Answering defendant Bensalem Township is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran violated CHRIA.

71.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran violated CHRIA.  By way of further answer, the allegations constitute conclusions of law to which no response is required and are accordingly deemed denied.   It is denied that plaintiff is entitled to punitive damages against defendant Bensalem Township.

72.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran violated CHRIA or failed to comply

14

with the Court Order.  It is denied that Defendant Bensalem Township failed to expunge

plaintiff's records from its files in accordance with CHRIA. .  By way of further answer, the

allegations constitute conclusions of law to which no response is required and are accordingly

deemed denied.

WHEREFORE, Defendant Bensalem Township demands judgment in its favor and

against Plaintiff together with such fees, costs and expenses as law and equity permit.

**COUNT II**

73.     Defendant Bensalem Township incorporates herein by reference its answers to

paragraphs 1 through 72 of its Answer as though same were fully set forth.

74.      Denied.  It is denied that Defendants Bensalem Township and/or Police Officer

John Doe and/or Defendant Barry and/or Defendant Moran wrongfully disseminated or caused to

be disseminated plaintiff's criminal records to defendant Mugshots.com, LLC.  Defendant

Bensalem Township incorporates herein by reference its answers to paragraphs 42 and 48.   To

the extent the allegations are directed to other defendants, no response is required and they are

accordingly deemed denied.   To the extent a response is deemed to be required, answering

defendant Bensalem Township is without knowledge or information sufficient to form a belief as

to the truth or accuracy of the allegations in this paragraph directed to other defendants and the

same are accordingly denied.

75.     Admitted on information and belief that Mugshots.com, LLC is not a criminal

justice agency as defined in CHRIA.

76.     Admitted in part. Denied in part.  It is admitted that on December 23, 2011 more

than 3 years had passed since September 29, 1998.   It is admitted that documents attached to

Plaintiff's Amended Complaint indicate that Plaintiff was placed in Accelerated Rehabilitation

Disposition program.   Except to the extent admitted, answering defendant Bensalem Township

is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and the same are accordingly denied.

77.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran disseminated or caused to be disseminated plaintiff's criminal records to Mugshots.com, LLC.   Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.

78.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran disseminated or caused to be disseminated any of plaintiff's criminal records to Mugshots.com, LLC.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran violated CHRIA.   Defendant incorporates herein by reference its answer to paragraph 74.

79.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran violated CHRIA.   It is denied that Plaintiff has been aggrieved by any act or failure to act on the part of Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran. Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.

80.     Denied.

81.     Denied.

WHEREFORE, Defendant Bensalem Township demands judgment in its favor and against Plaintiff together with such fees, costs and expenses as law and equity permit.

## COUNT III

16

1060727_1.docx

82.     Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 1 through 81 of its Answer as though same were fully set forth.   Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.

83. and 84.     Denied.  The allegations are denied to the extent they are directed to Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran.  Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.

85. through  89.  The allegations in these paragraphs are directed to defendants other than Defendant Bensalem Township.  To the extent they are directed to Defendant Bensalem Township, they are denied.  Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.

WHEREFORE, Defendant Bensalem Township demands judgment in its favor and against Plaintiff together with such fees, costs and expenses as law and equity permit.

## COUNT IV

90.     Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 1 through 89 of its Answer as though same were fully set forth.

91.     Denied.   The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

92.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran illegally released information that stigmatized Plaintiff as a criminal.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran caused any damage to Plaintiff's standing, jobs, future jobs or financial opportunities.   Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.

17

93.     Denied.   The allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

94.     Denied.  It is denied that Defendants Bensalem Township and/or Police Officer John Doe and/or Defendant Barry and/or Defendant Moran disclosed information in which Plaintiff had an entitlement to confidentiality under CHRIA.   Defendant Bensalem Township incorporates herein by reference its answer to paragraph 74.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no response is required and are accordingly deemed denied.

95.     Denied.

96.     Denied.

WHEREFORE, Defendant Bensalem Township demands judgment in its favor and against Plaintiff together with such fees, costs and expenses as law and equity permit.

## COUNT V

100.     Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 1 through 99 of its Answer as though same were fully set forth.

101.     Denied.   Defendant Bensalem Township denies the allegations in this paragraph directed to it.

102.     Denied.  Defendant Bensalem Township denies the allegations in this paragraph directed to it.

103.     Denied.   Defendant Bensalem Township denies the allegations in this paragraph directed to it.

## AFFIRMATIVE DEFENSES

Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 1 through 103 of Plaintiff's Complaint.

18

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against defendant Bensalem Township upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendant Bensalem Township for violation of the Criminal History Record Information Act ("CHRIA"), 18 Pa. C.S.A. §9102 et seq.

### THIRD AFFIRMATIVE DEFENSE

Bensalem Township expunged plaintiff's criminal records in compliance with the January 31, 2000 Court Order and the CHRIA.

### FOURTH AFFIRMATIVE DEFENSE

In 2000, Bensalem Township provided plaintiff's counsel with reports from the Pennsylvania State Police Central Repository and the Federal Bureau of Investigation verifying that all records pertaining to the arrest of Plaintiff were in fact expunged.

### FIFTH AFFIRMATIVE DEFENSE

Notice of the January 31, 2000 Court Order was provided to the central repository, as defined in CHRIA, by Bensalem Township in 2000.

### SIXTH AFFIRMATIVE DEFENSE

CHRIA places responsibility on the "central repository" to notify all criminal justice agencies which have received the criminal history record information to be expunged.  18 Pa.C.S. §9122(d).

### SEVENTH AFFIRMATIVE DEFENSE

Bensalem Township complied with CHRIA with respect to Plaintiff criminal history record information.

1060727_1.docx

### EIGHTH AFFIRMATIVE DEFENSE

Bensalem Township complied with the January 31, 2000 Court Order.

### NINTH AFFIRMATIVE DEFENSE

Bensalem Township did not disseminate Plaintiff's criminal history record information to defendant Mughsots.com, LLC.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not been aggrieved by any act or omission on the part of defendant Bensalem Township.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for deprivation of a Liberty Interest Protected by the Fourteenth Amendment.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against defendant Bensalem Township for deprivation of a Liberty Interest Protected by the Fourteenth Amendment because the information that was available about his arrest was not false.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Criminal History Record Information Act, 18 Pa. C.S.A. §9102 et seq., provides that records of arrest with no conviction shall not be used by licensing agencies in considering an application for a license, certificate, registration or permit.   §9124 (b).

### FOURTEENTH AFFIRMATIVE DEFENSE

The Criminal History Record Information Act, 18 Pa. C.S.A. §9102 et seq., provides that only felony and misdemeanor convictions may be used by an employer and only to the extent to which they relate to the applicant's suitability for the position, and the employer must notify the

application if a decision not to hire is based in whole or in part on criminal history record information.   § 9125.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's amended Complaint fails to sate a claim for deprivation of a Property Interest protected by federal due process.

### SIXTEENTH AFFIRMATIVE DEFENSE

No act or failure to act on the part of defendant Bensalem Township violated any of plaintiff's constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damage as a result of any act or omission on the part of defendant Bensalem Township.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's conduct or the conduct of a third party over whom defendant Bensalem Township exercised no control.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of the doctrine of contributory negligence.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

At no time did defendant Bensalem Township adopt, permit or allow a policy, custom or practice of violating a person's rights or which in any other way tolerated or permitted the violation of the civil rights of any individual including plaintiff.

21

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to, or in need of, injunctive relief because (1) plaintiff is not in damage of suffering irreparable harm, and/or (2) plaintiff has an adequate remedy at law, and/or (3) plaintiff is not likely to prevail on the merits, and/or (4) it would be against public policy to issue an Injunction.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is precluded from asserting some or all of his claims by the equitable doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

CHRIA provides a procedure for plaintiff or any individual to review and challenge the accuracy of his or her criminal history record information.  18 Pa.C.S. §9152.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Bensalem Township is a municipal corporation and as such, is  immune from punitive damages under 42 U.S.C. §1983.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent plaintiff seeks punitive damages for an alleged act or omission of defendant Bensalem Township, no act or omission was malicious, willful, wanton, reckless or grossly negligent, and, therefore, any award of punitive damages is barred.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages violates the substantive and procedural due process clause of the Fifth and Fourteenth Amendments to the U. S. Constitution, as well as the Excessive Fines Clause and the cognate provisions of the Pennsylvania Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages as a matter of law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the doctrine of immunity.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's arrest information was made public in lawsuits brought by Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's arrest information was publicly available prior to the January 31, 2000 Court Order.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

. Some or all of Plaintiff's claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541-8564 ("Tort Claims Act").

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against Defendant Bensalem Township.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Bensalem Township has adequate policies and procedures in place to ensure compliance with CHRIA and the Due Process Clause of the Fourteenth Amendment.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint seeks exemplary or punitive damages

it violates Defendant Bensalem Township's rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution in contravention of <u>State Farm Mut. Automobile Ins. Co. v. Campbell, et al.</u>, 538 U.S. 408 (2003).

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant Bensalem Township reserves the right to supplement and/or amend these affirmative defense  if and when the information warranting same becomes known through the course of discovery in this matter.

WHEREFORE, defendant Bensalem Township respectfully demands judgment in its favor and against plaintiff, together with costs, interest and such other relief as this Honorable Court deems just and equitable under the circumstances.

## CROSSCLAIM

Defendant Bensalem Township hereby asserts the following Crossclaim against Defendants Pennsylvania State Police Commissioner Frank Noonan, Bucks County Pennsylvania, Bucks County Department of Corrections Director William F. Plantier, Bucks County Correctional Facility Warden Terrance P. Moore, Bucks County Correctional Facility Records/Records Custodian Employees Jane and/or John Doe and Mugshots.Com, LLC (Crossclaim Defendants) pursuant to F.R.C.P. 13(g) and avers as follows:

1.      Defendant Bensalem Township incorporates herein by reference its answers to paragraphs 1 through 103 of Plaintiff's Amended Complaint and its Affirmative Defenses as though same were fully set forth herein.

2.      Defendant Bensalem Township admits no liability with respect to the claims asserted in the present litigation.

24

3.      Pursuant to F.R.C.P. 13(g), Defendant Bensalem Township avers that Crossclaim Defendants are solely liable to the plaintiff on the plaintiff's causes of action, jointly and/or severally liable, or liable over to defendant Bensalem Township, on the causes of action asserted by plaintiff.

4.      It is further averred that if Defendant Bensalem Township is liable on plaintiff's causes of action, Bensalem Township avers that Crossclaim Defendants are liable to Defendant Bensalem Township for contribution and/or indemnity.

5.      If plaintiff's allegations are proven, Crossclaim Defendants are solely liable on plaintiff's causes of action or are jointly and severally liable or liable over to Defendant Bensalem Township on plaintiff's causes of action by way of contribution and/or indemnity.

WHEREFORE, defendant Bensalem Township denies it is liable on plaintiff's causes of action and avers that Crossclaim Defendants are solely liable on plaintiff's causes of action or are jointly and severally liable or liable over to defendant Bensalem Township on plaintiff's causes of action by way of contribution and/or indemnity.

GERMAN GALLAGHER & MURTAGH, P.C.


Dated: May 15, 2013                     By:    _s/ Kathryn A, Dux_____
                                               Kathryn A. Dux – Atty. Id. #38446
                                               The Bellevue – Suite 500
                                               200 South Broad Street
                                               Philadelphia, PA  19102
                                               (215) 545-7700

1060727_1.docx