# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYOUSH TAHA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-6867 |
| PENNSYLVANIA STATE POLICE | : | |
| COMMISSIONER FRANK NOONAN, and | : | |
| BUCKS COUNTY, PENNSYLVANIA, and | : | |
| BENSALEM TOWNSHIP, and | : | |
| DIRECTOR OF PUBLIC SAFETY | : | |
| STEVEN MORAN, and | : | |
| LT. CHRISTOPHER M. BARRY, SR., and | : | |
| POLICE OFFICER JOHN DOE, and | : | |
| BUCKS COUNTY DEPARTMENT OF | : | |
| CORRECTIONS DIRECTOR | : | |
| WILLIAM F. PLAINTIER, and | : | |
| BUCKS COUNTY CORRECTIONAL | : | |
| FACILITY WARDEN TERRANCE P. | : | |
| MOORE, and, | : | |
| BUCKS COUNTY CORRECTIONAL | : | |
| FACILITY RECORDS/RECORDS | : | |
| CUSTODIAN EMPLOYEES JANE and/or | : | |
| JOHN DOE #1-6, and | : | |
| MUGSHOTS.COM, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this ___ day of _____, 2013, upon consideration of the

Motion of Defendants the County of Bucks (the "County"), Bucks County Department of

Corrections Director William Plantier ("Plantier"), and Bucks County Correctional Facility

Warden Terrance P. Moore ("Moore") to Dismiss claims against them in the Amended

Complaint and Plaintiff's response thereto, it is hereby ORDERED and DECREED that

Defendants' Motion is GRANTED.  It is further ORDERED that the claims against the County,

Plantier and Moore are DISMISSED.

BY THE COURT:

_____

Savage, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARYOUSH TAHA,            :
                           :
        Plaintiff,      :
                           :     CIVIL ACTION
        v.            :
                           :     NO.  12-6867
PENNSYLVANIA STATE POLICE  :
COMMISSIONER FRANK NOONAN, and :
BUCKS COUNTY, PENNSYLVANIA, and:
BENSALEM TOWNSHIP, and     :
DIRECTOR OF PUBLIC SAFETY   :
STEVEN MORAN, and        :
LT. CHRISTOPHER M. BARRY, SR., and :
POLICE OFFICER JOHN DOE, and  :
BUCKS COUNTY DEPARTMENT OF :
CORRECTIONS DIRECTOR     :
WILLIAM F. PLAINTIER, and   :
BUCKS COUNTY CORRECTIONAL  :
FACILITY WARDEN TERRANCE P.  :
MOORE, and,           :
BUCKS COUNTY CORRECTIONAL  :
FACILITY RECORDS/RECORDS   :
CUSTODIAN EMPLOYEES JANE and/or :
JOHN DOE #1-6, and        :
MUGSHOTS.COM, LLC,      :
                           :
        Defendants.   :

## MOTION OF DEFENDANTS THE COUNTY OF BUCKS, BUCKS COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR WILLIAM F. PLANTIER, AND BUCKS COUNTY CORRECTIONAL FACILITY WARDEN TERRANCE P. <u>MOORE TO DISMISS CLAIMS AGAINST THEM IN THE AMENDED COMPLAINT</u>

       Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants the

County of Bucks (the "County"), Bucks County Department of Corrections Director William

Plantier ("Plantier"), and Bucks County Correctional Facility Warden Terrance P. Moore

("Moore"), by and through their undersigned counsel, hereby move this Court to dismiss the

Amended Complaint as follows:

1.      Plaintiff's Due Process claims pursuant to 42 U.S.C. § 1983 in Counts IV and V against the County should be dismissed because they fail to meet the pleading standards of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2.      Plaintiff's Due Process claims pursuant to 42 U.S.C. § 1983 in Count IV against Plantier and Moore should be dismissed because the Amended Complaint fails to allege sufficient facts to establish that Plantier and Moore were personally involved in Plaintiff's alleged constitutional injuries to be held liable under 42 U.S.C. § 1983.

3.      Plaintiff's Due Process claims pursuant to 42 U.S.C. § 1983 against Plantier and Moore in Count IV should be dismissed because the Amended Complaint fails to allege sufficient facts to overcome their qualified immunity defense for such claims.

4.      Plaintiff's Due Process claims pursuant to 42 U.S.C. § 1983 in Counts IV and V should be dismissed because Plaintiff has not been deprived of a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment.

5.      Plaintiff's state law conspiracy claim in Count III and Section 1983 conspiracy claim in Count IV should be dismissed as to the County, Plantier and Moore because Plaintiff has failed to plead his claim with the requisite level of specificity.

6.      Plaintiff's request for punitive damages should be dismissed as to the County as against public policy and as unavailable under Section 1983.

7.      Plaintiff's request for punitive damages pursuant to 42 U.S.C. § 1983 should be dismissed as to Plantier and Moore because punitive damages are not recoverable from individuals sued in their official capacities and because Plaintiff's request for punitive damages against Plantier and Moore in their personal capacities fails to meet the pleading standards of

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

       8.     Plaintiff's state law claims for violations of Pennsylvania Criminal History Records Information Act ("CHRIA"), 18 Pa.C.S.A. §§ 9101 *et seq.* in Counts I and II should be dismissed as to the County because it is entitled to immunity from Plaintiff's claims under Pennsylvania's Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa.C.S.A. §§ 8541 *et seq.*

       9.     Plaintiff's state law claims for violations of CHRIA in Counts I and II should be dismissed as to Plantier and Moore because they are entitled to immunity from Plaintiff's claims under the Tort Claims Act.

      10.    The County, Plantier, and Moore incorporate by reference their supporting brief, filed contemporaneously herewith, in further support of this Motion.

Date: _6/13/2013_

                                                    _Erin K. Clarke_

Frank A. Chernak (Attorney I.D. No. 57602)
Erin K. Clarke (Attorney I.D. No. 309331)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215-864-8234
215-864-8318
chernakf@ballardspahr.com
clarkee@ballardspahr.com

Attorneys for Defendants the County of Bucks,
Bucks County Department of Corrections Director
William F. Plantier, and Bucks County Facility
Warden Terrance P. Moore

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARYOUSH TAHA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-6867 |
| PENNSYLVANIA STATE POLICE | : | |
| COMMISSIONER FRANK NOONAN, and | : | |
| BUCKS COUNTY, PENNSYLVANIA, and | : | |
| BENSALEM TOWNSHIP, and | : | |
| DIRECTOR OF PUBLIC SAFETY | : | |
| STEVEN MORAN, and | : | |
| LT. CHRISTOPHER M. BARRY, SR., and | : | |
| POLICE OFFICER JOHN DOE, and | : | |
| BUCKS COUNTY DEPARTMENT OF | : | |
| CORRECTIONS DIRECTOR | : | |
| WILLIAM F. PLAINTIER, and | : | |
| BUCKS COUNTY CORRECTIONAL | : | |
| FACILITY WARDEN TERRANCE P. | : | |
| MOORE, and, | : | |
| BUCKS COUNTY CORRECTIONAL | : | |
| FACILITY RECORDS/RECORDS | : | |
| CUSTODIAN EMPLOYEES JANE and/or | : | |
| JOHN DOE #1-6, and | : | |
| MUGSHOTS.COM, LLC, | : | |
| | : | |
| Defendants. | : | |

**BRIEF OF DEFENDANTS THE COUNTY OF BUCKS,**
**BUCKS COUNTY DEPARTMENT OF CORRECTIONS DIRECTOR WILLIAM F.**
**PLANTIER, AND BUCKS COUNTY CORRECTIONAL FACILITY**
**WARDEN TERRANCE P. MOORE TO DISMISS THE AMENDED COMPLAINT**

Defendants the County of Bucks (the "County"), Bucks County Department of

Corrections Director William F. Plantier ("Plantier"), and Bucks County Correctional Facility

Warden Terrance P. Moore ("Moore"), by and through their undersigned counsel, hereby submit

this brief in support of their Motion to Dismiss claims against them in the Amended Complaint.

## I.    **INTRODUCTION**

Plaintiff brings this action against several individuals and entities, including the County, Plantier, and Moore, for failing to expunge his criminal records pursuant to the Pennsylvania Criminal History Records Information Act ("CHRIA"), 18 Pa.C.S.A. §§ 9101 *et seq.* Plaintiff claims that after he was arrested in 1998, he entered Accelerated Rehabilitative Disposition ("ARD") and in 2000, an Order of Expungement was entered. Plaintiff further alleges that on December 23, 2011, information regarding his expunged criminal history record information was posted to the website Mugshots.com.

Following the entry of the Order of Expungement in 2000, Plaintiff's counsel notified Defendant Steven Moran ("Moran") of the Bensalem Township Police Department regarding the Order and requested verification of the expungement of Plaintiff's criminal record. Defendant Lieutenant Christopher M. Barry ("Barry") of the Bensalem Township Police Department sent Plaintiff's counsel verifications that Bensalem Township, the Pennsylvania State Police, and the Federal Bureau of Investigation had expunged Plaintiff's criminal record. Plaintiff's counsel did not notify or contact the County, Plantier, or Moore, nor did Plaintiff receive any verification stating that the County had expunged Plaintiff's criminal record. Upon receiving notice of this lawsuit, which was the first notification that the County received stating that any record of Plaintiff's arrest and incarceration should be expunged, the County removed all references to Plaintiff from its database.

Plaintiff now alleges that Defendants' actions violated his rights under CHRIA. Further, Plaintiff alleges that Pennsylvania State Police Commissioner Frank Noonan ("Noonan"), the County, Bensalem Township, Moran, Barry, Plantier and Moore violated Plaintiff's Due Process rights pursuant to 42 U.S.C. § 1983 ("Section 1983") by failing to

expunge his criminal history record information and/or disseminating the information to Mugshots.com.

With respect to Plaintiff's federal claims, the claims against the County fail because Plaintiff does not allege sufficient facts to establish municipal liability. Further, Plaintiff fails to set forth sufficient facts against Plantier and Moore to allege that they were personally involved in his alleged constitutional injury. Plantier and Moore are also entitled to qualified immunity because Plaintiff fails to allege that they took any action that violated Plaintiff's constitutional rights or knew that their actions violated a clearly established constitutional right. Further, Plaintiff fails to set forth sufficient facts to establish that he has been deprived of a protected constitutional liberty or property interest. Plaintiff also fails to allege sufficient facts to assert a claim for punitive damages against Plantier and Moore. Finally, Plaintiff's Section 1983 and state law conspiracy claims fail because Plaintiff fails to allege an actual agreement to violate Plaintiff's rights. For these reasons, this Court should dismiss the claims in Counts III, IV and V against the County, Plantier and Moore.

With respect to Plaintiff's state law claims for violations of CHRIA in Counts I and II as to the County, Plantier and Moore, Plaintiff's claims must be dismissed because they are immune from liability under the Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa.C.S.A. §§ 8541 *et seq.*

.

## II.   **STATEMENT OF FACTS**[1]

According to the Amended Complaint, Plaintiff was arrested by members of the Bensalem Police Department on September 29, 1998.  (Am. Compl. at ¶ 32).  Plaintiff was processed at the Bensalem Police Department and his mug shot was taken.  (*Id.*).  Plaintiff was then transported to the Bucks County Correctional Facility ("BCCF").  (*Id.* at ¶ 33).  Plaintiff alleges that the Bensalem Police Department provided the BCCF with Plaintiff's arrest record, which included the charges for which he had been arrested and was being incarcerated.  (*Id.*).  The BCCF photographed and created a file on Plaintiff, which included the information provided by the Bensalem Police Department and the picture taken at the BCCF.  (*Id.* at ¶ 35).

Plaintiff asserts that he "strongly believed himself to be innocent of all charges." (*Id.* at ¶ 38).  Plaintiff accepted ARD to secure automatic expungement of all charges and avoid damage to his reputation and career prospects.  (*Id.* at ¶ 38).  Plaintiff entered ARD for one of the five charged counts against him on January 5, 1999 and completed the required period of ARD on January 5, 2000.  (*Id.* at ¶¶ 37, 39).  The remaining charges were discharged or nol prossed. (*Id.* at ¶ 37).

On January 31, 2000, President Judge R. Barry McAndrews of the Court of Common Pleas of Bucks County issued an Order requiring the Clerk of Courts of Bucks County – Criminal Division, the Bucks County District Attorney, the Final District Court, and the Arresting Agency to expunge Plaintiff's "arrest and other criminal records." (*Id.* at ¶ 40; Order of Expungement, attached to Am. Compl. as Exhibit C).  The Order also required the "arresting agency or department request, in so far as it is able, the return of such records as it has made

---

[1]    For purposes of this motion only, Defendants accept all well-pleaded allegations in the Amended Complaint but deny their legal sufficiency. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994).

available to Federal and State agencies and that [the arresting agency or department] destroy such records on receipt thereof." (Ex. C). The Order did not require the County to expunge or destroy any records or files related to Plaintiff.

On March 30, 2000, Plaintiff's attorney wrote to Moran of the Bensalem Township Police Department to advise him of the Order and to request a copy of the Affidavit of Expungement. (Am. Compl. at ¶ 44). On April 5, 2000, Barry responded to Plaintiff's attorney, denying that the Bensalem Township Police Department received the official Notice of the Order of Expungement. (*Id.* at ¶ 45). On May 5, 2000, Plaintiff's attorney sent Barry a copy of the Order of Expungement. (*Id.* at ¶ 46). Barry wrote to Plaintiff's attorney on May 23, 2000 and acknowledged receipt of the Order. (*Id.* at ¶ 46). Barry further stated that the Bensalem Township Police Department complied with the Order by removing the records from its publicly accessible files but preserved the reports in a secure location in a legal file due to a civil action being pursued by Plaintiff. (*Id.* at ¶ 47). On or about June 27, 2000, Barry again wrote to Plaintiff's counsel and enclosed verifications that the Pennsylvania State Police and the Federal Bureau of Investigation had expunged Plaintiff's criminal records. (*Id.* at ¶ 49). Neither Plaintiff nor his counsel contacted the BCCF, Plantier, or Moore regarding the Notice of Expungement. Moreover, Plaintiff does not allege that he received any verification from the County or any other entity that the County had expunged Plaintiff's criminal history record information.

Plaintiff asserts that his criminal record history is publically accessible on the BCCF's website. (Am. Compl. at ¶ 53). On December 23, 2011, Plaintiff claims Defendant Mugshots.com, LLC obtained information regarding the Plaintiff's criminal record and posted the information to its website. (*Id.* at ¶ 54). Mugshots.com, LLC posted information regarding Plaintiff's name, mug shot, date of birth, physical description, date of confinement, date of

release, county of arrest, and a partial list of charges (which did not result in a conviction and were subsequently expunged).  (*Id.* at ¶ 60).

According to Plaintiff, Defendants' actions resulted in him suffering serious damage to his standing and associations in the community.  (*Id.* at ¶ 64).  Plaintiff further claims that the Defendants' conduct "imposes a stigma that jeopardizes the Plaintiff's current job and precludes the Plaintiff from pursuing or taking advantage of other employment opportunities, including advancement in his current position."  (*Id.*).

On December 7, 2012, Plaintiff filed a Complaint against Bensalem Township, Moran, Barry, and Ching-O-Chang, LLC.  On February 26, 2013, Plaintiff filed an Amended Complaint against Noonan, the County, Bensalem Township, Barry, Plantier, Moore, and Mugshots, com, LLC.  The County, Plantier and Moore were served with the Amended Complaint on May 23, 2013.

In the Amended Complaint, Plaintiff alleges that (1) Defendants failed to expunge his records pursuant to the Court Order in violation of the CHRIA (Count I); (2) Defendants wrongfully disseminated Plaintiff's criminal history record information in violation of CHRIA (Count II); (3) Mugshots.com and the County conspired to wrongfully disseminate Plaintiff's criminal history record information in violation of CHRIA (Count III); (4) Defendants violated Plaintiff's liberty and property interests in violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution (Count IV); and (5) the County and/or Bensalem Township and/or Noonan are liable under a *Monell* theory (Count V).  The County, Plantier, and Moore now move to dismiss the claims against them in the Amended Complaint.

## III.   ARGUMENT

### A.   Legal Standard on a Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (affirming grant of motion to dismiss Section 1983 claims against township and police officers pursuant to Federal Rule of Civil Procedure 12(b)(6); citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007), which retired the "no set of facts" test of *Conley v. Gibson*, 355 U.S. 41 (1957)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Id.* (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

Although this pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than "'labels and conclusions[,] . . . a formulaic recitation of the elements of a cause of action . . . [or] naked assertion[s]' devoid of 'further factual enhancement'" does not meet this standard and should be dismissed. *Id.* (citing *Twombly*, 550 U.S. at 557).  The complaint must allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wade v. Donahoe*, No. 11-4584, 2012 U.S. Dist. LEXIS 126003, at *11 (E.D. Pa. Sept. 4, 2012) (citations and quotations omitted).  The plaintiff must allege "facts that indicate 'more than a sheer possibility that a defendant has acted unlawfully;'" facts "'merely consistent'" with a defendant's liability are insufficient. *Id.* (citations omitted).

**B.      Plaintiff's Section 1983 Claims Against the County, Plantier and Moore Must Be Dismissed.**

   **1.      Plaintiff's Section 1983 Claims Against The County Fail Because Plaintiff Does Not Allege Sufficient Facts to Establish Municipal Liability.**

Plaintiff's Section 1983 claims against the County fail because Plaintiff does not allege any facts to trigger municipal liability under the statute.  To hold a municipality, like the County, liable under Section 1983, a plaintiff must prove that the municipality had in place a policy, practice or custom that caused the deprivation of a constitutional right.  *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691-95 (1978).  Section 1983 liability cannot be premised on a theory of *respondeat superior*.  *See id.* at 691.  Rather, "[i]t is only when the execution of the government's policy or custom . . . inflicts the injury that [a] municipality may be held liable under § 1983."  *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (internal quotations omitted).

A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (internal quotations and citation omitted). A "custom," is established when the "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and [] this failure . . . led to [plaintiff's] injury." *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996).  Further, a custom is a practice "so permanent and well-settled as to virtually constitute law." *Id.* at 971 (internal quotations omitted).

Thus, the Third Circuit has held that, in order to withstand a motion to dismiss, the complaint must (1) specify the allegedly offending policy or custom and (2) allege conduct

by a municipal decisionmaker.[2]  *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (affirming the district court's grant of a motion to dismiss a First Amendment retaliation claim against the city where plaintiff failed to specify the custom or policy that resulted in his deprivation of rights and failed to allege conduct by a municipal decisionmaker).  The plaintiff must also "allege that a 'policy or custom' . . . was the 'moving force' behind a [constitutional] violation." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)).

With respect to conduct by a municipal decisionmaker, the complaint must include factual allegations that the decisionmaker was "aware of the constitutional deprivations and of the alternatives for preventing them, but either deliberately chose not to pursue these alternatives or acquiesced in a long-standing policy or custom of inaction in this regard." *Credico v. Commonwealth of Pa. State Police*, No. 09-691, 2010 U.S. Dist. LEXIS 7469, at *14-15 (E.D. Pa. Jan. 27, 2010) (quotation omitted).  Absent allegations linking a decisionmaker to the constitutional deprivations at issue, the complaint fails.  *See McTernan*, 564 F.3d at 658-659; *see also Davis v. City of Phila.*, No. 05-4571, 2009 U.S. Dist. LEXIS 70626, at *12 (E.D. Pa. Aug. 11, 2009) (granting motion to dismiss Section 1983 retaliation claim against the city and holding that "without an allegation connecting a specific policymaker to the custom at issue, this part of [plaintiff's] complaint does not rise above the formulaic recitation of the elements of a cause which are insufficient to state a claim under Federal Rule of Civil Procedure 8(a)(2)") (quotation omitted).

---

[2]   A decisionmaker is an "'official [with] final, unreviewable discretion to make a decision or take an action.'" *Kneipp*, 95 F.3d at 1213 (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990)).

Here, Plaintiff fails to sufficiently allege any of the required elements of a *Monell* claim and sets forth nothing more than boilerplate allegations and legal conclusions in support of his claim against the County.  First, Plaintiff fails to allege facts to identify a purported policy or custom maintained by the County, or that the County failed to maintain, that would cause the County to fail to expunge an individual's criminal records or fail to return records to Bensalem Township upon request.  Instead, Plaintiff claims that the County has maintained "a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in the violating of constitutional rights of citizens including . . . a custom or practice of failing to comply with court orders and/or the provisions of CHRIA . . . ."  (Am. Compl. at ¶ 101).  Moreover, Plaintiff asserts that the County has "maintained for many years a recognized and accepted policy, custom and/or practice of failing to have adequate policies and procedures in place to ensure compliance with . . . CHRIA and the Due Process Clause of the Fourteenth Amendment."  (Am. Compl. at ¶ 102).  Such general claims are inadequate under *Iqbal*.  556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, do not suffice.").

Plaintiff similarly fails to allege conduct by a county decisionmaker sufficient to trigger municipal liability.  Plaintiff merely alleges that Plantier was the "ultimate authority within the Bucks County Department of Corrections" and Moore "was the ultimate authority regarding the operation of, and policies of, the Bucks County Correctional Facility."  (Am. Compl. at ¶¶ 15-16).  Plaintiff does not allege that Plantier and Moore were aware of the purported deprivation of constitutional rights and acquiesced in these constitutional deprivations.  As such, Plaintiff's Section 1983 claims against the County must be dismissed.  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

2.   **Plaintiff Fails to Allege Sufficient Facts to Establish that Defendants Plantier and Moore Were Personally Involved in the Alleged Constitutional Violation.**

As with a municipality, individuals may not be found liable under Section 1983 based on a theory of *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). An individual can be held liable under Section 1983 only if he or she was personally involved, either through participation, direction, or actual knowledge and acquiescence. *See Hutchins v. Borough of Lansdale*, No. 96-674, 1996 U.S. Dist. LEXIS 7137, at *10-11 (E.D. Pa. May 22, 1996) (converting defendants' motion to dismiss into one for summary judgment and holding that the defendant warden was not a proper party to a Section 1983 action asserting claims of inadequate medical care because he was not sufficiently involved in plaintiff's medical care). In order to establish that supervisors were "personally involved," such that they can be responsible for constitutional injuries caused by their subordinates,[3] a plaintiff must establish that "(1) [an] existing policy or practice created an unreasonable risk of the [constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001).

In the Amended Complaint, Plaintiff fails to allege sufficient facts to demonstrate that Plantier and Moore were personally involved in Plaintiff's alleged constitutional injury. The Amended Complaint merely alleges that Plantier and Moore "were charged with the responsibility of testing, hiring, training, supervising and disciplining employees of Bucks County Correctional Facility." (Am. Compl. at ¶ 17). Further, the Amended Complaint asserts

---

[3]   For purposes of this motion only, Defendants assume that a supervisor may be held liable in a Section 1983 case for the actions of subordinates although the viability and scope of supervisory liability have been called into question by the Third Circuit. *See Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 70 (3d Cir. 2011).

that "Director William F. Plantier and/or Warden Terrance P. Moore . . . caused by their conduct and their failure to comply with the requirements of the CHRIA the dissemination of [P]laintiff's expunged criminal history." (Am. Compl. at ¶ 57). The Amended Complaint does not contain any allegation that Plantier or Moore directly participated in a deprivation of Plaintiff's constitutional rights or had any actual knowledge that unknown corrections officers would deprive Plaintiff of a constitutional right and acquiesced to those actions. Instead, the allegations against Plantier and Moore rest solely on a theory of *respondeat superior*. Accordingly, Plaintiff's Section 1983 claim against Plantier and Moore must be dismissed.[4]

      **3.**      **Plantier and Moore Are Entitled to Qualified Immunity From Plaintiff's Section 1983 Claim.**

        Plaintiff's Section 1983 claim fails as to Plantier and Moore because they are entitled to qualified immunity from that claim. The qualified immunity doctrine shields government officials acting within the scope of their discretionary authority from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996). Qualified immunity is intended to protect officials from the potential consequences of suit, including distraction from official duties, inhibition of discretionary action, and deterrence of able people from public service. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). As the Supreme Court has confirmed, "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [would] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). The Supreme Court has "stressed the importance of resolving immunity questions at the

---

[4]      This Court should also dismiss the CHRIA claims against Plantier and Moore for the same reason.

earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).  Questions of

immunity are thus properly raised in a Rule 12(b)(6) motion.  *See Thomas v. Independence Twp.*,

463 F.3d 285, 291 (3d Cir. 2006).

       In *Saucier v. Katz*, the Supreme Court established a two-part analysis to determine

whether a defendant is entitled to qualified immunity.  *See* 533 U.S. 194, 201 (2001).  The court

must determine (1) whether the facts alleged by the plaintiff show the official violated a

constitutional right, and (2) whether the right was clearly established at the time of the alleged

violation.  *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (citing *Saucier*, 533

U.S. at 201); *see also James v. City of Wilkes Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (granting

individual defendants' motion to dismiss on qualified immunity grounds because the complaint

failed to sufficiently allege a constitutional violation).  Courts may exercise their discretion to

decide the *Saucier* prongs in any order.  *James*, 700 F.3d at 679.

       Here, as explained in Section III.B.4, Plantier and Moore's alleged conduct did

not violate a constitutional or statutory right.  Thus, the first prong of the *Saucier* test is not met

and Plantier and Moore are entitled to qualified immunity on this claim.  *See Whitfield v. City of

Phila.*, 587 F. Supp. 2d 657, 669 (E.D. Pa. 2008).[5]

       With regard to the second prong, "the Third Circuit [has] clarified that a right is

clearly established for the purposes of qualified immunity when its contours are sufficiently clear

that a reasonable official would understand that what he is doing violates that right."  *Whitfield*,

587 F. Supp. 2d at 668 (internal citations and quotations omitted).  This standard permits

mistaken judgments and protects "all but the plainly incompetent or those who knowingly violate

---

[5]     The Court's analysis of Plantier and Moore's claim of qualified immunity may end here
because "[w]here a plaintiff fails to plead facts that allege a constitutional [or statutory]
violation, the Court need not address the second prong of *Saucier*."  *Whitfield*, 587 F.
Supp. 2d at 669.

the law." *Id.* (citing *Gilles v. Davis*, 427 F.3d 197, 207 (3d Cir. 2005)).  As the *Saucier* court stated, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

The Amended Complaints fails to allege any facts to demonstrate that Plantier and Moore were aware that their conduct violated Plaintiff's constitutional rights.  First, the Amended Complaint fails to establish that Plaintiff's purported constitutional rights were sufficiently clear such that a reasonable official in Plantier or Moore's position would understand that their conduct violated a constitutional right.  The federal constitution does not entitle individuals to a cognizable privacy interest in their expunged criminal records.  *See, e.g.*, *Nunez v. Pachman*, 578 F.3d 228, 229 (3d Cir. 2009) *affirming* No. 06-5519, 2008 U.S. Dist. LEXIS 58415 (D. N.J. July 30, 2008).  Further, as set forth in Section III.B.4, Plaintiff does not have a protected liberty or property interest in his expunged criminal record.

Second, the Amended Complaint does not allege that Plantier or Moore were personally notified by the central repository, Plaintiff's counsel, or any of the other Defendants that Plaintiff's record should be expunged and failed to take any action to protect Plaintiff's rights.  Further, Plaintiff's allegation that Plantier and Moore, "acting together" with the other Defendants "disclosed information in which Plaintiff had an entitlement of confidentiality under [CHRIA]," merely paraphrases the purported legal standards for liability and is, therefore, not entitled to an assumption of truth.  *Argueta*, 643 F.3d at 74.  Thus, the Amended Complaint necessarily fails to allege that Plantier and Moore were aware that their conduct violated a constitutional right.  *Saucier*, 533 U.S. at 201.

Thus, for the foregoing reasons, Plaintiff fails to sufficiently allege that any constitutional right of Plaintiff's was clearly established at the time of Defendants' conduct and that Plantier and Moore knew that their conduct constituted a violation of that right. As such, Plantier and Moore are entitled to qualified immunity on Plaintiff's Section 1983 claim.

### 4.   Plaintiff Has Not Been Deprived of a Protected Constitutional Interest.

#### a.   Plaintiff Has Not Been Deprived of a Liberty Interest.

The law is well-established that "'reputation alone is not an interest protected by the Due Process Clause.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). To state a claim for a deprivation of a liberty interest in reputation, a plaintiff must allege "a stigma to his reputation plus deprivation of some additional right or interest." *Id.* To satisfy the stigma prong, the plaintiff must allege that the statements were (1) made publicly and (2) were false. *Langweiler v. Borough of Newtown*, No. 10-3210, 2010 U.S. Dist. LEXIS 137253, at *12 (E.D. Pa. Dec. 29, 2010) (granting defendants' motion to dismiss plaintiff's liberty interest claim for failure to satisfy the "plus prong" because the plaintiff did not allege that defendants' actions resulted in the plaintiff's inability to pursue his occupation as a stock broker all together) (citing *Dee v. Borough of Dunmore*, 549 F.3d 225, 233-34 (3d Cir. 2008) and *Fraternal Order of Police, Lodge No. 5 v. Tucker*, 868 F.2d 74, 82-83 (3d Cir. 1989)).

With regard to the stigma prong, Plaintiff has not adequately alleged a "stigma" because the information allegedly disseminated regarding Plaintiff was not false. *See Foxworth v. Pa. State Police*, 402 F. Supp. 2d 523, 542 (E.D.Pa. 2005) (granting summary judgment on plaintiff's liberty interest claim where plaintiff was denied employment with the Pennsylvania State Police based on his expunged criminal record and noting that the plaintiff's claim failed the

first prong of the stigma test because, among other things, the facts underlying the expunged criminal record were true), *aff'd* 228 Fed. App'x 151 (3d Cir. 2007).  Here, Plaintiff merely alleges that the information released was his mug shot, date of birth, physical description, date of confinement, date of release, county of arrest, and a partial list of charges that did not result in a conviction.  (Am. Compl. at ¶ 60).  Plaintiff does not allege that these facts are false.[6]  Instead, Plaintiff merely states that he "strongly believed himself to be innocent of all charges."  (Am. Compl. at ¶ 38).

Further, to satisfy the "plus prong," financial harm alone does not transform a reputation interest into a liberty interest protected by the Due Process Clause.  *Langweiler*, 2010 U.S. Dist. LEXIS 137253, at *12.  Thus, a plaintiff must allege "an alteration or extinguishment of some additional interest created by state law."  *Id.*  With respect to private employment, the Third Circuit has recognized a liberty interest in the right to pursue a calling or occupation, not the right to a specific job.  *Id.* (citing *Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 F. App'x 135, 141 (3d Cir. 2010)).  A possible loss of future employment opportunities is "patently insufficient" to satisfy the stigma plus prong.  *Clark v. Twp. of Falls*, 890 F.2d 611, 620 (3d Cir. 1989).

---

[6]     In response to Moran's Motion to Dismiss the Amended Complaint, Plaintiff asserts that while the information disseminated to the public is "factually true," it is not legally true under CHRIA.  (Pl.'s Resp. to Moran's Motion to Dismiss at 11-12).  CHRIA defines "expunge" as "(1) [t]o remove information so that there is no trace or indication that such information existed; (2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or (3) maintenance of certain information required or authorized [under provisions of CHRIA] . . . ." 18 Pa.C.S.A. § 9102.  These provisions, however, do not erase the fact of an arrest.  *See Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 117 n.8 (3d Cir. 1987) (noting that CHRIA "cannot be viewed as removing arrest information from the public record since it remains on police blotters and court dockets"); *Schmidt v. Deutsch Larrimore Farnish & Anderson, LLP*, 876 A.2d 1044, 1048 (Pa. Super. Ct. 2005).  Thus, Plaintiff's argument that the fact of his arrest and incarceration are not "factually true" necessarily fails.

Plaintiff does not claim that the Defendants' actions resulted in an inability to pursue his chosen occupation.  Rather, Plaintiff vaguely alleges that the dissemination and publication of records relating to his incarceration "caused serious damage to Plaintiff's standing at his current job, and his prospects for any future jobs or financial opportunities . . . ." (Am. Compl. at ¶ 92).  These allegations are insufficient to assert a liberty interest protected by the Due Process Clause.  *See Langweiler*, 2010 U.S. Dist. LEXIS 137253, at *13 (dismissing plaintiff's Due Process claim because even though plaintiff alleged that he lost his job for six months and his stock broker licenses were suspended in two states, he did not allege that the defendants' actions prohibited him from pursuing his occupation as a stock broker all together).

Plaintiff also maintains that CHRIA created an entitlement of confidentiality of his expunged criminal record, thereby creating a constitutionally protected liberty interest.  (Am. Compl. at ¶ 94).  In general, however, there is no constitutionally protected liberty interest in the publication of criminal records.  *See Paul*, 424 U.S. at 713.  Further, the Third Circuit has stated that the Due Process Clause does not protect an individual from "reputational injury resulting from dissemination of his criminal acts," even where the alleged injury is the disclosure of an expunged criminal record.  *Nunez*, 578 F.3d at 233 n.15 (dismissing the plaintiff's alternative theory that the disclosure of an expunged criminal record violated the plaintiff's constitutional right to reputation because the Due Process Claus does not protect a defendant from reputational injury resulting from the dissemination of his criminal acts).  Accordingly, Plaintiff has failed to state a claim for a deprivation of a protected liberty interest.

b.    Plaintiff Has Not Been Deprived of a Property Interest.

To state a deprivation of a property interest, a plaintiff must allege a "legitimate claim of entitlement." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The alleged deprivation of a property right may trigger procedural due process protection.[7] *See Nicholas v. Pa. State Univ.*, 227 F.3d 133 (3d Cir. 2000); *see also Ransom v. Marrazzo*, 848 F.2d 398, 411-12 (3d Cir. 1988). For procedural due process purposes, property interests are defined by state law. *Nicholas*, 227 F.3d at 140, 142; *see also Bd. of Regents*, 408 U.S. at 577. The "simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a . . . constitutional dimension." *Slotnick v. Staviskey*, 560 F.2d 31, 34 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978). The failure of state officials to adhere to strictly procedural state regulations does not implicate any federally protected "property" interest and thus, whether asserted as a claim or defense, does not constitute a violation of the due process clause. *King v. Hilton*, 525 F.Supp. 1192, 1198 (D.N.J. 1981) (*citing U.S. v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981), *cert. denied*, 455 U.S. 923 (1982)).

In general, there is no constitutional right to privacy in the confidentiality of criminal records. *O'Neill v. Kerrigan*, No. 11-3437, 2013 U.S. Dist. LEXIS 24658, at *27 (E.D. Pa. Feb. 22, 2013). Moreover, the Third Circuit has held that there are "no attributes . . . in an

---

[7]    In response to Moran's Motion to Dismiss, Plaintiff maintains that *Hammerstone v. Solebury Twp.*, No. 94-4515, 1994 U.S. Dist. LEXIS 15755 (E.D. Pa. Nov. 7, 1994) establishes that CHRIA "create[s] an entitlement . . . that [their] expunged criminal record history would not be disseminated to the public." (Pl.'s Response in Opposition to Moran's Motion to Dismiss the Amended Complaint at 19). In *Hammerstone*, however, the court held that the plaintiff had "a tenable claim of entitlement to the confidentiality of his *driving record*." 1994 U.S. Dist. LEXIS 15755, at *11 (emphasis added). The court's holding was based upon Pennsylvania law prohibiting a police officer from publishing or disseminating records related to an individual's driving records, limitations on access to Department of Transportation computerized records for official use only, and CHRIA. *Id.* at *10-11. Accordingly, *Hammerstone* does not mandate a finding that Plaintiff has a property interest in his expunged criminal records.

expunged record entitling it to constitutional protection." *Nunez*, 578 F.3d at 233; *see also*

*Foxworth*, 402 F. Supp. 2d at 545 (noting that ARD participants cannot legitimately expect all

information related to ARD to forever be kept a secret). Further, the provisions of CHRIA

"cannot be viewed as removing arrest information from the public record since it remains on

police blotters and court dockets." *Fraternal Order of Police Lodge No. 5*, 812 F.2d at 117 n.8.

Accordingly, CHRIA does not entitle Plaintiff to a property interest sufficient to warrant

constitutional protection in the confidentiality of his expunged criminal record.

Thus, Plaintiff has failed to state a claim for a deprivation of a constitutionally

protected liberty or property interest. As such, Plaintiff's Section 1983 claim must be dismissed

as to the County, Plantier and Moore.

5. **Plaintiff's Section 1983 Conspiracy Claim Fails Because He Failed to Plead His Conspiracy Claim with the Requisite Level of Specificity.**

The Amended Complaint fails to set forth sufficient facts to establish a Section

1983 conspiracy claim against Plantier and Moore. In order to establish a claim for civil

conspiracy under Section 1983, a plaintiff must demonstrate that: "(1) two or more individuals;

(2) acting under 'color of law'; (3) reached an agreement to deprive the plaintiff of a

constitutional right." *Gleason v. East Norriton Twp.*, No. 11-CV-6273, 2012 U.S. Dist. LEXIS

102503, at *14-15 (E.D. Pa. July 24, 2012) (granting defendants' motion to dismiss conspiracy

claim because the complaint merely alleged "parallel conduct" that is insufficient to plead a

conspiracy). "A plaintiff must make 'specific factual allegations of combination, agreement, or

understanding among all or between any of the defendants to plot, plan, or conspire to carry out

the alleged chain of events.'" *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000).

Allegations of "parallel conduct" are insufficient. *Gleason*, 2012 U.S. Dist. LEXIS 102503, at

*15. Indeed, to sufficiently state a civil rights conspiracy, "there must be some specific facts in

the complaint which tend to show a meeting of the minds and some type of concerted activity.  A plaintiff cannot rely on subjective suspicions and unsupported speculation."  *Savage v. Judge*, 644 F. Supp. 2d 550, 561 (E.D. Pa. 2009) (citations omitted).  The "incantation of the words 'conspiracy' or 'acted in concert'" does not satisfy the pleading requirements necessary to state a conspiracy claim.  *Langweiler*, 2010 U.S. Dist. LEXIS 137253, at *14 (citations omitted).

       First, as set forth in Section III.B.4, Plaintiff fails to allege a constitutional deprivation as a result of the Defendants' conduct.  As such, Plaintiff's Section 1983 conspiracy claim fails.

       Second, the Amended Complaint fails to set forth any facts suggesting that Plantier and Moore reached an agreement with the Defendants to violate Plaintiff's constitutional rights.  At best, the Amended Complaint merely alleges "parallel conduct" that is insufficient to state a conspiracy claim.  *See Gleason*, 2012 U.S. Dist. LEXIS 102503, at *15-16.  Plaintiff asserts only that the Defendants "acting together, as joint participants, and under color of state law disclosed" Plaintiff's expunged criminal record.  (Am. Compl. at ¶ 94).  Thus, because the Amended Complaint fails to include any specific allegations suggesting a "meeting of the minds" to violate Plaintiff's constitutional rights, Plaintiff's Section 1983 conspiracy claim fails. *See Cunningham v. N. Versailles Twp.,* No. 09-1314, 2010 U.S. Dist. LEXIS 7005, at *16 (W.D. Pa. Jan. 27, 2010) (dismissing plaintiff's conspiracy claim and noting that "[i]t is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism") (quotation omitted).

Accordingly, Plaintiff's conspiracy claim contained in Count IV must be dismissed as to the County, Plantier and Moore.[8]

### 6. Plaintiff's Claims for Punitive Damages Against the County, Plantier and Moore Fail.

Plaintiff may not recover punitive damages against the County because doing so would violate Pennsylvania's public policy. *See Curran v. Phila. Hous. Auth.*, No. 95-8046, 1997 U.S. Dist. LEXIS 13813, at *8-15 (E.D. Pa. Sept. 5, 1997) (stating that there is a longstanding public policy which counsels against the recovery of punitive damages against a government agency, and that this public policy had been "reinjected with vigor" by the Pennsylvania Supreme Court) (citing *Feingold v. Southeastern Pa. Transp. Auth.*, 517 A.2d 1270, 1276-77 (1986) (other citation omitted)). Further, municipalities, such as the County, are immune from punitive damages under Section 1983. *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 356 (3d Cir. 2001) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)). Thus, Plaintiff's requests for punitive damages against the County must be dismissed.[9]

Plaintiff's claims for punitive damages against Plantier and Moore in their personal capacities also fail. To state a claim for punitive damages against state officials sued in their personal capacities, a plaintiff must allege "that the defendant's conduct was motivated by an evil motive or intent, or that the conduct involved reckless or callous indifference to the federally protected rights of others." *Langweiler*, 2010 U.S. Dist. LEXIS 137253, at *8-9 (dismissing a claim for punitive damages against an official where the only factual allegation

---

[8]     For the same reasons, Plaintiff's state law conspiracy claim in Count III against the County must be dismissed.

[9]     To the extent Plaintiff seeks punitive damages against Plantier and Moore in their official capacities, this request should be dismissed because punitive damages are not recoverable against an individual sued in his or her official capacity under Section 1983. *See Lakits v. York*, 258 F. Supp. 2d 401, 408 (E.D. Pa. Apr. 24, 2003).

against him was that he failed to conduct a background check of a police officer who later allegedly violated the plaintiff's constitutional rights). Further, "'reckless indifference' refers to a defendant's knowledge that he may be acting in violation of federal law" and, therefore, the focus is on the defendant's state of mind. *Id.* at *9. In the Amended Complaint, Plaintiff does not allege any facts to show that Plantier and/or Moore took any action to violate Plaintiff's constitutional rights or where aware that any of their actions violated any of the constitutional rights of the Plaintiff. Accordingly, Plaintiff has failed to adequately state a claim for punitive damages against Plantier and Moore and Plaintiff's request for punitive damages against Plantier and Moore must be dismissed.

### 7.    Plaintiff's Claims Against Plantier and Moore In Their Official Capacities are Duplicative.

Plaintiff's claims against Plantier and Moore in their official capacities should be dismissed because the claims are duplicative and redundant. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Thus, by naming both the County and Moore and Plantier in their official capacities as defendants in this action, Plaintiff's claims are duplicative and redundant. Plaintiff's claims against Plantier and Moore in their official capacities should be dismissed with prejudice. *See Whitfield*, 587 F. Supp. 2d at 665 n.13 (finding that claims against an official in her official capacity are redundant where the City itself is also sued, and therefore should be dismissed).

C.   **Plaintiff's State Law Claims Against the County, Plantier and Moore Must Be Dismissed.**

     1.   **Plaintiff's Claims in Count I and II Fail as to the County Because the County is Entitled to Immunity from Plaintiff's Tort Claims.**

Plaintiff also brings claims under CHRIA against the County for the alleged failure to expunge Plaintiff's criminal record and for the wrongful dissemination of Plaintiff's criminal record. These claims should be dismissed as to the County, however, because the County is immune from liability under the Tort Claims Act, 42 Pa.C.S.A. §§ 8541 *et seq.*

The Tort Claims Act was intended to "shield government from liability." *Jones v. Southeastern Pa. Transp. Auth.*, 772 A.2d 435, 440 (2001). The Tort Claims Act states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S.A. § 8541. Liability, however, may be imposed only where (1) damages would be recoverable under the common law or a statute *and* (2) the injury resulted from a negligent act of the agency or an employee that falls within a limited exception to governmental immunity. 42 Pa.C.S.A. § 8542(b). The eight enumerated exceptions are for acts involving vehicles; personal property; real property; trees; traffic controls and street lighting; utility service facilities; streets; sidewalks; and animals. *See* 42 Pa.C.S.A. § 8542(b). Courts interpret these exceptions narrowly. *Moles v. Borough of Norristown*, 780 A.2d 787, 791 (Pa. Commw. Ct. 2001). An alleged violation of CHRIA does not fall within one of the exceptions to governmental immunity. *Devore v. City of Philadelphia*, No. 04-3030, 2005 U.S. Dist. LEXIS 3438, at *18-19 (E.D. Pa. Feb. 11, 2005) (dismissing the plaintiff's claim under CHRIA for releasing expunged information against the city and officials acting in their official capacity because the plaintiff's claim did not fall within one of the eight exceptions to governmental immunity).

Accordingly, because Plaintiff's allegations against the County for violations of CHRIA do not fall within one of the eight exceptions to CHRIA, the County is entitled to immunity from Plaintiff's CHRIA claims pursuant to Section 8541 of the Tort Claims Act and Counts I and II of the Amended Complaint should be dismissed as to the County.[10]

> **2.      Plaintiff's Claims in Counts I and II Fail as to Plantier and Moore Because They Are Entitled to Immunity from Plaintiff's Claims.**

Plantier and Moore are also entitled to immunity from Plaintiff's tort claims under the Tort Claims Act.  Section 8545 of the Tort Claims Act states that "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter."  42 Pa.C.S.A. § 8545.  The same eight enumerated exceptions apply in actions against employees.  *See* 42 Pa.C.S.A. § 8542(b).  Moreover, an individual may only be held liable for conduct that "constituted a crime, actual fraud, actual malice or willful misconduct."  42 Pa.C.S.A. § 8550.  "[W]illful misconduct" is "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied."  *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp.*, 270 F. Supp. 2d 633, 663 (E.D. Pa. 2003) (internal quotation omitted).

Plaintiff's CHRIA claims do not fall within any of the exceptions to Plantier and Moore's tort claim immunity.  Moreover, Plaintiff has not set forth any allegations in the

---

[10]     In addition, the Tort Claims Act requires that Plaintiff's CHRIA claims against Plantier and Moore in their official capacities be dismissed.  *See* 42 Pa.C.S.A. § 8541; *Moore v. Vangelo*, No. 03-4718, 2004 U.S. Dist. LEXIS 2452, at *13 (E.D. Pa. Feb. 12, 2004) (stating that "a judgment against the Individual Defendants in their official capacity would impose liability on the City" and granting defendants' motion to dismiss plaintiff's tort claims against the individual defendants in their official capacities).

Amended Complaint suggesting that Plantier and Moore engaged in any type of conduct that would constitute "willful misconduct" sufficient to negate their immunity from Plaintiff's state law claims.  There is no allegation that Plantier and Moore were notified that Plaintiff's record had to be expunged, desired to bring about harm to Plaintiff, knew or should have known that Plaintiff's rights were being violated by the actions of their subordinates, or instructed subordinates to violate Plaintiff's rights.  As such, the allegations in the Amended Complaint are insufficient to overcome Plantier and Moore's immunity under the Tort Claims Act, and this Court should dismiss Plaintiff's CHRIA claims against Plantier and Moore.

## IV.    CONCLUSION

For the foregoing reasons, Defendants the County, Plantier, and Moore respectfully request that this Court grant their Motion to Dismiss the Amended Complaint as described herein.

Date: 6/13/2013

Frank A. Chernak (Attorney I.D. No. 57602)
Erin K. Clarke (Attorney I.D. No. 309331)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-864-8234
215-864-8318
chernakf@ballardspahr.com
clarkee@ballardspahr.com

Attorneys for Defendants the County of Bucks,
Bucks County Department of Corrections Director
William F. Plantier, and Bucks County Facility
Warden Terrance P. Moore

## CERTIFICATE OF SERVICE

I, Erin K. Clarke, hereby certify that on the _13th_ day of June, 2013, a true and correct copy of the foregoing Motion of Defendants the County of Bucks, Bucks County Department of Corrections Director William F. Plantier, and Bucks County Correctional Facility Warden Terrance P. Moore's to Dismiss claims against them in the Amended Complaint, along with the supporting brief, have been filed electronically and are available for viewing and downloading from the ECF system.  I further certify that I caused a true and correct copy of same to be served upon the following counsel via electronic filing:

Alan E. Denenberg, Esquire
Abramson & Denenberg
1315 Walnut Street, 12th Floor
Philadelphia, PA  19107

Kathryn A. Dux
German, Gallagher & Murtagh
200 S. Broad Street
Philadelphia, PA  19102

Barry N. Kramer
Office of the Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603

Date:  June 13, 2013

Erin K. Clarke