IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYOUSH TAHA<br>Individually, and on Behalf of<br>All Others Similarly Situated<br>29 MEADOWRUE LANE<br>SICKLERSVILLE, NJ 08081<br><br>VS.<br><br>BUCKS COUNTY PENNSYLVANIA<br>55 EAST COURT STREET<br>DOYLESTOWN, PA  18901<br>        AND<br>BUCKS COUNTY CORRECTIONAL FACILITY<br>1730 S. EASTON RD.<br>DOYLESTOWN, PA  1890<br>        AND<br>MUGSHOTS.COM, LLC,<br>C/O HARVARD BUSINESS SERVICES, INC.,<br>16192 COASTAL HIGHWAY,<br>LEWES, DE. 19958<br>        AND<br>MUGSHOTSONLINE.COM<br>CITIZENS INFORMATION ASSOCIATES. LLC<br>C/O JEREMY BROOKS<br>1604 NUECES<br>AUSTIN, TX  78701<br>        AND<br>BUSTED MUGSHOTS.COM<br>CITIZENS INFORMATION ASSOCIATES, LLC<br>C/O REGISTERED AGENT:<br>JEREMY BROOKS<br>1604 NUECES<br>AUSTIN, TX  78701 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br><br><br>JURY TRIAL<br>DEMANDED<br><br>NO.  12-6867 |

## SECOND AMENDED COMPLAINT - CLASS ACTION

### Introduction:

1.    Plaintiff, Daryoush Taha, brings this action as a class action for injunctive relief and

damages, pursuant to the Pennsylvania Criminal History Records Information Act,

18 Pa. Cons. Stat. §§ 9101-83 (hereinafter referred to as the "CHRIA"), and

Pennsylvania statutory and common law.

**Parties:**

2.      Plaintiff, Daryoush Taha, is a citizen of the State of New Jersey, residing as captioned.

3.      Defendant, Bucks County Pennsylvania, is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located as captioned, and is responsible for overseeing and operating Bucks County Correctional Facility, which is a "criminal justice agency" as defined by the Pennsylvania Criminal History Records Act ("CHRIA"), 18 Pa. C. S. § 9102.

4.      Defendant, Bucks County Correctional Facility ("BCCF") , is an agency of Defendant, Bucks County, with it principle place of business as captioned, and is responsible for the housing of pretrial detainees and prisoner in Bucks County.

5.      At all times material to the allegations herein, Bucks County Correctional Facility ("BCCF"), with the permission, consent, knowledge, assistance and financing of Defendant, Bucks County, maintains, or has maintained, a website that disseminates to the public criminal history record information, as defined by 18 Pa. C. S. § 9102, including the expunged criminal history record information of the Plaintiff, Daryoush Taha, and those similarly situated.

6.   Defendant, Mugshots.com, LLC, doing business as "Mugshots.com" is a limited liability corporation, organized and existing pursuant to Delaware law, with an agent designated to accept service of process in the State of Delaware, located as captioned.

7.   At all times material to the allegations herein, Defendant, Mugshots.com., LLC maintained a website for commercial profit that published the criminal history record information, including mug shots/booking photograhs (pictures) and arrests records, of persons who had been arrested and persons who had been arrested and had their records expunged, including the mug shot and arrest record of the Plaintiff, Daryoush Taha, and all those similarly situated.

8.  It is believed and therefore averred that Defendant, Mugshots.com, LLC, obtained the criminal history record information of the Plaintiff, Daryoush Taha, and all those similarly situated, from BCCF's website, and then disseminated this information via its website.

9.  Defendant Citizens Information Associates, LLC (hereinafter "CIA") operates the websites BustedMugshots.com and Mugshotsonline.com, and is a limited liability company with its registered agent, Jeremy Brooks, at 1604 Nueces, Austin, Texas 78701.

10.  At all times material to the allegations herein, Defendant, Citizens Information Associates, LLC (hereinafter referred to as "BustedMugshots.com" and "Mugshotsonline.com"), doing business as BustedMugshots.com and Mugshotsonline.com, maintained websites for commercial profit that published the criminal history record information, including mug shots/booking photographs (pictures) and arrests records, of persons who had been arrested and persons who had been arrested and had their records expunged, including the mug shot and arrest record of the Plaintiff, Daryoush Taha, and all those similarly situated.

11.  It is believed and therefore averred that Defendants, BustedMugshots.com and Mugshotsonline.com, obtained the criminal history record information of the Plaintiff, Daryoush Taha, and all those similarly situated, from BCCF's website, and then disseminated this information via their website.

## Jurisdiction & Venue:

12.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which Plaintiff's and other Class members and Defendants are citizens of different states.

13.  Venue is proper under 28 U.S.C. '§ 1391(b) because the cause of action upon which the complaint is based arose in Bucks County, Pennsylvania, which is in the Eastern

District of Pennsylvania.

## Class Action Allegations

14.   Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of all those who had been incarcerated at the Bucks County Prison and whose criminal history records, including photographs, were published on the open website of BCCF and

15.   The members of the class are so numerous that joinder of all members is impracticable. As of February 26, 2013, there were 209,089 entries listing the criminal history record information of individuals on the Bucks County Correctional Facility's website. Although the precise number of class members is unknown to Plaintiff at the present time, it can be ascertained by cross referencing the records that were available on the Bucks County Correctional Facility's website against the records available on the Pennsylvania Unified Judicial System Web Portal to determine those individuals who had their criminal history records expunged. If an individual's records were present on the Bucks County Correctional Facility's website, but absent on Pennsylvania Unified Judicial System, then it can be inferred that said individual is a member of the class of persons who had their records expunged.  The class of persons who were arrested but not convicted can be ascertained in a similar manner. Notice can then be provided to such members by using a combination of published notice and first class mail.

16.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's attorneys are experienced in both Civil Rights litigation and class action litigation.  There attorneys have approximately twenty-four (24) years of experience litigating various matters in the United States District Court for the Eastern District of Pennsylvania, with both experience in class actions and Civil Rights litigation under 42 U.S.C. § 1983, and have further handled several dozen matters related to the Pennsylvania CHRIA. Plaintiff intends to pursue this matter

vigorously.

17.    Plaintiff's claims are typical of the claims of other members of the Class because all claims result from the same failure of Defendants to comply with the CHRIA and result in the same types of damages. Plaintiff does not have any interest in conflict with other members of the Class.

18.    The defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

19.    Furthermore, common questions of law and fact exist as to all members of the class, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the members of the class are the following:

    a)  Whether the policy, custom and/or practice of defendants Bucks County/ BCCF in maintaining publicly accessible files listing the criminal history record information, including booking photographs, of individuals who had been arrested and those individual whose records had previously been ordered expunged are in violation of the CHRIA;

    b)  Whether the use by defendants Mugshots.com LLC, BustedMugshots.com" and "Mugshotsonline.com, of mug shots or pictures for commercial profit without the consent of the individuals violated Pennsylvania statutory law, 42 Pa. C. S. A. § 8316(a).

    c)  Whether the use by defendants Mugshots.com LLC, BustedMugshots.com" and "Mugshotsonline.com of the criminal history record of those individuals who had been arrested but not convicted portrayed those individuals in a false light in violation of Pennsylvania common law;

    d)  Whether the continuing violation of the class members' rights and

interests may be remedied through the issuance of an injunction.

**<u>Substantive Factual Averments:</u>**

20.    On or about September 29, 1998, the plaintiff was arrested by members of the Bensalem Police Department, processed at the Bensalem Police Department, where his mug shot was taken, and charged with a number of offenses.

21.    Pursuant to that arrest, Plaintiff was transported to BCCF where Bensalem Police Department provided or made available to BCCF the Plaintiff's arrest record, including the charges for which he had been arrested and for which he was being incarcerated.

22.    In addition to the arrest information made available by Bensalem Police Department to BCCF, BCCF also photographed the Plaintiff, and thereby created a file on the Plaintiff that included the information regarding his arrest that was made available by the Bensalem Township Police Department and the booking photograph taken at BCCF.

23.    On or about January 5, 1999, the plaintiff was placed in Accelerated Rehabilitative Disposition ("ARD") for one year, in relation to one of five counts, and all other charges were either discharged or nol prossed. *See Exhibit "A."*

24.    While plaintiff strongly believed himself to be innocent of all charges, the plaintiff nonetheless accepted ARD in order to secure the automatic expungment of all charges and avoid the damage to his reputation and career prospects that would arise from having a criminal record.

25.    On or about January 5, 2000, the Plaintiff completed his period of ARD without incident. *See Exhibit "B."*

26.    On or about January 31, 2000, President Judge R. Barry McAndrews, of the Court of Common Pleas of Bucks County, issued an Order, directing the Bensalem Police Department to expunge "the arrest record and other criminal records of the

defendant [Daryoush Taha] in this matter.... [to] Request, in so far as it is able, the return of such records as it has made available to Federal and State agencies and that it destroys such records on receipt thereof... [and] file with the Bucks County Clerk of Courts – Criminal Division, an Affidavit stating that said records have been EXPUNGED or destroyed within 30 days of this Order." *A true and correct copy of the Order of Expungement is attached hereto as Exhibit "C."*

27.   Defendant, Bucks County/BCCF is a "criminal justice agency" pursuant to 18. Pa. C. S. § 9102.

28.   Defendant Bucks County/BCCF is a "repositories" of the Plaintiff's criminal record as defined by the Pennsylvania Criminal History Records Act, 18 Pa. C. S. § 9102.

29.   Pursuant to 18 Pa. C. S. A . § 9121, Defendant, Bucks County/BCCF, which is not a "law enforcement agency" could not disseminate to the public criminal history record information, regardless of whether that information had been expunged.

30.   Notwithstanding the fact that Defendant Bucks County/BCCF was precluded from disseminating to the public criminal history record information, in 2007, Bucks County/BCCF created a website, that is accessible to the public, that disseminates the criminal history record information, including mug shots/booking photographs and arrest records, of individuals who have been incarcerated at BCCF after their arrest.

31.   The public dissemination of criminal history record information by Bucks County/BCCF included individuals such as the Plaintiff, who had been arrested years before and had their charges either expunged or dismissed.

32.   At the time of filing the original Complaint, Plaintiff's criminal record history information was still available and publicly accessible on the Bucks County Correctional Facility's website.

33.   On December 23, 2011, Defendants, Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com, obtained the Plaintiff's expunged criminal history record,

including his mug shot and arrest record, from BCCF's website, and posted the information to their websites for public consumption without consent of the Plaintiff.

34.    At the time of the posting on Mugshot.com LLC's, BustedMugshots.com and Mugshotsonline.com websites of the Plaintiff's criminal history record, more than thirteen (13) years had passed since the date of Plaintiff's arrest and incarceration in BCCF, the Plaintiff had never been convicted of any crime, and there were no criminal proceedings pending against the Plaintiff.

35.    Notwithstanding the above, on December 23, 2011, the Defendant, Bucks County/BCCF caused by its conduct and its failure to comply with the requirements of the CHRIA the dissemination of plaintiff's expunged criminal history record information, including the plaintiff's arrest and/or incarceration picture, to Defendants, Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings against the plaintiff, all of which were required to have been expunged pursuant to CHRIA.

36.    Defendants, Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com, are not criminal justice agencies but rather members of the public.

37.    More specifically, Defendants, Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com, are corporations which are in the business of publishing the criminal records of various individuals on their website and allowing internet users to comment on such photographs, in order to draw social media attention to the individual's photograph, earn advertising revenue from same, and extract a fee from the publicly disgraced individual in order to "unpublish" their information and have their photograph and arrest/criminal record removed from the websites.

38.    Having unlawfully obtained the plaintiff's criminal history record information, the Defendants, Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com, further disseminated the plaintiff's information on their websites, by posting the

plaintiff's name, "mugshot," date of birth, and physical description, along with the

plaintiff's date of confinement, date of release, county in which he was arrested, and

a partial list of the charges arising from the plaintiff's arrest, none of which charges

resulted in a conviction, and all of which had been ordered to be expunged within

thirty days of January 31, 2000.

39.     As a direct and proximate result of the aforementioned acts and conduct of the

Defendants, jointly and/or severally, the plaintiff, Daryoush Taha, suffered damages

including, but not limited to:  damage to his reputation, anxiety, frustration, emotional

distress, embarrassment, invasion of his right to privacy, and the deprivation of the

benefit of his bargain in accepting the ARD plea agreement.

40.     As a further direct and proximate result of the aforementioned conduct of the

defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has been obliged to

and may continue to expend various sums of money and to incur various expenditures

for legal counseling and representation.

41.     As a further direct and proximate result of the aforementioned conduct of the

defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has and will

hereinafter incur other financial expenses and losses.

42.     As a further direct and proximate result of the aforementioned conduct of the

defendants, Plaintiff is entitled to statutory damages, costs and attorney's fees.

**COUNT I – 18 Pa.C.S. § 9121 and § 9183**
**WRONGFUL DISSEMINATION OF CRIMINAL**
**HISTORY RECORD INFORMATION**
**DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS**
**SIMILARLY SITUATED v. BUCKS COUNTY, BCCF, MUGSHOTS.COM, LLC. ,**
**BUSTEDMUGSHOTS.COM, AND MUGSHOTSONLINE.COM**

43.     Paragraphs 1 through 42 are incorporated herein by reference, as though fully set forth

at length.

44.     As aforesaid, in 2007, notwithstanding the terms of 18 Pa. C. S. § 9121, which

precludes Bucks County/BCCF from disseminating criminal history record information to the public, Bucks County/BCCF created a website disseminating to the public the criminal history record information of those individuals who had been incarcerated at BCCF, including the Plaintiff, regardless of whether the information had been expunged or the person had not been convicted of any crime.

45. On December 23, 2011, the Defendant, Bucks County/BCCF, disseminated or caused to be disseminated the Plaintiff's criminal history record information to the Defendants, Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings.

46. Specifically, Defendant Bucks County/BCCF disseminated the Plaintiff's prison "mugshot," date of arrest, date of release, and charges involved in the initiation of criminal proceedings, in violation of the CHRIA, 18 Pa.C.S. § 9121.

47. Defendants, Mugshots.com LLC, BustedMugshots.com and Mugshotsonline.com, then disseminated the aforementioned information on their websites.

48. The dissemination of the Plaintiff's criminal record history information by Defendants Bucks County/BCCF, Mugshots.com, BustedMugshots.com and Mugshotsonline.com, violated the Plaintiff's rights under CHRIA.

49. The plaintiff has been aggrieved by the defendants' violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

50. Plaintiff believes, and therefore avers, that the Defendants, Bucks County's/BCCF's, Mugshots.com LLC's, BustedMugshots.com's and Mugshotsonline.com's, wrongful dissemination of his criminal history record information was willful, served no legitimate purpose, and done in direct violation of the terms of the CHRIA.

51. Defendants' willful violation of the CHRIA entitles the plaintiff to punitive damages.

   **WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information

Act 18 Pa.C.S. § 9183, et seq., the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, demands judgment against the Defendants, Bucks County, BCCF, Mugshots.com LLC, BustedMugshots.com and Mugshotsonline.com, jointly and/or severally, for compensatory damages, statutory punitive damages, attorney's fees, and an injunction, ordering both Defendants to take down their websites.

<u>**COUNT II – 18 Pa.C.S. § 9183**</u>
**<u>WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD</u>**
**<u>INFORMATION</u>**
**<u>INJUNCTIVE RELIEF</u>**
**<u>DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS</u>**
**<u>SIMILARLY SITUATED V. MUGSHOTS.COM, LLC, D/B/A "MUGSHOTS.COM",</u>**
**<u>BUSTEDMUGSHOTS.COM, MUGSHOTSONLINE.COM, BCCF</u>**
**<u>AND BUCKS COUNTY</u>**

52.   Paragraphs 1 through 51 are incorporated herein by reference, as though fully set forth at length.

53.   The plaintiff has been aggrieved by the Defendants, Bucks County, BCCF, Mugshots.com, LLC's, BustedMugshots.com's and Mugshotsonline.com's violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

54.   Plaintiff believes, and therefore avers, that the Defendants' wrongful dissemination of his criminal history record information was willful, and was intentionally and maliciously undertaken to publicly shame the plaintiff, and in the case of Mugshots.com, LLC, BustedMugshots.com and Mugshotsonline.com in order to exert pressure on the plaintiff to pay money to remove or "unpublish" the plaintiff's records from the Defendants' websites.

55.   Defendants' willful violation of the CHRIA entitles the plaintiff to punitive damages.

56.   The plaintiff believes, and therefore avers, that the damage from the Defendants, Bucks County's, BCCF, Mugshots.com, LLC's, BustedMugshots.com's and Mugshotsonline.com's violation of the CHRIA is ongoing, cannot be fully

compensated through the award of monetary compensation alone, and will continue unless and until the Defendants are enjoined to remove the plaintiff's unlawfully acquired, retained and disseminated criminal history record information from their websites.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa. C. S. § 9183 the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter an injunction against the defendants, Mugshots.com, LLC, d/b/a "Mugshots.com, BustedMugshots.com and Mugshotsonline.com, BCCF and Bucks County, directing the Defendants to remove the Plaintiffs' criminal records history information from their websites, and/or to take down their website and also awarding compensatory damages, statutory punitive damages, statutory attorney's fees, and all other relief that this Honorable Court deems just and applicable.

### COUNT III – 18 Pa. C. S. § 8316<br>UNAUTHORIZED USE OF NAME OR LIKENESS<br>DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS<br>SIMILARLY SITUATED V. MUGSHOTS.COM, LLC, D/B/A "MUGSHOTS.COM",<br>BUSTEDMUGSHOTS.COM AND MUGSHOTSONLINE.COM

57. Paragraphs 1 through 56 are incorporated herein by reference, as though fully set forth at length.

58. Defendants, Mugshots.com LLC, BustedMugshots.com and Mugshots.Online.com appropriated the Plaintiff's, and those similarly situated, likeness or picture, without consent, and used it for a commercial purpose.

59. The conduct of Defendants, Mugshots.com LLC, BustedMugshots.com and Mugshots.Online.com, in publishing the Plaintiff's, and those similarly situated, mug shots/booking photographs on their websites for the purpose of commercial gain without the consent of the Plaintiff, or those similarly situated, is a violation of 42

Pa. C. S. § 8316.

60. Pursuant to 42 Pa. C. S. § 8316(a), Plaintiff is entitled to "enjoin such unauthorized use and to recover damages for any loss or injury sustained by such use."

**WHEREFORE,** pursuant to 42 Pa. C. S. § 8316(a), the plaintiff, Daryoush Taha, , individually, and on behalf of all others similarly situated, demands judgment against Mugshots.com LLC, BustedMugshots.com and Mugshotsonline.com, for compensatory damages, costs, attorney's fees, and injunctive relief.

## COUNT IV
## FALSE LIGHT/INVASION OF PRIVACY
## DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. MUGSHOTS.COM, LLC, D/B/A "MUGSHOTS.COM", BUSTEDMUGSHOTS.COM AND MUGSHOTSONLINE.COM

61. Paragraphs 1 through 60 are incorporated herein by reference, as though fully set forth at length.

62. Defendants, Mugshots.com LLC's, BustedMugshots.com's and Mugshotsonline.com's, publication of the Plaintiff's mug shot and arrest record on their websites gave publicity to the Plaintiff's expunged arrest and falsely portrayed him as a convicted criminal.

63. The false portrayal of the Plaintiff as a criminal was highly offensive to the Plaintiff, and those similarly situtated, and would have been highly offensive to a reasonable person.

64. Defendants, Mugshots.com LLC's, BustedMugshots.com's and Mugshotsonline.com's publication of the Plaintiff's mug shot and arrest record and portrayal of the Plaintiff as a criminal was done with reckless disregard for the fact that the Plaintiff had had his record expunged and had not been convicted of any crimes.

65. Defendant, Mugshots.com LLC's, BustedMugshots.com's and Mugshotsonline.com's

6. publication of the Plaintiff's mug shot and arrest record created a false impression regarding the Plaintiff's criminal history and character and damaged his reputation.

**WHEREFORE,** Plaintiff, Daryoush Taha, , individually, and on behalf of all others similarly situated, demands judgment against Mugshots.com LLC, BustedMugshots.com and Mugshots.Online.com for compensatory damages, costs,  and attorney's fees.

ABRAMSON & DENENBERG, P.C.

BY:_____
    ALAN E. DENENBERG, ESQUIRE
    1315 WALNUT ST., 12TH FLOOR
    PHILADELPHIA, PA  19107
    (215) 546-1345

SEEGER WEISS, LLP

BY:_____
    SCOTT GEORGE, ESQUIRE
    1515 MARKET ST., STE 1380
    PHILADELPHIA, PA  19102
    (215) 553-7982

BY:_____
    JONATHAN SHUB, ESQUIRE
    1515 MARKET ST., STE 1380
    PHILADELPHIA, PA  19102
    (215) 553-7980