IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYOUSH TAHA<br>Individually, and on Behalf of<br>All Others Similarly Situated<br>29 MEADOWRUE LANE<br>SICKLERSVILLE, NJ 08081<br><br>VS.<br><br>BUCKS COUNTY PENNSYLVANIA<br>55 EAST COURT STREET<br>DOYLESTOWN, PA 18901<br>AND<br>BUCKS COUNTY CORRECTIONAL FACILITY<br>1730 S. EASTON RD.<br>DOYLESTOWN, PA 1890<br>AND<br>UNPUBLISH LLC d/b/a MUGSHOTS.COM, LLC,<br>C/O NORTHWEST REGISTERED AGENT LLC<br>1030 N. ROCKY POINT DRIVE<br>SUITE 150A<br>TAMPA, FL 33607<br>AND<br>CITIZENS INFORMATION ASSOCIATES. LLC d/b/a<br>MUGSHOTSONLINE.COM and BUSTED MUGSHOTS.COM<br>C/O REGISTERED AGENT<br>CT CORPORATION SYSTEM<br>1999 BRYAN ST., STE 900<br>DALLAS, TX 75201 | : | CIVIL ACTION<br><br>JURY TRIAL<br>DEMANDED<br><br>NO. 12-6867 |

## THIRD AMENDED COMPLAINT - CLASS ACTION

**Introduction:**

1. Plaintiff, Daryoush Taha, brings this action as a class action for injunctive relief and damages, pursuant to the Pennsylvania Criminal History Records Information Act, 18 Pa. Cons. Stat. §§ 9101-83 (hereinafter referred to as the "CHRIA"), and Pennsylvania common law.

**Parties:**

2. Plaintiff, Daryoush Taha, is a citizen of the State of New Jersey, residing as captioned.
3. Defendant, Bucks County Pennsylvania, is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located as captioned, and is responsible for overseeing and operating Bucks County Correctional Facility, which is a "criminal justice agency" as defined by the Pennsylvania Criminal History Records Act ("CHRIA"), 18 Pa. C. S. § 9102.
4. Defendant, Bucks County Correctional Facility ("BCCF") , is an agency of Defendant, Bucks County, with it principle place of business as captioned, and is responsible for the housing of pretrial detainees and prisoner in Bucks County.
5. At all times material to the allegations herein, Bucks County Correctional Facility ("BCCF"), with the permission, consent, knowledge, assistance and financing of Defendant, Bucks County, maintains, or has maintained, a website that disseminates to the public criminal history record information, as defined by 18 Pa. C. S. § 9102, including the expunged criminal history record information of the Plaintiff, Daryoush Taha, and those similarly situated.
6. Defendant, Unpublish LLC d/b/a Mugshots.com is a limited liability company, organized and existing pursuant to Wyoming law, with an agent designated to accept service of process in the State of Florida, located as captioned.
7. At all times material to the allegations herein, Defendant, Unpublish LLC d/b/a Mugshots.com maintained a website for commercial profit that published the criminal history record information, including mug shots/booking photograhs (pictures) and arrests records, of persons who had been arrested and persons who had been arrested and had their records expunged, including the mug shot and arrest record of the Plaintiff, Daryoush Taha, and all those similarly situated.
8. It is believed and therefore averred that Defendant, Unpublish LLC d/b/a

Mugshots.com , obtained the criminal history record information of the Plaintiff, Daryoush Taha, and all those similarly situated, from BCCF's website, and through other sources, including, but not limited to, paying for the information, and then disseminated this information via its website.

9. Defendant Citizens Information Associates, LLC d/b/a BustedMugshots.com and Mugshotsonline.com (hereinafter "CIA") operates the websites BustedMugshots.com and Mugshotsonline.com, and is a limited liability company organized and existing under the laws of Texas with its registered agent as listed above.

10. At all times material to the allegations herein, Defendant, CIA, doing business as BustedMugshots.com and Mugshotsonline.com, maintained websites for commercial profit that published the criminal history record information, including mug shots/booking photographs (pictures) and arrests records, of persons who had been arrested and persons who had been arrested and had their records expunged, including the mug shot and arrest record of the Plaintiff, Daryoush Taha, and all those similarly situated.

11. It is believed and therefore averred that Defendant, CIA, obtained the criminal history record information of the Plaintiff, Daryoush Taha, and all those similarly situated, from BCCF's website, and through other sources, including, but not limited to, paying for the information, and then disseminated this information via their website.

**Jurisdiction & Venue:**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which Plaintiff's and other Class members and Defendants are citizens of different states.

13. Venue is proper under 28 U.S.C. '§ 1391(b) because the cause of action upon which

the complaint is based arose in Bucks County, Pennsylvania, which is in the Eastern District of Pennsylvania.

**Class Action Allegations**

14. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of all those who had been incarcerated at the Bucks County Prison and whose criminal history records, including photographs, were published on the open website of BCCF and on behalf of those Pennsylvania citizens who have had their criminal history record information published on Defendants Unpublish LLC's and CIA's websites.

15. The members of the class are so numerous that joinder of all members is impracticable. As of February 26, 2013, there were 209,089 entries listing the criminal history record information of individuals on the Bucks County Correctional Facility's website. Although the precise number of class members is unknown to Plaintiff at the present time, it can be ascertained by cross referencing the records that were available on the Bucks County Correctional Facility's website against the records available on the Pennsylvania Unified Judicial System Web Portal to determine those individuals who had their criminal history records expunged. If an individual's records were present on the Bucks County Correctional Facility's website, but absent on Pennsylvania Unified Judicial System, then it can be inferred that said individual is a member of the class of persons who had their records expunged. The class of persons who were arrested but not convicted can be ascertained in a similar manner. Notice can then be provided to such members by using a combination of published notice and first class mail.

16. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's attorneys are experienced in both Civil Rights litigation and class action litigation. There attorneys have approximately twenty-four (24) years of experience litigating various matters in the United States District Court for the

Eastern District of Pennsylvania, with both experience in class actions and Civil Rights litigation under 42 U.S.C. § 1983, and have further handled several dozen matters related to the Pennsylvania CHRIA. Plaintiff intends to pursue this matter vigorously.

17. Plaintiff's claims are typical of the claims of other members of the Class because all claims result from the same failure of Defendants to comply with the CHRIA and result in the same types of damages. Plaintiff does not have any interest in conflict with other members of the Class.

18. The defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

19. Furthermore, common questions of law and fact exist as to all members of the class, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the members of the class are the following:

    a) Whether the policy, custom and/or practice of defendants Bucks County/ BCCF in maintaining publicly accessible files listing the criminal history record information, including booking photographs, of individuals who had been arrested and those individual whose records had previously been ordered expunged are in violation of the CHRIA;

    b) Whether the use by defendants Unpublish LLC and CIA of the criminal history record of those individuals who had been arrested but not convicted portrayed those individuals in a false light in violation of Pennsylvania common law;

    c) Whether the continuing violation of the class members' rights and interests may be remedied through the issuance of an injunction against defendants Bucks County/ BCCF pursuant to CHRIA.

**Substantive Factual Averments:**

20. On or about September 29, 1998, the plaintiff was arrested by members of the Bensalem Police Department, processed at the Bensalem Police Department, where his mug shot was taken, and charged with a number of offenses.

21. Pursuant to that arrest, Plaintiff was transported to BCCF where Bensalem Police Department provided or made available to BCCF the Plaintiff's arrest record, including the charges for which he had been arrested and for which he was being incarcerated.

22. In addition to the arrest information made available by Bensalem Police Department to BCCF, BCCF also photographed the Plaintiff, and thereby created a file on the Plaintiff that included the information regarding his arrest that was made available by the Bensalem Township Police Department and the booking photograph taken at BCCF.

23. On or about January 5, 1999, the plaintiff was placed in Accelerated Rehabilitative Disposition ("ARD") for one year, in relation to one of five counts, and all other charges were either discharged or nol prossed.

24. While plaintiff strongly believed himself to be innocent of all charges, the plaintiff nonetheless accepted ARD in order to secure the automatic expungment of all charges and avoid the damage to his reputation and career prospects that would arise from having a criminal record.

25. On or about January 5, 2000, the Plaintiff completed his period of ARD without incident.

26. On or about January 31, 2000, President Judge R. Barry McAndrews, of the Court of Common Pleas of Bucks County, issued an Order, directing the Bensalem Police Department to expunge "the arrest record and other criminal records of the defendant [Daryoush Taha] in this matter.... [to] Request, in so far as it is able, the

return of such records as it has made available to Federal and State agencies and that it destroys such records on receipt thereof… [and] file with the Bucks County Clerk of Courts – Criminal Division, an Affidavit stating that said records have been EXPUNGED or destroyed within 30 days of this Order."

27. Defendant, Bucks County/BCCF is a "criminal justice agency" pursuant to 18. Pa. C. S. § 9102.

28. Defendant Bucks County/BCCF is a "repository" of the Plaintiff's criminal record as defined by the Pennsylvania Criminal History Records Act, 18 Pa. C. S. § 9102.

29. Pursuant to 18 Pa. C. S. A . § 9121, Defendant, Bucks County/BCCF, which is not a "law enforcement agency" could not disseminate to the public criminal history record information, regardless of whether that information had been expunged.

30. Notwithstanding the fact that Defendant Bucks County/BCCF was precluded from disseminating to the public criminal history record information, in 2007, Bucks County/BCCF created a website, that is accessible to the public, that disseminates the criminal history record information, including mug shots/booking photographs and arrest records, of individuals who have been incarcerated at BCCF after their arrest.

31. The public dissemination of criminal history record information by Bucks County/BCCF included individuals such as the Plaintiff, who had been arrested years before and had their charges either expunged or dismissed.

32. At the time of filing the original Complaint, Plaintiff's criminal record history information was still available and publicly accessible on the Bucks County Correctional Facility's website.

33. On December 23, 2011, Defendants, Unpublish LLC and CIA, obtained the Plaintiff's expunged criminal history record, including his mug shot and arrest record, from BCCF's website, and posted the information to their websites for public consumption without consent of the Plaintiff.

34. At the time of the posting on Unpublish LLC's and CIA's websites of the Plaintiff's criminal history record, more than thirteen (13) years had passed since the date of Plaintiff's arrest and incarceration in BCCF, the Plaintiff had never been convicted of any crime, and there were no criminal proceedings pending against the Plaintiff.

35. Notwithstanding the above, on December 23, 2011, the Defendant, Bucks County/BCCF caused by its conduct and its failure to comply with the requirements of the CHRIA the dissemination of plaintiff's expunged criminal history record information, including the plaintiff's arrest and/or incarceration picture, to Defendants, Unpublish LLC and CIA, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings against the plaintiff, all of which were required to have been expunged pursuant to CHRIA.

36. Defendants, Unpublish LLC and CIA, are not criminal justice agencies but rather members of the public.

37. More specifically, Defendants, Unpublish LLC and CIA, are corporations which are in the business of publishing the criminal records of various individuals on their website and allowing internet users to comment on such photographs, in order to draw social media attention to the individual's photograph, earn advertising revenue from same, and extract a fee from the publicly disgraced individual in order to "unpublish" their information and have their photograph and arrest/criminal record removed from the websites.

38. Having unlawfully obtained the plaintiff's criminal history record information, the Defendants, Unpublish LLC and CIA, further disseminated the plaintiff's information on their websites, by posting the plaintiff's name, "mugshot," date of birth, and physical description, along with the plaintiff's date of confinement, date of release, county in which he was arrested, and a partial list of the charges arising from the plaintiff's arrest, none of which charges resulted in a conviction, and all of which

had been ordered to be expunged within thirty days of January 31, 2000.

39. As a direct and proximate result of the aforementioned acts and conduct of the Defendants, jointly and/or severally, the plaintiff, Daryoush Taha, suffered damages including, but not limited to: damage to his reputation, anxiety, frustration, emotional distress, embarrassment, invasion of his right to privacy, and the deprivation of the benefit of his bargain in accepting the ARD plea agreement.

40. As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has been obliged to and may continue to expend various sums of money and to incur various expenditures for legal counseling and representation.

41. As a further direct and proximate result of the aforementioned conduct of the defendants, jointly and/or severally, the plaintiff, Daryoush Taha, has and will hereinafter incur other financial expenses and losses.

42. As a further direct and proximate result of the aforementioned conduct of the defendants, Plaintiff is entitled to statutory damages, costs and attorney's fees.

**COUNT I – 18 Pa.C.S. § 9121 and § 9183**
**WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD INFORMATION**
**DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED v. BUCKS COUNTY and BCCF**

43. Paragraphs 1 through 42 are incorporated herein by reference, as though fully set forth at length.

44. As aforesaid, in 2007, notwithstanding the terms of 18 Pa. C. S. § 9121, which precludes Bucks County/BCCF from disseminating criminal history record information to the public, Bucks County/BCCF created a website disseminating to the public the criminal history record information of those individuals who had been incarcerated at BCCF, including the Plaintiff, regardless of whether the

information had been expunged or the person had not been convicted of any crime.

45. On December 23, 2011, the Defendant, Bucks County/BCCF, disseminated or caused to be disseminated the Plaintiff's criminal history record information to the Defendants, Unpublish LLC and CIA, without extracting from the record all notations of arrest, indictments and/or other information relating to the initiation of criminal proceedings.

46. Specifically, Defendant Bucks County/BCCF disseminated the Plaintiff's prison "mugshot," date of arrest, date of release, and charges involved in the initiation of criminal proceedings, in violation of the CHRIA, 18 Pa.C.S. § 9121.

47. Defendants, Unpublish LLC and CIA, then disseminated the aforementioned information on their websites.

48. The dissemination of the Plaintiff's criminal record history information by Defendants Bucks County/BCCF violated the Plaintiff's rights under CHRIA.

49. The plaintiff has been aggrieved by the Defendants Bucks County's/BCCF's violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

50. Plaintiff believes, and therefore avers, that the Defendants, Bucks County's/BCCF's wrongful dissemination of his criminal history record information was willful, served no legitimate purpose, and done in direct violation of the terms of the CHRIA.

51. Defendants' willful violation of the CHRIA entitles the plaintiff to punitive damages.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa.C.S. § 9183, et seq., the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, demands judgment against the Defendants Bucks County and BCCF jointly and/or severally, for compensatory damages, statutory punitive damages, attorney's fees, and an injunction, ordering both Defendants to take down their websites.

## COUNT II – 18 Pa.C.S. § 9183
## WRONGFUL DISSEMINATION OF CRIMINAL HISTORY RECORD INFORMATION
## INJUNCTIVE RELIEF
## DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. BCCF AND BUCKS COUNTY

52. Paragraphs 1 through 51 are incorporated herein by reference, as though fully set forth at length.

53. The plaintiff has been aggrieved by the Defendants Bucks County's and BCCF's, violation of the CHRIA, and continues to be aggrieved by said violation, as more fully described above.

54. Plaintiff believes, and therefore avers, that the Defendants Bucks County's and BCCF's wrongful dissemination of his criminal history record information was willful, and was intentionally and maliciously undertaken to publicly shame the plaintiff.

55. Defendants Bucks County's and BCCF's willful violation of the CHRIA entitles the plaintiff to punitive damages.

56. The plaintiff believes, and therefore avers, that the damage from the Defendants Bucks County's and BCCF's violation of the CHRIA is ongoing, cannot be fully compensated through the award of monetary compensation alone, and will continue unless and until the Defendants are enjoined to remove the plaintiff's unlawfully acquired, retained and disseminated criminal history record information from their websites.

**WHEREFORE**, pursuant to the Pennsylvania Criminal History Records Information Act 18 Pa. C. S. § 9183 the plaintiff, Daryoush Taha, individually, and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter an injunction against the Defendants BCCF and Bucks County, directing the Defendants to remove the Plaintiffs' criminal records history information from their websites, and/or to take down their website and also awarding compensatory damages, statutory punitive damages, statutory attorney's fees, and all other relief that this Honorable Court deems just and applicable.

**COUNT III**
**FALSE LIGHT/INVASION OF PRIVACY**
**DARYOUSH TAHA, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED V. UNPUBLISH LLC AND CIA**

57. Paragraphs 1 through 56 are incorporated herein by reference, as though fully set forth at length.

58. Defendants, Unpublish LLC's and CIA's, publication of the Plaintiff's mug shot and arrest record, and the mug shot and arrest records of other similarly situated Pennsylvania citizens, on their websites gave publicity to the Plaintiff's expunged arrest and falsely portrayed him as a convicted criminal, and was done for the purpose of extortion by shaming the Plaintiff and others similarly situated into paying the aforementioned Defendants to unpublish the information.

59. The false and/or misleading portrayal of the Plaintiff as a criminal was highly offensive to the Plaintiff, and those similarly situtated, and would have been highly offensive to a reasonable person.

60. Defendants, Unpublish LLC's and CIA's publication of the Plaintiff's mug shot and arrest record and portrayal of the Plaintiff as a criminal was done with reckless disregard for the fact that the Plaintiff had had his record expunged and had not been convicted of any crimes.

61. Defendant, Unpublish LLC's and CIA's publication of the Plaintiff's mug shot and arrest record created a false impression regarding the Plaintiff's criminal history and character and damaged his reputation.

**WHEREFORE,** Plaintiff, Daryoush Taha, , individually, and on behalf of all others

similarly situated, demands judgment against Unpublish LLC and CIA for compensatory damages, costs, and attorney's fees.

**ABRAMSON & DENENBERG, P.C.**

**BY:_s/ Alan Denenberg**
**ALAN E. DENENBERG, ESQUIRE**
**1315 WALNUT ST., 12TH FLOOR**
**PHILADELPHIA, PA 19107**
**(215) 546-1345**

**SEEGER WEISS, LLP**

**BY:__s/ Scott George**
**SCOTT GEORGE, ESQUIRE**
**1515 MARKET ST., STE 1380**
**PHILADELPHIA, PA 19102**
**(215) 553-7982**

**BY:_ s/ Jonathan Shub**
**JONATHAN SHUB, ESQUIRE**
**1515 MARKET ST., STE 1380**
**PHILADELPHIA, PA 19102**
**(215) 553-7980**

**BY: ALAN E. DENENBERG, ESQUIRE**
**IDENTIFICATION NUMBER: 54161**
**1315 WALNUT STREET, 12TH FLOOR**
**PHILADELPHIA, PA. 19107**

**ATTORNEY FOR PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARYOUSH TAHA** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | **12-06867-TJS** |
| **v.** | : | |
| | : | |
| **BUCKS COUNTY et al.** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Alan Denenberg, Esquire, hereby certify that on April 9, 2014, I served a true and correct copy of Plaintiff's Third Amended Complaint in the above captioned case via the following methods:

Frank A. Chernak, Esquire (via ECF)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Jay Barry Harris, Esquire (via ECF)
FINEMAN KREKSTEIN & HARRIS
Mellon Bank Center Suite 600
1735 Market St.
Philadelphia, PA 19103-7513

Joseph F. Centrich, Esquire (via ECF)
Lance Winchester, Esquire
CLAUSEN & CENTRICH
2002 Timberlock Pl, Suite 200
The Woodlands, TX 77380

Northwest Registered Agent LLC (via Certified Mail and First Class Mail)
1030 N. Rocky Point Drive
Suite 150A
Tampa, FL 33607

Date: April 9, 2014

___S/ Alan Denenberg_______
ALAN DENENBERG, ESQUIR