IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYOUSH TAHA, Individually and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : BUCKS COUNTY, et al., : : Defendants. : | CIVIL ACTION<br><br>NO. 12-6867 |

**BRIEF OF THE COUNTY OF BUCKS AND
THE BUCKS COUNTY CORRECTIONAL FACILITY
IN ACCORDANCE WITH THIS COURT'S APRIL 8, 2016 ORDER**

Defendants the County of Bucks and the Bucks County Correctional Facility ("BCCF") (collectively, the "County Defendants"), by and through their undersigned counsel, hereby submit this Brief in accordance with this Court's April 8, 2016 Order [Dkt. No. 148].

I. **ARGUMENT**

    A. **Punitive damages create individualized issues that predominate over any questions affecting the class as a whole.**

Plaintiff's punitive damages claims are inappropriate for class certification under Rule 23(b)(3) because these claims depend on each class member's injury and cannot be determined on a classwide basis. *See Xavier v. Belfor Group USA, Inc.*, 254 F.R.D. 281, 291 (E.D. La. 2008) (ruling that class allegations failed to meet Rule 23(b)(3)'s predominance requirement and stating that "the liquidated and punitive damages claims must depend on an individualized analysis to comport with the Constitutional protections espoused in *BMW v. Gore*, 517 U.S. 559 (1996)."); *Nelson v. Wal-Mart Stores, Inc.*, 245 F.R.D. 358, 379 (E.D. Ark. 2007) (issue of punitive damages posed an "insuperable barrier to certification" of proposed class under Rule 23(b)(3)); *In re Baycol Products Litig.*, 218 F.R.D. 197, 215-16 (D. Minn. 2003) (finding that

class certification of punitive damages was not superior method because a determination of punitive damages is based on individualized issues); *Elkins v. Am. Showa, Inc.*, 219 F.R.D. 414, 427 (S.D. Ohio 2002) (stating that "punitive damages . . . must be determined based on the harassment inflicted on an individual plaintiff and the employer's response"); *In re Copley Pharmaceutical, Inc.*, 161 F.R.D. 456, 467-68 (D. Wyo. 1995) (finding that "punitive damages were inappropriate for class certification because they depend on an individual's injury and compensable damages" and rejecting plaintiff's proposal that whether defendant was willful and wanton or reckless could be determined on a classwide basis because it is necessary for the jury to determine the amount of punitive damages).

An award of punitive damages must comport with due process. *See Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 422-23, 426 (2003); *BMW of North Am., Inc. v. Gore*, 517 U.S. 559 (1996). Apart from due process considerations, an award of punitive damages must also not be excessive. *See Mercado-Berrios v. Cancel-Alegria*, 611 F.3d 18, 29 (1st Cir. 2010) (reviewing punitive damage award "under the traditional common law excessiveness standard rather than the Due Process excessiveness standard"); *Holt v. Pennsylvania*, No. 10-5510, 2015 U.S. Dist. LEXIS 109311, at \*123 (E.D. Pa. Aug. 19, 2015). When determining whether a punitive damages award is excessive because it "shocks the conscience," a court should consider the factors set by the U.S. Supreme Court in *BMW of North Am., Inc. v. Gore*. *Holt*, 2015 U.S. Dist. LEXIS 109311, at \*124 (*citing Brilla v. Pettit*, 57 Fed. Appx. 947, 949 (3d Cir. 2003). Specifically, courts should consider (1) the degree of reprehensibility of the act; (2) the disparity between the harm or potential harm suffered and the punitive damages award; and (3) the difference between the remedy and civil penalties authorized in comparable cases. *Id.* (citing *State Farm Mut. Auto. Ins.*

*Co. v. Campbell*, 538 U.S. 408, 419 (2003)); *see also Dee v. Borough of Dunmore*, 474 Fed. Appx. 85, 89 (3d Cir. 2012).

Moreover, punitive damages may not be assessed simply upon a finding that the County's actions were willful, but instead require individualized and independent proof of harm as to each class member. *See*, *e.g.*, *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 418-19 (5th Cir. 1998) (denying class certification and noting that punitive damages, which are "awarded on the basis of intangible injuries and interests, are uniquely dependent on the subjective and intangible differences of each class member's individual circumstances"). On this basis, courts have denied class certification pursuant to Rule 23(b)(3) because the individualized issues that relate to punitive damages would predominate over any common issues. *See id.*; *see also Stephens v. Seven Seventeen HB Phila. Corp. No. 2*, No. 99-4541, 2004 U.S. Dist. LEXIS 14597, at *14-19 (E.D. Pa. July 28, 2004) (denying class certification pursuant to Rule 23(b)(3) because individual issues relating to damages, including punitive damages, would predominate over any common issues); *Miller v. Hygrade Food Prods. Corp.*, 198 F.R.D. 638, 642-43 (E.D. Pa. 2001) (denying class certification under Rule 23(b)(2) and (b)(3) because "calculating compensatory and punitive damages, as opposed to simply back pay, of 200 persons would prove to be quite an individualized task"); *Gilliam v. HBE Corp.*, 204 F.R.D. 493, 497 (M.D. Fla. Oct. 13, 2000) ("[C]ertification under Rule 23(b)(3) is inappropriate where, as here, class members in a civil rights case not involving employment discrimination seek compensatory and punitive damages.").

Applying these principles in this case, recovery of punitive damages is a fact-specific inquiry that requires individualized assessment and independent proof of injury or harm to each of the proposed 66,799 class members. The County Defendants would be entitled to extensive

discovery as to the actual and real damages suffered by each individual class member and cross-examination of each individual member at trial.  Thus, the amount of punitive damages awarded to each class member would require numerous mini-trials that would make class certification of the punitive damages claim inappropriate.[1]

### B. Plaintiff's claims for punitive damages are inappropriate for class certification under Rule 23(b)(2).

In addition, Plaintiff's claims for punitive damages are inappropriate for class certification under Rule 23(b)(2) because these "individualized monetary claims belong in Rule 23(b)(3)." *Mothersell v. City of Syracuse*, 08-615, 2013 WL 936454, at *12 (N.D.N.Y. Mar. 8, 2013); *Scott v. Family Dollar Stores, Inc.*, No. 08-540, 2012 WL 113657, at *4 (W.D.N.C. Jan. 13, 2012) (stating that "plaintiffs cannot state class claims for individualized monetary relief, such as back pay, punitive damages, and liquidated damages . . . because the Supreme Court unanimously held in *Dukes* that such relief is not available under Rule 23(b)(2)"); *see also Allison*, 151 F.3d at 418 (stating that "[g]iven the degree to which recovery of compensatory and punitive damages requires individualized proof and determinations, they clearly do not qualify as incidental damages in this case" and, therefore, the trial court did not abuse its discretion in finding that the plaintiffs' claims for compensatory and punitive damages were inappropriate for Rule 23(b)(2) certification).  Thus, the proposed class cannot be certified under Rule 23(b)(2).

---

[1] Plaintiff cites *Rollins v. Traylor Bros.*, No. C14-1414, 2016 U.S. Dist. LEXIS 7294 (W.D. Wash. Jan. 21, 2016) to support the argument that punitive damages claims may be certified for classwide determination.  (*See* Pl.'s Supplemental Br. on the Claim for Statutory Exemplary and Punitive Damages as it Relates to Class Certification at 5-6 [Dkt. No. 152]).  *Rollins*, however, is distinguishable from this case because it involved only thirty-two potential class members.  2016 U.S. Dist. LEXIS 7294, at *14.  In contrast, this case involves more than 66,000 individuals and punitive damages claims will require individualized proof determinations for each of the 66,000 individuals.

**C.** **If the County's actions violated CHRIA and this violation is determined to be willful as to each class member, the County's inmate lookup tool constituted a single violation of the Act.**

Furthermore, the County Defendants do not waive the argument that, even if punitive damages may be recovered by a private plaintiff against the County Defendants, the maximum amount that this Court could award in punitive and exemplary damages is $10,000. Specifically, assuming that the County's inmate lookup tool violated the Criminal History Record Information Act ("CHRIA") and this violation was determined to be willful, the tool constituted a single violation of CHRIA. *Cf. Tomasello v. Rubin*, 167 F.3d 612, 618 (D.C. Cir. 1999) (holding that faxing of 4,500 copies of letter constituted a single act that entitled the plaintiff to a single recover of $1,000 in damages under the Privacy Act). The Pennsylvania Legislature could not have contemplated that more than 66,000 individuals could each recover punitive damages from a government agency for a single violation. Accordingly, this Court may award a maximum of $10,000 in exemplary and punitive damages.

## II. **CONCLUSION**

For the foregoing reasons and those set forth in the County Defendants' Brief in Opposition to Plaintiff's Motion for Class Certification [Dkt. No. 104], Plaintiff's Motion for Class Certification should be denied.

Respectfully submitted,

Date:  April 15, 2016                /s/     *Erin K. Clarke*
Burt M. Rublin (I.D. No. 32444)
Frank A. Chernak (Attorney I.D. No. 57602)
Erin K. Clarke (Attorney I.D. No. 309331)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-864-8116
215-864-8234
215-864-8318
rublin@ballardsphar.com
chernakf@ballardspahr.com
clarkee@ballardspahr.com
*Attorneys for Defendants the County of Bucks and the Bucks County Correctional Facility*

## CERTIFICATE OF SERVICE

I, Erin K. Clarke, hereby certify that on the 15th day of April, 2016, a true and correct copy of the foregoing Brief of Defendants the County of Bucks and the Bucks County Correctional Facility has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that I caused a true and correct copy of same to be served upon the following counsel via electronic filing:

>Alan E. Denenberg, Esquire
>Abramson & Denenberg
>1315 Walnut Street, 12th Floor
>Philadelphia, PA 19107
>
>Scott George, Esquire
>Seeger Weiss LLP
>1515 Market Street, Suite 1380
>Philadelphia PA 19102
>
>Jay Barry Harris, Esquire
>Fineman Krekstein & Harris
>Mellon Bank Center, Suite 600
>1735 Market Street
>Philadelphia, PA 19103-7513
>
>Joseph F. Centrich, Esquire
>Lance Winchester, Esquire
>Clausen & Centrich
>2002 Timberlock Pl, Suite 200
>The Woodlands, TX 77380
>
>Jonathan Shub, Esquire
>Kohn, Swift & Graf, P.C.
>1 S. Broad Street, #2100
>Philadelphia, PA 19107

Date: April 15, 2016                    /s/     *Erin K. Clarke*
                                        Erin K. Clarke