IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYOUSH TAHA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 12-6867 |
| v. | : | |
| | : | CLASS ACTION |
| BUCKS COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

**JOINT PRETRIAL**
**STATEMENT TO THE JURY**

Defendants, the County of Bucks and the Bucks County Correctional Facility (collectively, the "County"), and Plaintiff Daryoush Taha ("Plaintiff"), by and through their undersigned counsel, submit the following joint statement to be read to the jury before opening statements:

This class action involves a claim brought by class representative, Daryoush Taha, against Defendants Bucks County and the Bucks County Correctional Facility (who I will refer to as the "County") in connection with an online Inmate Lookup Tool that allowed the public to search for information about people who had been incarcerated at the Bucks County Correctional Facility. The law involved in this case is a Pennsylvania law called the Criminal History Record Information Act, referred to as "CHRIA." You will hear the term "CHRIA" referred to throughout this trial. This Court has already determined that the County's Inmate Lookup Tool violated CHRIA by releasing "criminal history record information," as defined by the Act.[1] This Court has also already determined that this case will be decided as a class action on behalf of individuals with claims similar to those of Mr. Taha. There are 66,799 such individuals.

---

[1] *Taha v. Bucks Cty. Pennsylvania*, 172 F. Supp. 3d 867, 871 - 72 (E.D. Pa. 2016).

For purposes of this trial, certain facts have already been established: In January 2011, the County "created an electronic search tool that would retrieve data contained in [its records management system] and make it available to the public."[2] That tool, the previously mentioned "Inmate Lookup Tool," permitted the public to access information regarding both current and former inmates of the Bucks County Correctional Facility. The Inmate Lookup Tool was publicly accessible through the County's Department of Corrections' website from January 2011 until June 2013.[3]

The information on Mr. Taha that the County uploaded onto this publicly available online search tool included his color booking photograph from the shoulders up, sex, date of birth, height, weight, race, hair color, eye color, citizenship, date of his commission to the facility, date of his release from the facility, case number for the offense charged, and 'DC, HARASS' as the charge information.[4] Other class members had additional information uploaded, including FBI and SID numbers. This information was ultimately made available to a wide audience because a number of private companies that crawl the internet to collect photographs and data found this information, copied it, and republished it on their own websites.

The only question that you, the jury, must answer is whether the County committed a willful violation – as I will define for you – of the CHRIA statute. To find that the County committed such a violation, you will need to find that the County's conduct was willful. In particular, Mr. Taha and the class must show that the County subjectively realized the risk that its conduct could violate CHRIA and that it could subject Mr. Taha and the class to a risk of

---

[2] *Id.* at 869.

[3] *Taha v. County of Bucks*, 862 F.3d 292, 297 (3d Cir. 2017).

[4] *Id.*

harm. Mr. Taha and the class must show that the County[5] acted in conscious disregard or indifference to that risk.

Mr. Taha and the class claim that the County's violation was willful. The County claims that the violation of CHRIA was not willful. You, the jury, will be asked at the end of this case whether Mr. Taha and the class proved a willful violation of CHRIA by a preponderance of the evidence.

Dated: May 13, 2019               /s/ Frank A. Chernak
                                  Frank A. Chernak (I.D. No. 57602)
                                  Erin K. Clarke (I.D. No. 309331)
                                  Montgomery McCracken Walker & Rhoads LLP
                                  1735 Market Street, 21st Floor
                                  Philadelphia, PA 19103
                                  (215) 772-1500
                                  fchernak@mmwr.com
                                  eclarke@mmer.com

                                  *Attorneys for Defendants*
                                  *The County of Bucks and*
                                  *The Bucks County Correctional Facility*

Dated: May 13, 2019               /s/ Theodore M. Schaer
                                  Theodore M. Schaer, Esquire
                                  Zarwin Baum Devito Kaplan Schaer & Toddy, P.C.
                                  1818 Market Street, 13th Floor
                                  Philadelphia, PA 19103
                                  215-569-2800
                                  tmschaer@Zarwin.com

Dated: May 13, 2019               /s/ Jonathan Shub
                                  Jonathan Shub
                                  Kohn, Swift & Graf, P.C.
                                  1600 Market Street, Suite 2500
                                  Philadelphia, PA 19103
                                  215-238-1700

---

[5] Plaintiff proposes the shaded language. Defendants object to the inclusion of this language in the Joint Pretrial Statement to the Jury.

-4-

jshub@kohnswift.com

*Attorneys for Plaintiff*