**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DARYOUSH TAHA,                              :
                                            :
                    Plaintiff,              :
On Behalf Of Himself                        :
And All those Similarly                     :
Situated                                    :     CIVIL ACTION NO.  12-6867
          v.                                :
                                            :     CLASS ACTION
BUCKS COUNTY, et al.,                       :
                                            :
                    Defendants.             :

**SETTLEMENT AGREEMENT**

Plaintiff Daryoush Taha and the Certified Class ("Plaintiff"), by their

undersigned Class Counsel, and Defendants Bucks County and Bucks County Correctional

Facility (collectively "Bucks"), by their undersigned counsel, hereby stipulate and agree,

subject to the approval of the Court, as follows:

WHEREAS, the above-captioned class action lawsuit (the "Action") was filed

in 2012, and has been extensively litigated, including: the granting of Plaintiff's partial

motion for summary judgment on liability; the granting of Bucks' motion for partial summary

judgment on Taha's claim for "actual and real damages;" the granting of Plaintiff's motion for

class certification; an interlocutory appeal of the grant of that motion to the United States

Court of Appeals for the Third Circuit, *Taha v. Cty. of Bucks*, 862 F.3d 292 (3d Cir. 2017); a

jury trial to verdict in May 2019 and subsequent entry of a Final Judgment and an Amended

Final Judgment [ECF Nos. 350, 374]; and the adjudication of extensive post-trial motions; and

WHEREAS Bucks has filed an appeal to the Third Circuit from the Amended

Final Judgment entered in favor of Plaintiff and the Certified Class [Dkt. No. 375], which

appeal is presently pending; and

WHEREAS the parties have subsequently engaged in extensive arms-length settlement negotiations before the Third Circuit Mediator, Joseph Torregrossa; and

WHEREAS, Plaintiff and Class Counsel believe the proposed settlement set forth herein is fair, reasonable, and adequate, and in the best interests of the Class; and

WHEREAS, Bucks, despite its denial of liability for the claims asserted by Plaintiff and the Certified Class, and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Bucks with respect to the Inmate Lookup Tool that is the subject of this Action;

NOW, THEREFORE, in consideration of the covenants, agreements, and release set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice on the following terms and conditions:

A.    **Definitions**

1.    "Claim Deadline" means the last date on which claims may be submitted. The Claim Deadline will be ninety (90) days after the date of publication of the Class Notice.

2.    "Class Notice" means the Notice to be printed and mailed to all class members for whom the Claims Administrator has an address.  The content of that Notice is Exhibit A hereto.  "Publication Notice" means the short-form notice to be published in the manner set forth in this Agreement.  The content of that Notice is Exhibit B hereto.  "Claim Form" is the form and instructions for submitting claims attached as Exhibit C hereto.

3.    "Class Members" means those persons who are members of the Class

certified by the Court and defined as: "All persons whose criminal history record information

was made available on the Bucks County Correctional Facility Inmate Lookup Tool before June

18, 2013." [ECF  374].

4.    "Class Counsel" means the law firms of Kohn, Swift & Graf, P.C.; and

Abramson & Denenberg, P.C.

5.    "Court" means the United States District Court for the Eastern District of

Pennsylvania.

6.    "Effective Date" means the tenth (10th) day after the date on which all of

the following conditions are satisfied:

a.    Execution of this Agreement;

b.    Entry of the Final Approval Order by the Court approving the

Settlement embodied in this Agreement; and

c.    The passage of the earliest date on which: (i) the time for taking an

appeal from the Final Approval Order and judgment has expired, without any appeal having been

taken; or (ii) if an appeal is taken, the date on which all appeals, including petitions for rehearing

and petitions for certiorari, have been finally disposed of in a manner resulting in affirmance of

all the material provisions of the Final Approval Order (however, a reversal of the award of

attorneys' fees to Class Counsel does not affect the finality or effectiveness of the other

provisions of this Settlement Agreement).

7.    "Eligible Class Member" means a Class Member who has submitted a

timely and valid claim in accordance with the requirements set forth herein.

8.     "Fairness Hearing" or "Final Approval Hearing" means a hearing to be held by the Court, after notice to the Class, to consider approval of the Settlement and Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses, and a Service Award to Plaintiff.  The Parties will move the Court to schedule a Fairness Hearing at least ninety (90) days from the entry of the Preliminary Approval Order.

9.     "Preliminary Approval Order" means the Order preliminarily approving the Settlement, and approving the Class Notice, Publication Notice, and claim procedure set forth herein.  A draft of the proposed Preliminary Approval Order is attached as Exhibit D hereto.

10.     "Final Approval Order" means the Order granting final approval to the Settlement, which should not be entered sooner than ninety (90) days after the appropriate officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C.  § 1715(b).  Bucks agrees to provide the Court and Class Counsel promptly with the date(s) of service of said notices.  A draft of the proposed Final Approval Order is attached as Exhibit E.

11.     "Service Award" means the monetary amount awarded by the Court in recognition of the assistance provided by Plaintiff Daryoush Taha in the maintenance of this action.

**B.     <u>Approval of this Agreement and Dismissal of Claims Against Bucks</u>**

12.     Plaintiff and Bucks shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures and deadlines to secure the complete and final dismissal with prejudice of the Action.

13.     Plaintiff shall submit to the Court motions: seeking preliminary approval of this Agreement; for authorization to disseminate the Notices and Claim Form in the Form set

forth in Exhibits A-C hereto; if preliminary approval is granted, for Final Approval of this

Settlement; and for Court Approval of Class Counsel's fees and cost reimbursements and a

Service Award to Plaintiff.  Plaintiff shall file the motion for Preliminary Approval within twenty

(20) days of the execution of this Agreement.

    14. Bucks shall have the right to review and comment on the Plaintiff's

motions for preliminary and final approval, and Class Counsel shall provide Bucks with copies

of the draft motions at least five (5) business days prior to the filing of such motions.  Class

Counsel shall consider any such comments in good faith, and shall not unreasonably reject such

comments.

    15. In moving for Final Approval, Plaintiff shall seek the entry of an order and

final judgment dismissing this action with prejudice, in the form attached as Exhibit E hereto.

   a. At the Final Approval Hearing, Plaintiff will request entry of an order
granting final approval of this Agreement, in the form of the attached
[Proposed] Final Approval Order and Final Judgment;

   b. finally approving the Settlement as fair, reasonable, and adequate, within
the meaning of Rule 23(e) of the Federal Rules of Civil Procedure, and
directing its consummation pursuant to its terms;

   c. directing that the Action be dismissed with prejudice, and releasing the
Released Claims;

   d. reserving jurisdiction with respect to implementation and enforcement of
the terms of the Agreement; and

   e. containing such other and further provisions consistent with the terms of
the Settlement to which the Parties expressly consent in writing.

C.    **Release and Covenant Not to Sue**

16.    For and in consideration of the settlement payments described in this Settlement Agreement and the mutual promises contained herein, Plaintiff and Class Members, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives ("Releasors"), fully and finally release and discharge, as of the Effective Date, Bucks and its present and former officers, employees, and agents ("Released Parties")  from all claims, demands, judgments, actions, suits and/or causes of action, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances alleged in the Action or which are based on or in any way related to the dissemination of information relating to Releasors on Bucks'  Inmate Lookup Tool  (the "Release" or "Released Claims"). Releasors further hereby covenant and agree that they shall not, hereafter, assert a claim or otherwise seek to establish liability against the Released Parties based in whole or in part on any Released Claims.  Releasors are aware that they may hereafter discover claims that existed during the Class Period that are now unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matter of the Action. Nevertheless, Releasors intend to fully, finally, and forever settle and release all such matters and claims against the Released Parties, which exist or might have existed (whether or not previously or currently asserted in the Action).

D.    **Settlement Amounts**

17.    The maximum amount to be paid by Bucks for payments to Eligible Class Members, the costs of notice and claims administration, programmatic relief as set forth below in paragraph 21, and a Service Award to Plaintiff is $10 million.  The minimum amount to be paid

by Bucks for payments to Eligible Class Members, the costs of notice and claims administration, programmatic relief as set forth below in paragraph 21, and a Service Award to Plaintiff is $3.5 million.

18.     A settlement fund will not be created; instead, settlement payments will be distributed by Bucks to Eligible Class Members. Distributions will be made within 30 (thirty) days after the Effective Date.

19.     Eligible Class Members will each receive $600. However, if the payment of $600 to Eligible Class Members plus the payment of notice and claims administration expenses, the cost of programmatic relief, and a Service Award to Plaintiff would exceed $10 million, the amount paid to each Eligible Class Member will be reduced on a pro-rata basis in order to limit the total expenditure by Bucks to $10 million.

20.     If the total payments to Eligible Class Members, plus the payment of notice and claims administration expenses and a Service Award to Plaintiff, is less than the $3.5 million floor, the amount to be paid to each Eligible Class Member will be adjusted upward on a pro-rata basis to reach the $3.5 million floor. However, in no event shall Eligible Class Members receive more than $1,000 apiece.

21.     If, notwithstanding the pro-rata adjustment set forth above in paragraph 20, the $3.5 million floor is still not reached, Bucks will spend the difference, in order to reach the $3.5 million floor, on funding programs (including, but not limited to, creating new positions, hiring new staff, or funding new initiatives) devoted to obtaining expungements and/or addiction treatment services for clients of the Bucks County Public Defender ("programmatic relief"). Such programmatic relief shall be in addition to expenditures that were previously authorized in Bucks County's 2020 budget.

22.     If the total payments to Eligible Class Members plus the payment of notice and claims administration expenses and a Service Award to Plaintiff is more than $3.5 million but less than $10 million, Bucks will spend 5% of the difference between that total and $10 million for the programmatic relief described above in paragraph 21.

23.     Class Counsel will file a petition for attorneys' fees and expenses seeking an amount not to exceed $4,000,000 and a request seeking a Service Award for Plaintiff in an amount not to exceed $30,000, and agree not to accept payments greater than those amounts. The foregoing sum for attorneys' fees and expenses encompasses the fees and expenses of all lawyers and law firms that have worked on behalf of Plaintiff and the class in this matter.  Bucks agrees not to object to these amounts, which are subject to Court approval.  The $4,000,000 for attorney's fees is in addition to the amounts set forth above for payment of claims, payment of notice and claims administration expenses, funding of programmatic relief, and the Service Award to Plaintiff.  In the event the Court approves lesser amounts for attorneys' fees and expenses and/or a Service Award than those set forth in this paragraph, the Settlement Agreement will remain binding on the parties.  However, Class Counsel and Plaintiff reserve the right to appeal from any reduction of their requested attorneys' fees or Service Award, without affecting the finality of this Agreement.  Bucks agrees to pay the Court-approved amounts within ten business days of the Effective Date. Kohn Swift & Graf agrees to indemnify Bucks against any claims asserted against it by any other lawyers and law firms who worked on behalf of Plaintiff and/or the class in this matter.

E.     **Additional Provisions**

24.     Bucks and Class Counsel shall work cooperatively to select the Claims Administrator, which selection will be based on a competitive bidding process. All bids will be

shared with Class Counsel. However, Bucks will retain the discretion to make the final choice of the administrator.

25.     The Claims Administrator will be responsible for all aspects of claims administration, including without limitation: (a) creating and maintaining a database of names and addresses of class members; (b) comparing that database with a national change of address database; (c) printing and mailing notices, each with an assigned unique personal identification number ("PIN"); (d) compiling new address information and re-sending any notices returned as undeliverable and, if appropriate, skip tracing those that are returned as undeliverable and do not contain a forwarding address; (e) maintaining the previously-established website for the purposes of notice and claim administration, including the creation of forms and IVR procedures that will provide for electronic submission of claim forms, and the maintenance of a toll-free telephone number dedicated to the Settlement; (f) providing a blank Claim Form by mail or email to any Class Members who request one; and (g) compiling a list of Class Members who submit properly completed Claim Forms, either by mail or via the website, and verifying the accuracy and completeness of the Claim Forms.  Settlement checks will be mailed to Eligible Class Members or electronically deposited into Eligible Class Members' bank accounts by Bucks.

26.     Notice of the settlement will be provided in the same manner as the dissemination of notice of the class certification decision in this case – namely, mailed Notice to class members' last known addresses; Publication Notice in the Bucks County Courier Times and Doylestown Intelligencer; and the continued maintenance of the previously established website, www.CHRIALitigation.com.  The Publication Notice will be the same size and frequency as the prior Publication Notice of the class certification decision in this case.  Notice will also be sent electronically to Class Members whose email addresses are known.  If, thirty

(30) days before the claims deadline, the $3.5 million floor for class member payments and notice and claims administration expenses is not projected to be reached even if Eligible Class Members are paid $1,000 each, a reminder postcard notice in the form attached as Exhibit F shall be mailed to class members except for those who have already submitted claims or those whose prior notice was returned as undeliverable.

27. If Class Counsel determines to engage in additional efforts to notify and identify Class Members, such as through social media, any expenses will be borne by Class Counsel. The Court must approve any such additional notice efforts. Bucks reserves the right to oppose the content of Class Counsel's proposed social media postings.

28. Claims may be submitted by mail or by using a claim form on the settlement website, in the form attached as Exhibit C. All claims submitted by class members who receive the mailed Notice will require the provision of the Class Member's name, current address, PIN, and last four digits of the Class Member's Social Security number. Class members who have not been assigned a PIN may submit a claim, which must include their name, current address, and last four digits of their Social Security number. If a claim is submitted by someone without an assigned PIN and whose Social Security number is not found in Bucks' records, Bucks will require verification of the claimant's identity through photographic or documentary corroboration, or the provision by the claimant of his/her full Social Security number. Class members will be given the right, prior to the claim form deadline, to correct any submitted information should the Claims Administrator determine that such a correction is necessary. Any disputes regarding the validity of a claim shall be resolved by the Magistrate.

29. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or the application of Class Counsel for an award of attorneys'

fees, costs, and expenses and/or for a Service Award for Plaintiff, must timely do so in the manner specified in the Preliminary Approval Order and in any subsequent notice or order concerning the application for attorneys' fees, costs and expenses and/or for a Service Award to Plaintiff.

30.     The Court will retain jurisdiction over the implementation, interpretation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement.

31.     This Agreement shall terminate automatically if the Court fails to approve any term of the Agreement other than reducing the amounts set forth above for attorneys' fees and expenses and the Service Award to Plaintiff, or if the Agreement is set aside on appeal, or if, prior to approval of this Agreement by the Court, the Parties mutually agree to termination by and through their respective counsel. If this Agreement is terminated, each Party shall return to his or its respective status as of date of Preliminary Approval, and they shall proceed in all respects as if this Agreement had not been executed and any related orders had not been entered, preserving all of their respective claims and defenses and appellate rights.

32.     Neither this Agreement nor any document prepared in connection with the Settlement may be admitted in any proceeding as an admission by Bucks or Plaintiff, except any and all provisions of the Agreement may be admitted in evidence and otherwise used in a proceeding to enforce any or all terms of the Agreement, or in defense of any claims released or barred by this Agreement.  The parties specifically agree that Bucks' execution of this Agreement is not, and will not be construed as, an admission by it or deemed to be evidence: (1) of the validity of any of the claims made by Plaintiff or of any liability to Plaintiff or Class Members; or (2) that Bucks violated CHRIA or any other Pennsylvania law in any respect.

33.     The parties and their counsel agree that, in responding to any inquiries from the public media concerning the Action or the Settlement, they will limit their comments to the provision of factual information as is contained in the Notices, this Agreement, the pleadings, and any of the court orders in the Action, and may further state only to the effect that "the matter has been settled to the satisfaction of all Parties subject to Court approval." Nothing in this paragraph will limit Class Counsel's ability to communicate privately with a Class Member concerning the Action or Settlement.  Bucks may make such public or regulatory disclosures about the Action and Settlement as any applicable laws require.

34.     After this Agreement is fully executed by the parties and their attorneys of record, this Agreement and its attached Exhibits will constitute the entire agreement relating to settlement of the Action, and it will then be deemed that no oral representations, warranties, or inducements have been made to any party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants expressly stated in this Agreement and its Exhibits.

35.     Class Counsel unconditionally warrant and represent that they are authorized by Plaintiff, for whom they are attorneys of record, and the attorneys of record for Bucks warrant and represent that they are authorized by Bucks, to enter into this Agreement on behalf of their respective clients and to take all appropriate action required or permitted to be taken by such parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The parties and their counsel must cooperate with each other and use their best efforts to effectuate the implementation of the Settlement.

36.     No opinion concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by the parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Agreement.  Plaintiff and Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect to those payments. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

37.     This Agreement, and any and all parts of it, can be amended, modified, changed or waived only by an express written instrument signed by counsel for all parties.

38.     Plaintiff hereby warrants and represents that he has not previously assigned or sold his claim against Bucks to anyone or any entity.

39.     All terms of this Agreement and its exhibits will be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania, without giving effect to any conflict of law principles or choice of law principles.

40.     The parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any party on the basis that the party was the drafter or participated in the drafting.

41.     This Agreement may be executed in one or more counterparts and may be executed with an electronic signature. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the parties to this

Agreement will exchange among themselves original signed counterparts. Any executed

counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as

of the date and year first above written.

Dated:  May 18, 2020

<table>
<tr><td>

*/s/ Burt M. Rublin*
Burt M. Rublin
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 864-8116 phone
(215) 864-9783 fax

</td><td>

*/s/ Joseph C. Kohn*
Joseph C. Kohn
Robert J. LaRocca
Jonathan Shub
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700 phone
(213) 238-1968 fax

</td></tr>
<tr><td>

*/s/ Mark A. Aronchick*
Mark A. Aronchick
**HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA  19103-6933
(215) 568-6200 phone
(215) 568-0300 fax

*Attorney for Defendants The County of Bucks
and The Bucks County Correctional Facility*

</td><td>

*/s/ Alan Denenberg*
Alan Denenberg
**ABRAMSON & DENENBERG, P.C.**
1315 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 398-7066 phone
(213) 546-5355 fax

*Attorneys for Plaintiff and the Class*

</td></tr>
</table>

<u>Claimant PIN NUMBER</u>
<u>[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]</u>

<u>UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

# IF YOUR CRIMINAL HISTORY RECORD INFORMATION WAS MADE AVAILABLE ON THE BUCKS COUNTY CORRECTIONAL FACILITY INMATE LOOKUP TOOL BEFORE JUNE 18, 2013, YOU ARE ENTITLED TO BENEFITS

# IF YOU WERE BOOKED, OR OTHERWISE DETAINED FOR ANY REASON, AT THE BUCKS COUNTY CORRECTIONAL FACILITY (BCCF) BETWEEN 1938 AND JUNE 18, 2013, YOU ARE A MEMBER OF THE CLASS AND ENTITLED TO BENEFITS

_____

### *A FEDERAL COURT AUTHORIZED THIS NOTICE*

\*A Settlement has been reached in a class action lawsuit against Bucks County and Bucks County Correctional Facility alleging a violation of the Pennsylvania Criminal History Record Information Act.

\*If you are included in the Settlement, *you may qualify for compensation*.

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** |
|:---:|

| **SUBMIT A CLAIM FORM THAT CONFIRMS YOU WERE BOOKED IN THE BCCF BEFORE JUNE 18, 2013** | This is the *only way* to get a Settlement Payment under the Settlement.<br><br>You may submit a claim form in one of two ways:<br><br>1. Mail<br><br>2. Internet | Deadline: _____ |
|:---:|:---|:---|

Questions? Call 1-xxx-xxx, email info@chrialitigation.com or go to www.chrialitigation.com

1

CLAIMANT PIN NUMBER
[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]

| | | |
|---|---|---|
| **OBJECT** | You may write to the Court about why you object to (*i.e.*, do not like) the Settlement and think it should not be approved. Filing an objection does not exclude you from the Settlement. | Deadline: ____ |
| **DO NOTHING** | You will not receive a Settlement Payment under the Settlement. You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in the Action. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals of the settlement approval, after the appeals are resolved in favor of the Settlement. ***Please be patient***.

- The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiff's claims in the lawsuit.

**BACKGROUND INFORMATION** ........................................................................................... 4

    1.    Why did I get this notice?

    2.    What is the lawsuit about?

    3.    Why is the lawsuit a class action?

    4.    Why is there a Settlement?

    5.    How do I know if I am part of the Settlement?

    6.    I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ........................................................................................... 5

    7.    What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT PAYMENT** ............................................................ 6

    8.    How can I get a Settlement Payment?

    9    When will I get a Settlement Payment?

**THE LAWYERS IN THIS ACTION AND THE REPRESENTATIVE PLAINTIFF** ......... 6

    10.    Do I have a lawyer in this case?

    11.    How will the lawyers be paid?

    12.    Will the Representative Plaintiff receive any compensation for his efforts in bringing the Action?

**NO EXCLUSIONS ALLOWED** .............................................................................................. 6

    13.    Can I Exclude Myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ...................................................................... 7

    14.    How do I tell the Court that I do not like the Settlement?

Questions? Call 1-xxx-xxx, email info@chrialitigation.com or go to www.chrialitigation.com

2

C̲L̲A̲I̲M̲A̲N̲T̲ **PIN NUMBER**
**[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]**

**THE FAIRNESS HEARING** ................................................................................................. 8

      15.     What is the Fairness Hearing?

      16.     When and where is the Fairness Hearing?

      17.     May I speak at the Fairness Hearing?

**ADDITIONAL INFORMATION** ........................................................................................ 9

      18.     How do I get more information?

      19.     What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.   *Why did I get this notice?*

You received this Notice because a Settlement has been reached between the parties in the Action. According to Buck County's available records, you were booked, or otherwise detained for any reason, by the Bucks County Correctional Facility (BCCF), between 1938 and June 2013. This makes you a member of the Settlement Class and entitled to the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section ___ below.

### 2.   *What is the lawsuit about?*

This settlement resolves a class action in the Eastern District of Pennsylvania against Bucks County and the Bucks County Correctional Facility, entitled *Taha v. County of Bucks* (No. 12-6867). Plaintiff Daryoush Taha (the "Representative Plaintiff") sued Bucks County individually and on behalf of all other individuals that the BCCF booked, or otherwise detained for any reason, between 1938 and June, 2013. He alleges that Bucks subsequently disseminated, or made available to the public, criminal history information about himself and the other class members in violation of the Pennsylvania Criminal History Record Information Act (CHRIA). Bucks denies any and all liability and/or any wrongdoing alleged.

Before trial, the Court decided the case could be brought as a class action. That means the lawsuit decided the rights of all people that were by booked in the BCCF between 1938 and June 2013.

On May 28, 2019, a jury in federal court decided that Bucks County willfully violated the CHRIA law. The jury awarded damages in the amount of $1,000 to each class member.

Bucks County has filed an appeal with the Federal Court of Appeals. Bucks County denies that it violated the CHRIA law and believes that the verdict in favor of class members will be overturned, and that class members will receive nothing. The Court of Appeals has not decided the case yet. If the Settlement is approved, the appeal by Bucks County will be withdrawn and dismissed.

Questions? Call 1-xxx-xxx, email info@chiralitigation.com or go to www.chrialitigation.com

3

CLAIMANT **PIN NUMBER**
**[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]**

| | |
|---|---|
| **3.** | *Why is the lawsuit a class action?* |

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in the Action, Daryoush Taha) sue individually and on behalf of other people who have similar claims. The entities sued in the Action, Bucks County and Bucks County Correctional Facility, are called the Defendants.

| | |
|---|---|
| **4.** | *Why is there a Settlement?* |

The Representative Plaintiff has made claims against Bucks County. Bucks County denies that it has done anything wrong or illegal and admits no liability. The Court of Appeals has **not** decided that the Representative Plaintiff and the Class, or Bucks County, should win the lawsuit. Instead, both sides agreed to a Settlement. That way, they both avoid the risks and cost of the appeal, and the Class Members will receive relief now rather than perhaps years from now, if at all.

| | |
|---|---|
| **5.** | *How do I know if I am part of the Settlement?* |

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement: All persons whose criminal history record information was made available on the Bucks County Correctional Facility Inmate Lookup Tool Before June 18, 2013.

Excluded from the Class is any person who has previously elected not to be part of this lawsuit in accordance with the Notice of Class Certification that was sent out to the Class in 2018.

| | |
|---|---|
| **6.** | *I'm still not sure if I am included.* |

If you are still not sure whether you are included, you can contact the Claims Administrator for free help to determine whether you are a Class Member. The Claims Administrator will review a database provided by Bucks County to determine if you are a Class Member. The email address of the Claims Administrator is CHRIALitigation@administratorclassaction.com, the U.S. postal (mailing) address is **Bucks County CHRIA Settlement, Attn: Claims Administrator, _____, _____**, and the toll-free telephone number is **1-xxx-xxx-xxxx**.

## THE PROPOSED SETTLEMENT

| | |
|---|---|
| **7.** | *What relief does the Settlement provide to the Class Members?* |

Bucks County will pay all class members who verify under penalty of perjury that they were booked in the Bucks County Correctional Facility between 1938 and June 2013 and submit a valid claim on a timely basis. The total amount that Bucks County will pay to each class member is anticipated to be $600. The amount that Bucks County will pay to all class members combined is $10,000,000. Included in that amount is the cost of notice and administration, programmatic relief for the Bucks County Defender's Office, and a Service Award to the Representative Plaintiff.

The amount that each class member will receive depends upon the total number of claims submitted. Therefore, the exact amount each class member will receive is not certain at this time. Counsel reasonably expect that each class member who submits a claim will receive $600. The amount could be more, and could

Questions? Call 1-xxx-xxx, email info@chrialitigation.com or go to www.chrialitigation.com

4

CLAIMANT **PIN NUMBER**
**[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]**

be less, depending upon the total number of claims submitted.  In no event will a class member receive more than $1,000.

**The proposed settlement does not mean that any law was violated or that Bucks County did anything wrong.  Plaintiff and Class Counsel think the proposed settlement is fair and in the best interests of all Class members.**

## HOW TO REQUEST A SETTLEMENT PAYMENT

### 8.   *How can I get a Settlement Payment?*

To qualify for a Settlement Payment, you must verify under penalty of perjury that you were booked in the Bucks County Correctional Facility between 1938 and June, 2013. You may verify this by either mailing in a claim form, or by visiting www.chrialitigation.com/claim and following the instructions. Your verification will be checked by the Claims Administrator against a database provided by the BCCF. *Only those Class Members that appear in the BCCF database will be eligible to be paid as part of the Settlement*. You will be required to provide the last four digits of your social security number and the PIN number assigned to you in this Notice, and verify your current address. You must do this by the deadline of _____, 2020. You received a Claim Form with this Notice.  The Claim Form may be completed and submitted by mail, or electronically submitted on the settlement website.

### 9.   *When will I get a Settlement Payment?*

The Court will hold a Fairness Hearing on _____ at _____., to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It's always uncertain whether such appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the Action on the website dedicated to the Settlement at **www.chrialitigation.com**. *Please be patient.*

## THE LAWYERS IN THIS ACTION AND THE REPRESENTAITVE PLAINTIFF

### 10.   *Do I have a lawyer in this case?*

The Court has ordered that the law firms of Kohn, Swift & Graf, P.C., and Abramson & Denenberg, P.C. ("Class Counsel"), will represent the interests of all Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.   *How will the lawyers be paid?*

Bucks County has agreed not to oppose Class Counsel's request for attorneys' fees and expenses of up to $4,000,000, subject to approval by the Court.  The payment of attorneys' fees and expenses by Bucks County will not affect the amounts paid to class members.  You will **not** be required to pay any attorneys' fees or costs or expenses. The Court will make the final decision as to the amount to be paid.

### 12.   *Will the Representative Plaintiff receive any compensation for his efforts in bringing the Action?*

The Representative Plaintiff will request a service award (also known as "Named Plaintiff Enhancement Award") of up to $30,000 for his service as class representative and effort in bringing the Lawsuit.  The Court will make the final decision as to the amount to be paid to the Representative Plaintiff.

Questions? Call 1-xxx-xxx, email info@chrialitigation.com or go to www.chrialitigation.com

5

CLAIMANT PIN NUMBER
[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]

## NO EXCLUSIONS ALLOWED

### 13.   *Can I exclude myself from the Settlement?*

No. If you did not file a timely request to be excluded from this Action in 2018, you are prohibited from excluding yourself from this Settlement. You may still object to the Settlement as described in the paragraph below.

## HOW TO OBJECT TO THE SETTLEMENT

### 14.   *How do I tell the Court that I do not like the Settlement?*

At the date, time, and location stated in Section __ below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and a service award to the Representative Plaintiff.

If you wish to object to the fairness, reasonableness, or adequacy of the proposed Settlement, or the request for attorney's fees and costs, or the Plaintiff's requested service award, you must submit a written objection to the Court, Class Counsel, and Bucks County's Counsel listed below, postmarked no later than_____.

| COURT | CLASS COUNSEL | BUCKS COUNTY'S COUNSEL |
|---|---|---|
| Clerk of Court<br>Eastern District of Pennsylvania<br>James A. Bryne Courthouse<br>601 Market Street<br>Phila, PA 19106<br>Re: *Taha v. Bucks County*,<br>No. 12-6867 | Joseph C. Kohn<br>Robert J. LaRocca<br>Jonathan Shub<br>Kohn, Swift & Graf, P.C.<br>1600 Market Street, 25th Floor<br>Philadelphia, PA 19107<br><br>Alan Denenberg<br>Abramson & Denenberg, P.C.<br>1315 Walnut Street, Suite 500<br>Philadelphia, PA 19103 | Burt M. Rublin<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 |

Any Objection must (a) provide information sufficient to allow the Parties to confirm that the objector is a Class Member; (b) include a statement of such Class Member's specific Objection; (c) state the grounds for the Objection; and (d) identify any documents such objector desires the Court to consider.  You may, but need not, submit your objection through counsel of your choice.  If you make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you submit a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement.  You are not required, however, to appear.

CLAIMANT **PIN NUMBER**
**[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]**

<br>

| THE FAIRNESS HEARING |
|---|

| 15. | *What is the Fairness Hearing?* |
|---|---|

The Court has preliminarily approved the Settlement and will hold a Fairness Hearing (also known as a "Final Approval Hearing") to decide whether to give final approval to the Settlement.  The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Representative Plaintiff.

<br>

| 16. | *When and where is the Fairness Hearing?* |
|---|---|

The Court (Judge Wendy Beetlestone) will hold the Fairness Hearing at _____ on _____ in Courtroom 10-A of the James A. Bryne United States Courthouse, 601 Market Street, Philadelphia PA 19106.  The hearing may be postponed to a different date or time or location without notice.  Please check www.chriasettlement.com for any updates about the Settlement generally or the Fairness Hearing specifically.  If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

<br>

| 17. | *May I speak at the Fairness Hearing?* |
|---|---|

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to.  As described above in Section 14, you may speak at the Fairness Hearing only if you have timely served and filed an objection.

<br>

| ADDITIONAL INFORMATION |
|---|

| 18. | *How do I get more information?* |
|---|---|

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs and a class representative service award, and the Complaint filed in the Lawsuit, please visit the Settlement website located at: **www.chrialitigation.com**.  Alternatively, you may contact the Claims Administrator at the email address: **Info@chrialitigation.com**, the U.S. postal address (mailing): **Bucks County Settlement, Attn: Class Administrator, _____, _____, _____ _____**, or the toll-free telephone number: **1-xxx-xxx-xxxx**.

The description of the Lawsuit is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.paed.uscourts.gov.or visit the Clerk's office at 601 Market Street, Second Floor, Room 2609, Philadelphia, PA 19106.  The Clerk will tell you how to obtain the files for inspection and copying at your own expense.

Questions? Call 1-xxx-xxx, email info@chrialitigation.com or go to www.chrialitigation.com

7

**C<small>LAIMANT</small> PIN NUMBER**
**[ONLY FOR PRE-IDENTIFIED CLASS MEMBER NOTICE VERSION]**

| |
|---|
| **19.** ***What if my address or other information has changed or changes after I submit a Claim Form?*** |

Contact the Settlement Administrator at:

*Bucks County CHRIA Settlement*
c/o Claims Administrator

_____
_____
xxx-xxx-xxxx
Info@chrialitigation.com

****

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____, 2020                    By Order of the Court
                                       CLERK OF THE COURT
                                       United States District Court
                                       Eastern District of Pennsylvania

## <u>NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT</u>

### IF YOU WERE BOOKED AT THE BUCKS COUNTY CORRECTIONAL FACILITY BETWEEN 1938 AND JUNE 18, 2013 YOU ARE ELIGIBLE FOR SETTLEMENT BENEFITS

**All persons whose criminal history record information was made available on the Bucks County Correctional Facility Inmate Lookup Tool before June 18, 2013 are members of the class**

**If you are a member of the Class, your rights will be affected by a Settlement**

A settlement of a class action affects you if you were booked at the Bucks County Correctional Facility at any time between 1938 and June 2013.  If you qualify, you may submit a claim for payment, or object to the settlement.

The United States District Court for the Eastern District of Pennsylvania authorized this notice.  The Court will hold a hearing to consider whether to approve the settlement, so that the benefits may be paid.

## WHO'S AFFECTED?

If your criminal history information was posted on the Bucks County Correctional Facility's Inmate Lookup Tool before June 18, 2013, you are a member of the Class.

## WHAT'S THIS ABOUT?

The lawsuit claims that Bucks County published criminal history information about individuals booked or detained in the Bucks County Correctional Facility, allegedly violating a law called CHRIA (the Criminal History Record Information Act). A Jury decided against Bucks County. Bucks County has appealed. Bucks County denies that it violated CHRIA and has asserted many defenses. The settlement is not an admission of wrongdoing or an indication that any law was violated.

## WHAT CAN YOU GET FROM THE SETTLEMENT?

Each class member who submits a timely and valid claim will receive about $600. Bucks County has made a total of $10 million available to pay all claims and the costs of settlement administration, and the service award for the Class Representative. The payments to each claimaint may be more or less than $600, depending on the total claims submitted. In no event shall a Class Member receive more than $1,000.

## HOW DO YOU GET A PAYMENT?

A detailed notice and claim form package has been mailed to class members for whom Bucks County had a current address in its database. If you did not receive one, and believe you qualify, just call [800-       ] or visit this website: **www.chrialitigation.com to request a claim form. CLAIMS ARE DUE BY _____ 2020.**

## WHAT ARE YOUR OPTIONS?

You can object to the Settlement or the plaintiff's request for attorneys' fees by _____ 2020.  The website **www.chrialitigation.com** explains how to make an objection.  The Court will hold a hearing in this case (*Taha v. Bucks County,* Civil No. 12-6867) on _____ 2020 at _____am to consider whether to approve the settlement, attorneys' fees and expenses totaling no more than $4,000,000, and a service award for the Class Representative of no more than $30,000.  You may appear at the hearing, but you don't have to.  For more details, call toll free 1-800-000-0000, go to **www.chrialitigation.com,** or write to: Taha Settlement Administrator, P.O. Box ___,  City, ST. 0000.

## 1-800-000-0000          www.chrialitigation.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARYOUSH TAHA, Individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. 12-06867 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY et al., | : | CLASS ACTION |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this _____ day of May, 2020, upon consideration of the motion by class counsel Kohn, Swift & Graf, P.C. and Abramson & Denenberg, P.C. for preliminary approval of the proposed class action settlement agreement, it is hereby ORDERED that said motion is GRANTED as follows:

1. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement and finds that it falls within the range of reasonableness meriting possible final approval.

2. The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Approval Hearing

3. The Court hereby appoints _____ as the Claims Administrator.  It shall provide notice to the Class and administer the claims process as set forth in the Settlement Agreement.  Consistent with the Settlement Agreement, the responsibilities of the Claims Administrator will include: (a) updating addresses for class members and seeking new addresses for class members whose notices are returned as undeliverable; (b) disseminating the notice to the Class by mail and publication; (c) maintaining a website to enable  Class Members to access

relevant documents, including the Notices and claim form;  (d) responding to inquiries by class members; and (e) verifying the validity and timeliness of claims, subject to review by the parties and the Magistrate, if the parties have a dispute.  Pursuant to the Settlement Agreement, the cost of the Claims Administrator's services shall be paid by Defendants.

   4. The Court approves the form, substance, and requirements of the Publication Notice and Mail Notice (collectively, the "Settlement Notices"), attached as Exhibits A-C to the Settlement Agreement.

   5. The Settlement Notices clearly explain  Class Members' rights, including the nature of the action, the Class definition, how to submit a claim, Settlement Class Members' right to make an appearance with an attorney, Class Members' right to object to the Settlement, the scope of the release of Defendants, and the binding effect of a final judgment.  See Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

   6. The Settlement Notices also explain that Class Counsel may request up to $4 million for attorneys' fees, expenses and a $30,000 Service Award to the class representative. The Court reserves decision on the contemplated requests until after the Fairness Hearing.

   7. The Settlement Notices will be transmitted to Settlement Class members by both first class mail and publication.  The Settlement Notices will also be available on a case-specific settlement website.

   8. Publication notice will be provided in the Bucks County *Courier Times* and the Doylestown *Intelligencer* and with the same size and frequency as the 2018 notice of the Court's class certification decision.

9.      The Court finds that disseminating the Settlement Notices as approved by this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is reasonable, and constitutes the best notice practicable under the circumstances.

10.     Within thirty (30) days from the date of this Order, the Settlement Notices shall be mailed and published substantially in the forms attached to the Settlement Agreement and in accordance with the notice plan set forth in the Agreement.

11.     Within one hundred (100) days from the date of this Order, Plaintiffs shall file a Motion for Final Approval of the Settlement and Entry of Final Judgment and their application(s) for an award of attorney's fees and expenses and a Service Award to the Plaintiff in amounts not to exceed those set forth in the Settlement Agreement.

12.     The deadline for Class members to submit claims and to object to the Settlement, the Petition for an Award of Attorneys' Fees and Litigation Expenses, and the request for a Service Award shall be no later than ninety (90) days from the date of publication of the Notice to class members.  Objections must be made in writing in accordance with the instructions set forth in the Settlement Notices.

13.     The Claims Administrator 's Affidavit of Compliance with Notice requirements shall be filed no later than thirty (30) days prior to the Final Approval Hearing.

14.     At least thirty (30) days prior to the Final Approval Hearing, the Defendants shall file with the Court proof of their compliance with the provisions of the Class Action Fairness Act requiring that each settling defendant serve upon the appropriate state and federal officials notice of a proposed settlement.  28 U.S.C. § 1715(b).

15.     Any replies in support of the Motions for Final Approval, Attorneys' Fees and Litigation Expenses, and Plaintiff's Service Award shall be filed no later than seven (7) days prior to the Final Approval Hearing.

16.     The Court will hold a hearing on _____ at ___ (at least 120 days after the date of this Order) at the United States District Court for the Eastern District of Pennsylvania, Courtroom 10-A (the "Final Approval Hearing" or "Fairness Hearing") for the following purposes:

a)      to finally determine whether the Proposed Class Action Settlement is fair, reasonable and adequate and should be granted Final Approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

b)      to determine whether a Final Judgment should be entered dismissing the claims of the Class against Defendants with prejudice, as required by the Settlement Agreement;

c)      to consider Class Counsel's Petition for Award of Attorneys' Fees and Litigation Expenses;

d)      to consider the Petition for a Service Award to Plaintiff;

e)      to consider any objections; and

f)      to consider such other matters as the Court may deem appropriate.

17.     The Court shall retain continuing jurisdiction over the Action to consider all further matters arising out of or connected to the Settlement, as well as the administration thereof.

Dated:  _____, 2020

By the Court:


_____
WENDY BEETLESTONE, J.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARYOUSH TAHA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.  12-6867 |
| v. | : | |
| | : | CLASS ACTION |
| BUCKS COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

## **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiff's

Motion for Final Approval of Class Action Settlement and Motion for Attorney's Fees,

Litigation Expenses, and Class Representative Service Award, as well as all supporting materials

and after dissemination of Notice to class members and a hearing held on _____, 2020, it is

hereby Ordered, Adjudged and Decreed and Final Judgment is entered as follows:

1.      The Court has jurisdiction over the subject matter of and parties to this

litigation.

2.      After a hearing held on _____, 2020, this Court entered an order

granting preliminary approval of the Settlement Agreement and directing notice to the class

members by mail and publication.

3.      Terms used in this Order, unless otherwise defined herein, have the same

meanings in this Order as in the Settlement Agreement.

4.      The Court has reviewed the terms of the Settlement Agreement and finds

that the terms and conditions set forth therein, including all exhibits thereto, are fair, reasonable,

and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.  Accordingly, the Court

approves the Settlement Agreement and directs the Parties to perform in accordance with its terms and conditions.

5.     The Court finds that the distribution of the mail and publication Notices to Class Members as set forth in the Declaration of _____ was in compliance with the Court's _____ 2020 Order approving the proposed class notices and notice plan, and that notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23 and due process.

6.     Defendants have provided notice of the settlement to the appropriate government officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

7.     The Court grants a service award of $_____to Plaintiff.

8.     The Court grants attorney's fees and expenses to Class Counsel in the amount of $_____.

9.     This Order is the Final Judgment as defined in the Settlement Agreement.

10.     The provisions of this Final Judgment are applicable to and binding upon Defendants and upon all members of the Class, their heirs, administrators, executors, agents, representatives, and assigns, and dismiss in their entirety and with prejudice the claims of Plaintiff and all members of the Class against Defendants, as more fully set out in section ___ of the Settlement Agreement, without costs to any party against any other party except as otherwise provided herein.

11.     The Final Judgment is intended by the parties and the Court to be res judicata and to prohibit and preclude any prior, concurrent or subsequent litigation, arbitration, or other proceeding brought individually, or in the name of, and/or otherwise on behalf of the Plaintiff or members of the Class with respect to any and all claims or issues which were or could have been raised in the Action as of the Effective Date, as set forth in paragraph _____ of the Settlement Agreement.

12.     Plaintiff and all members of the Class, individually and on behalf of their heirs, administrators, executors, agents, representatives, and assigns, are deemed to have conclusively settled and released all claims against Defendants arising from or related to the dissemination of criminal history record information on the Bucks County Correctional Facility Inmate Lookup Tool and the other conduct alleged by Plaintiff, as more fully set out in section _____ of the Settlement Agreement.

13.     Plaintiff and all members of the Class, individually and on behalf of their heirs, administrators, executors, agents, representatives, and assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative proceedings against  Defendants for any Released Claims, as more fully set out in section ____ of the Settlement Agreement.

14.     Each member of the Class is barred and permanently enjoined from prosecuting any action in state or federal court, arbitration, or before any administrative body against Defendants with respect to any Released Claims, as more fully set out in paragraph ____ of the Settlement Agreement.

15.     Without affecting the finality of the Order, jurisdiction is retained by this Court only for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the carrying out of this Final Judgment, including the resolution of disputes under the Settlement Agreement and enforcing its terms and conditions.   In all other respects, this case is DISMISSED WITH PREJUDICE.

16.     The Clerk of the Court is ordered to enter this Final Judgment forthwith.

17.     In the event that this Final Judgment is not otherwise final and appealable, the Court finds and directs that there is no just reason for delaying enforcement or appeal and judgment should be entered.

Dated:  _____, 2020

BY THE COURT:

_____
WENDY BEETLESTONE, J.
United States District Judge

## IMPORTANT LEGAL REMINDER

<u>Taha v. Bucks County</u>, No. 12-6867 (Eastern District of Pennsylvania)

Dear Class Member:

        On _____,2020, we mailed you a Notice concerning a class action settlement with Bucks County and the Bucks County Correctional Facility because their records indicate that you are a member of the class and thus are eligible to participate in the settlement. To date, we have not received a response from you. We are writing to remind you that if you want to participate in the settlement, the deadline for submitting a claim is _____, 2020.  Your claim form must include your PIN shown above and the last four digits of your Social Security number.  If you have any questions or need another copy of the Notice and claim form, you can visit the settlement website ( www.chrialitigation.com), call_____, or write to _____ (email and mail address of claims administrator)_____.  If you have already submitted a claim form, you can disregard this reminder.

Thank you,

Claims Administrator

## BUCKS COUNTY CHRIA SETTLEMENT

Please read the attached Class Action Notice and the Instructions below.  If you are a Class Member, and want to file a claim, there are two ways to do so.  Choose which one is easiest for you.

1) **By the Internet.**

   **Follow these steps:**
   - Log onto the *Taha* settlement website:  [ www.chrialitigation.com]
   - Click on the link that reads: "File a Claim" [Claim form below]
   - Enter the 4 digit PIN number printed in the top right of this claim form.  This is the claim number assigned just to you.
   - Enter the last 4 digits of your Social Security Number.
   - Confirm whether the address where you currently live is the same address printed on the Notice and Claim Form.
   - If the address where you currently live is **different from** the address printed on the Notice and Claim Form, please update your address
   - Provide an email address or telephone number in case the Claims Administrator has any questions and needs to reach you.
   - Click "submit"


   (2) **By Paper**
   **Follow these steps by Answering These Questions:**

   - The PIN Number printed on the first page of this Claim Form[claim form below] is: _____
   - The last 4 digits of my Social Security Number are: __ __ __ __
   - If my current address is **different** from the one printed on this Notice and Claim form,  my **current address** is:
   - Provide an email address or telephone number in case the Claims Administrator has any questions and needs to reach you
   - Sign your claim form, and mail it to: [Claim Admin Address]
   - You will be required to swear under penalty of perjury that the information you provided is true and correct

**[Draft Class Membership Form]**

Questions?  Visit www.chrialitigation.com, Email [Info@chrialitigation .com], or call toll-free 1-xxx-xxxx.

## VERIFIED STATEMENT OF CLASS MEMBERSHIP FORM

### A. CLAIMANT INFORMATION

(Please complete Sections 1 through 6 Below)

| | | | |
|---|---|---|---|
| **1. Claimant Name:** | First | M.I. | Last |

| | |
|---|---|
| **2. Last 4 Digits of Social Security Number or Foreign ID Number** (if Claimant is not a U.S. Citizen) | \|___\|___\|___\|___\| |

| | |
|---|---|
| **3. PIN [required if you received Notice in mail]** | \|___\|___\|___\|___\| |

| | | | |
|---|---|---|---|
| **4. Current Address:** | Street Address | | |
| | City | State | Zip Code |

| | |
|---|---|
| **5. Current Email (optional):** | |

| | |
|---|---|
| **6. Current Phone Number:** | ( \|___\|___\|___\| ) − \|___\|___\|___\| − \|___\|___\|___\|___\| |

### B. SIGNATURE (You must sign, date, and check the boxes below)

[Electronic/Hard Copy]_____

Sign above                                           Date

☐ **I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all information provided in this Statement of Class Membership Form is true and correct to the best of my knowledge, information, and belief.**

☐ **I understand that the Claims Administrator will confirm whether I was booked in the Bucks County Correctional Facility between 1938-June, 2013 upon receipt of this Form.**

### C. HOW TO SUBMIT THIS FORM

You may submit this Form one of two ways:

| | |
|---|---|
| **Online:** | www.chrialitigation.com |
| **By Mail:** | xxxx |

Questions?  Visit www.chrialitigation.com, Email [Info@chrialitigation .com], or call toll-free 1-xxx-xxxx.

**D.  <u>ELECTION OF PAYMENT METHOD (CHOOSE ONE).</u>**

☐   I wish to receive payment by a paper check sent to the name listed above at the address listed above.

☐   I wish to receive payment electronically, by ACH (Automated Clearing House).

Please provide:

Bank Routing Number:

Bank Account Number:

Banking Institution:

Name on Account (if different from above):

The illustration below is to help you identify your Routing and Account Number.  If you still are unsure which number on your check is which, please contact your financial institution.