## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYOUSH TAHA, Individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. 12-06867 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY et al., | : | CLASS ACTION |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2020, upon consideration of the motion by class counsel Kohn, Swift & Graf, P.C. and Abramson & Denenberg, P.C. for preliminary approval of the proposed class action settlement agreement, it is hereby ORDERED that said motion is GRANTED as follows:

1.    The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement and finds that it falls within the range of reasonableness meriting possible final approval.

2.    The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Approval Hearing

3.    The Court hereby appoints _____ as the Claims Administrator.  It shall provide notice to the Class and administer the claims process as set forth in the Settlement Agreement.  Consistent with the Settlement Agreement, the responsibilities of the Claims Administrator will include: (a) updating addresses for class members and seeking new addresses for class members whose notices are returned as undeliverable; (b) disseminating the notice to the Class by mail and publication; (c) maintaining a website to enable  Class Members to access

relevant documents, including the Notices and claim form; (d) responding to inquiries by class members; and (e) verifying the validity and timeliness of claims, subject to review by the parties and the Magistrate, if the parties have a dispute. Pursuant to the Settlement Agreement, the cost of the Claims Administrator's services shall be paid by Defendants.

4. The Court approves the form, substance, and requirements of the Publication Notice and Mail Notice (collectively, the "Settlement Notices"), attached as Exhibits A-C to the Settlement Agreement.

5. The Settlement Notices clearly explain Class Members' rights, including the nature of the action, the Class definition, how to submit a claim, Settlement Class Members' right to make an appearance with an attorney, Class Members' right to object to the Settlement, the scope of the release of Defendants, and the binding effect of a final judgment. See Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

6. The Settlement Notices also explain that Class Counsel may request up to $4 million for attorneys' fees, expenses and a $30,000 Service Award to the class representative. The Court reserves decision on the contemplated requests until after the Fairness Hearing.

7. The Settlement Notices will be transmitted to Settlement Class members by both first class mail and publication. The Settlement Notices will also be available on a case-specific settlement website.

8. Publication notice will be provided in the Bucks County *Courier Times* and the Doylestown *Intelligencer* and with the same size and frequency as the 2018 notice of the Court's class certification decision.

9.      The Court finds that disseminating the Settlement Notices as approved by this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is reasonable, and constitutes the best notice practicable under the circumstances.

10.     Within thirty (30) days from the date of this Order, the Settlement Notices shall be mailed and published substantially in the forms attached to the Settlement Agreement and in accordance with the notice plan set forth in the Agreement.

11.     Within one hundred (100) days from the date of this Order, Plaintiffs shall file a Motion for Final Approval of the Settlement and Entry of Final Judgment and their application(s) for an award of attorney's fees and expenses and a Service Award to the Plaintiff in amounts not to exceed those set forth in the Settlement Agreement.

12.     The deadline for Class members to submit claims and to object to the Settlement, the Petition for an Award of Attorneys' Fees and Litigation Expenses, and the request for a Service Award shall be no later than ninety (90) days from the date of publication of the Notice to class members.  Objections must be made in writing in accordance with the instructions set forth in the Settlement Notices.

13.     The Claims Administrator 's Affidavit of Compliance with Notice requirements shall be filed no later than thirty (30) days prior to the Final Approval Hearing.

14.     At least thirty (30) days prior to the Final Approval Hearing, the Defendants shall file with the Court proof of their compliance with the provisions of the Class Action Fairness Act requiring that each settling defendant serve upon the appropriate state and federal officials notice of a proposed settlement.  28 U.S.C. § 1715(b).

15.     Any replies in support of the Motions for Final Approval, Attorneys' Fees and Litigation Expenses, and Plaintiff's Service Award shall be filed no later than seven (7) days prior to the Final Approval Hearing.

16.     The Court will hold a hearing on _____ at ___ (at least 120 days after the date of this Order) at the United States District Court for the Eastern District of Pennsylvania, Courtroom 10-A (the "Final Approval Hearing" or "Fairness Hearing") for the following purposes:

a)      to finally determine whether the Proposed Class Action Settlement is fair, reasonable and adequate and should be granted Final Approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

b)      to determine whether a Final Judgment should be entered dismissing the claims of the Class against Defendants with prejudice, as required by the Settlement Agreement;

c)      to consider Class Counsel's Petition for Award of Attorneys' Fees and Litigation Expenses;

d)      to consider the Petition for a Service Award to Plaintiff;

e)      to consider any objections; and

f)      to consider such other matters as the Court may deem appropriate.

17.     The Court shall retain continuing jurisdiction over the Action to consider all further matters arising out of or connected to the Settlement, as well as the administration thereof.

Dated: _____, 2020

By the Court:

_____
WENDY BEETLESTONE, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARYOUSH TAHA, Individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. 12-06867 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY et al., | : | CLASS ACTION |
| | : | |
| Defendants. | : | |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,**
**AND AUTHORIZATION TO SEND NOTICE TO THE CLASS AND SET THE DATE**
**FOR A FINAL APPROVAL HEARING**

Undersigned class action counsel move for preliminary approval of the class action settlement agreement they have entered into with the Bucks County Defendants, and move for authority to send notice of this settlement to the certified class and to set the date for a final approval hearing. The legal memorandum accompanying this motion sets forth the grounds for this motion in more detail.

Dated: May 18, 2020

Respectfully submitted,

-
_____
Joseph C. Kohn
Robert J. LaRocca
Jonathan Shub
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700 phone
(215) 238-1968 fax
Email: jkohn@kohnswift.com
rlarocca@kohnswift.com
jshub@kohnswift.com

Alan E. Denenberg
ABRAMSON & DENENBERG, P.C.
1315 Walnut Street, 12th Floor
Philadelphia, PA  19107
(215) 515-6890 phone
(215) 546-5355 fax

*Class Counsel on Behalf of the Certified Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARYOUSH TAHA, Individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. 12-06867 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY et al., | : | CLASS ACTION |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
THE PROPOSED CLASS ACTION SETTLEMENT**

### A.     Introduction and Procedural History

This class action lawsuit has been arduous, hard-fought, and has lasted 8 years. Undersigned counsel are proud to seek preliminary approval of a class action settlement that will send a check estimated at $600 to every class member who submits (by paper or electronically) a simple claim.

It is a testament to the arms-length negotiations that has finally led to this settlement that at no time did the Bucks County defendants (Bucks) previously offer a penny to settle the case. Not after the Court certified the class, *Taha v. Bucks Cty. Pennsylvania*, 2016 WL 2345998 (E.D. Pa. May 4, 2016). Nor when the Third Circuit upheld that certification, *Taha v. Cty. of Bucks*, 862 F.3d 292 (3d Cir. 2017).   Nor when the U.S. Magistrate Judge met with Bucks to discuss settlement.  Nor when this Court denied Bucks summary judgment motion and set the matter for trial. *Taha v. Bucks Cty. Pennsylvania,* 367 F. Supp. 3d 320, 333 (E.D. Pa. 2019).  Nor when the jury a year ago returned a verdict of liability for $1,000 punitive damages per class member

against Bucks. Nor when this Court rejected Bucks' post-trial motions. *Taha v. Bucks Cty. Pennsylvania*, 408 F. Supp. 3d 628 (E.D. Pa. 2019)

Rather, for eight years Bucks has stood fast that its interpretation and application of the CHRIA statute has been correct, and that the Third Circuit would ultimately vindicate Bucks' position on one or more of the numerous issues of first impression that this Court has decided in the course of this litigation. Accordingly, Bucks filed notices of appeal to the judgment and amended judgment. That appeal is presently pending.

Through the unstinting efforts of the Third Circuit Chief Mediator, Joseph Torregrossa, Esq., and after extensive hard-fought good faith negotiations that lasted over three months, the case finally settled, and each class member that follows a very simple claim procedure will receive a very substantial check, much needed in these very troubled times. The Third Circuit has granted a partial remand so that this Court can adjudicate the instant motion and further issues concerning the proposed class action settlement now before this Court.

In early 2020, Mr. Torregrossa directed the parties to appear before him for mediation. The parties met in Mr. Torregrossa's office at the Federal Courthouse on February 4, 2020 to discuss settlement for the first time.

In attendance were the new Chair of the Board of the Bucks County Commissioners (Diane Marseglia), along with the new Bucks County Solicitor (Joseph Khan), and Bucks' appellate counsel, Burt Rublin of Ballard Spahr and Mark Aronchick of Hangley Aronchick Segal Pudlin and Schiller. The class was represented by three attorneys from Kohn, Swift & Graf, P.C. (Joseph Kohn, Robert LaRocca and Jonathan Shub), and by Alan Dennenberg, Esq.

The settlement presented by this motion for preliminary approval allocates a maximum of $10 million to pay the claims submitted by class members, the costs of claims administration,

and a service award (not to exceed $30,000) to Mr. Taha.  It is anticipated that each claimant will receive a check for $600, money that these class members can certainly use in these difficult times.  Plaintiffs also negotiated a minimum required pay-out of $3.5 million, which means that claimants could potentially receive up to $1,000 if the claims rate is low.  Significantly, the settlement also provides that if the $10 million ceiling is not exhausted by claims and settlement expenses, a certain amount of unused funds shall be used for funding programs devoted to obtaining expungements and/or addiction treatment services for clients of the Bucks County Public Defender. (Settlement Agreement ¶21).  Bucks also agreed to pay $4 million in fees and litigation costs to the many lawyers who have labored on behalf of the class for eight years.  The payment of attorneys' fees and expenses is separate from, and has no effect upon, the amount to be paid to claimants.

This settlement agreement is filed with this motion.  It is the product of strenuous arms-length negotiations both in person and telephonically before Mr. Torregrossa, who conducted three mediation sessions.  It has been unanimously approved by the Bucks County Commissioners.

All counsel were keenly aware of the Third Circuit's admonition that payment of counsel fees to class counsel should not be negotiated until after counsel had negotiated and agreed to terms for the class.  *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283, 335 (3d Cir. 1998).  Accordingly, in the sessions before Mr. Torregrossa, and in continued negotiations among counsel by telephone and email, there was no discussion whatever of any payment by Bucks for fees, costs or a service award, until after all terms of payment to the class (including even the claim form, long form mailed notice, and publication notices) had been agreed to.

Class Counsel apprised Mr. Torregrossa of the parties' agreement on class relief on April 22, 2020. Class counsel went further than required by the *Prudential* case, by not only agreeing on the essential terms of a settlement for the class' benefit, but also by negotiating the final written settlement agreement, claim form, class notices and proposed Orders. On April 29, 2020, Mr. Torregrossa received a copy of the agreed-upon Settlement Agreement and exhibits, which addressed all class relief issues and left blank only the yet-to-be negotiated amounts for attorney's fees and expenses and a class representative service award.

Mr. Torregrossa then directed step two, a further session focusing upon Bucks' payment of class counsel's fees and costs (and a service award to Mr. Taha). That session occurred through Mr. Torregrossa's conference call facilities on April 30, 2020. Following that mediation session the parties engaged in extensive negotiations and ultimately agreed that Bucks would not oppose a request by class counsel for an award of fees and expenses of $4 million and a service award of $30,000 for Mr. Taha. The agreed-upon sum for fees and expenses is less than class counsel's lodestar amount.

On Friday May 15, 2020, the Third Circuit Ordered a partial remand, to permit this Court to consider a motion for preliminary approval of the settlement, and if preliminary approval is granted, to consider the further steps toward final approval. Class counsel now file that motion for preliminary approval.

**B**. **The Standards for Preliminary Approval**

Rule 23(e) of the Federal Rules of Civil Procedure sets forth the procedure for the required Court approval of class action settlements. It is a three step process: 1) the court decides whether to preliminarily approve the proposed settlement, (2) if the Court does grant preliminary approval, then members of the class are given notice of the proposed settlement, and (3) the

Court holds a hearing, to decide whether to give final approval to the settlement. "The decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court." *Prudential,* 148 F.3d at 299. The Court "bear[s] the important responsibility of protecting absent class members, which is executed by the court's assuring that the settlement represents adequate compensation for the release of the class claims." *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 (3d Cir. 2010).

In deciding whether to grant preliminary approval, the court makes a preliminary fairness finding. *In re Nat'l Football League Players Concussion Injury Litig.*, 775 F.3d 570, 581 (3d Cir. 2014):

> In the preliminary approval phase, we are tasked only with determining whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorney, and whether it appears to fall within the range of possible approval." *In re Nat'l Football League Players' Concussion Injury Litig*., 301 F.R.D. 191, 198 (E.D. Pa. 2014).

*Myers v. Jani-King of Philadelphia, Inc.*, No. CV 09-1738, 2019 WL 2077719, at *3 (E.D. Pa. May 10, 2019). In conducting this review, courts are cognizant that "there is an overriding public interest in settling class action litigation, and it is to be encouraged by the courts, particularly in complex settings that will consume substantial judicial resources and have the potential to linger for years." *In re PNC Fin. Servs. Group Inc. Sec. Lit.,* 440 F.Supp.2d 421, 429 (W.D.Pa. 2006).

Pursuant to the 2018 amendments to Rule 23, the decision to preliminarily approve the settlement and direct notice to the class tasks the Court with determining whether it "likely will be able" to give final approval to the settlement. F.R.Civ.P. 23(e)(1)(B). Final approval under F.R.Civ.P. 23(e)(2) in turn requires finding the settlement to be "fair, reasonable and adequate"

upon consideration of a variety of factors. The issue for preliminary approval, therefore, is whether the Court can determine that it is likely to find the settlement to be fair, reasonable and adequate, when it considers these Rule 23(e)(2) factors:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

(i)     the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)   the terms of any proposed award of attorney's fees, including timing of payment;

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)   the proposal treats class members equitably relative to each other.

All of these factors favor granting preliminary approval. To take them in order, class counsel have vigorously protected the class' interests, including through a difficult and extensive appeal to the Third Circuit on class certification, a jury trial, and extensive pre- trial and post-trial motion practice. Class counsel's work on behalf of the class has been dedicated and unsparing. Mr. Taha has also protected the class' interests, including by testifying at deposition and at trial.

As to whether the settlement was negotiated at arms' length, the settlement negotiations were supervised throughout by Joseph Torregrossa, Esq., the Third Circuit Chief Mediator. He was instrumental in helping the parties come to this amicable resolution after 8 years of hard-fought litigation.

The third factor is the adequacy of the benefit to the class.  Here, each class claimant is projected to receive a check for $600.  That is 60% of what the jury awarded. This compares favorably to possibly receiving $1,000 years from now, if all appeals have concluded in the class' favor.[1]  As this Court is aware, the CHRIA statute at the heart of this lawsuit has been rarely construed by any Pennsylvania state or federal court.  This Court necessarily had to rule on a number of issues of first impression.  Based upon discussions with appellate counsel for Bucks, the undersigned are aware that they plan to raise the following issues of first impression, *inter alia,* if the appeal goes forward.  Moreover, they will seek the Third Circuit to certify certain of these issues to the Pennsylvania Supreme Court for it to resolve, adding further uncertainties, complications (and delays) to the appeal.  Those issues include:

- Whether the CHRIA statute, which is written in the conjunctive ("and") should be construed in the disjunctive ("or"), as this Court held in *Taha v. Bucks Cty. Pennsylvania*, 172 F. Supp. 3d 867, 870 (E.D. Pa. 2016).  Bucks will rely, *inter alia,* upon *Gen. Motors LLC v. Bureau of Prof'l and Occupational Affairs,* 212 A.3d 40, 49 (Pa. 2019) for an argument that this Court was incorrect.  This is a key issue of liability, and if the Third Circuit were to disagree with this Court, the case would be over and the class would receive nothing;

---

[1] Each claimant is guaranteed a $600 payout, up to an aggregate of $10 million, at which point the payouts are pro-rated.  If total claims are less than $3.5 million, payments will be pro-rated upwards, to a maximum of $1,000 per claimant.  If total claims exceed $10 million they are prorated downward.  In between, they are guaranteed at $600.  There are a total of 40,000 class members with current addresses in the data base.  Even if *every one* filed a claim—something unprecedented in the history of Rule 23—each would receive about $250 ($10 million ÷ 40,000). The settlement agreement also provides important programmatic relief for clients of the Bucks County Public Defender's Office which will benefit class members and those similarly situated.

- Whether the CHRIA statute should be governed by the Pennsylvania six-year catchall statute of limitations, as the Court held in *Taha v. Bucks Cty. Pennsylvania*, 367 F. Supp. 3d 320 (E.D. Pa. 2019), rather than the one year or two year statutes of limitations that Bucks urged;

- Whether the word "willful" as the standard for punitive damages should be considered *in pari materia* with the same word in the Political Subdivision Torts Claims Act, 42 Pa.C.S.A. §8550. This Court held the two statutes were not *in pari materia* in *Taha v. Bucks Cty. Pennsylvania*, 367 F. Supp. 3d 320, 331 (E.D. Pa. 2019), and adopted a "reckless disregard" standard for this case. If the Pennsylvania Supreme Court or the Third Circuit disagreed, and held a higher standard for punitive damages against municipalities was required (*i.e.* intentional misconduct), the Court could order a new trial or determine the trial record was critically deficient of evidence under the heightened standard, and grant Bucks judgment as a matter of law;

- Whether the Pennsylvania Legislature intended to allow a $60 million punitive damages aggregate judgment to be imposed upon a municipality like Bucks County and its taxpayers, a judgment unprecedented in Pennsylvania. That breaks down into several subsidiary issues, including Bucks' contention that there was in reality only one violation of the CHRIA statute—the decision to place inmates' data on the Inmate Lookup Tool in the first place—and that Bucks' exposure is simply for that one violation, not 60,000 violations, a position this Court rejected in *Taha v. Bucks Cty. Pennsylvania,* 367 F. Supp. 3d 320, 333 (E.D. Pa. 2019). Bucks will also point to the $500,000 aggregate cap on

damages against municipalities in the Political Subdivision Tort Claims Act (42 Pa.C.S.A. §8553(b)) as further evidence of Legislative intent. In attacking a verdict that, in aggregate, amounts to roughly $60 million, Bucks has made it clear it will highlight the Third Circuit's admonition that any verdict has to be "reasonable," *Taha v. Cty. of Bucks,* 862 F.3d 292, 305 n. 8, 308 (3d Cir. 2017), and this Court's own post-trial statement that "the Court may find the outcome here troubling…" *Taha v. Bucks Cty. Pennsylvania*, 408 F. Supp. 3d 628, 648 (E.D. Pa. 2019).

While class counsel are confident that this Court, in its thorough research and cogent explanation of these difficult issues, was correct in its rulings, an objective assessment of appellate risk supports the conclusion that a $600 bird in the hand to class members now is worth the proverbial two in the bush of $1,000 years from now. If the Third Circuit or Pennsylvania Supreme Court disagreed on any one of the above critical issues, it could mean the class would receive no recovery of any kind, or at best a vacating of the verdict and a new trial.

The next consideration is "the effectiveness of any proposed method of distributing relief to the class." Bucks had in its files, and provided, the names, addresses and social security numbers for about 40,000 of the 60,000 class members. Using that information, an updated list of those class members has been prepared and filed with this Court as a sealed appendix to the amended judgment. First-class notice will be mailed to each of those persons. As with the class notice two years ago, this will be supplemented by publication notice in local newspapers, designed to reach the class members for whom no addresses are available. The claim procedure itself is very simple and straightforward (it is described more thoroughly in claim instructions that are exhibits to the settlement agreement filed hereto). Class members can either file a paper

claim, confirming their identity, or file electronically at a settlement website, again supplying a minimum of information. They can log into this website through any computer terminal or smartphone.

Here, Bucks will pay a maximum of $4 million for fees and costs combined. Lawyers from multiple firms worked on behalf of the class over the past eight years. The "lodestar" (hours expended time normal hourly rate) of all lawyers who worked for the class, as reflected in the respective firms' books and records, is approximately $6 million, and costs expended are more than $400,000. There is no windfall to class counsel. Payment is also proportional to the amount available to the class. Bucks' total possible exposure for class claims and fees and costs is $14 million, and the fees and costs are 28.5% of that total. It bears reiteration that the award of attorneys' fees and expenses is over and above the $10 million being made available for payments to class members and settlement expenses.

Finally, there are no side agreements between the parties and the settlement treats class members equitably relative to each other. Fed.R.Civ.P. 23(e)(2)(C)(iv), (D).

For the above reasons, the Court is requested to grant this motion for preliminary approval, direct notice to the class, and set the date for the Final Fairness Hearing.

Dated: May 19, 2020

Respectfully submitted,

_____

Joseph C. Kohn
Robert J. LaRocca
Jonathan Shub
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700 phone
(215) 238-1968 fax
Email: jkohn@kohnswift.com
        rlarocca@kohnswift.com
        jshub@kohnswift.com
and

Alan E. Denenberg
ABRAMSON & DENENBERG, P.C.
1315 Walnut Street, 12th Floor
Philadelphia, PA  19107
(215) 515-6890 phone
(215) 546-5355 fax

*Class Counsel on Behalf of the Certified Class*

**Certificate of Service**

The foregoing was served upon all counsel of record on May 19, 2020 through the

Court's ECF system.

_Robert J. LaRocca_
_____
Joseph C. Kohn
Robert J. LaRocca
Jonathan Shub
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700 phone
(215) 238-1968 fax
Email: jkohn@kohnswift.com
   rlarocca@kohnswift.com