IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARYOUSH TAHA,**<br>               **Plaintiff,**<br><br>                    v.<br><br>**BUCKS COUNTY PENNSYLVANIA,**<br>**BUCKS COUNTY CORRECTIONAL**<br>**FACILITY,**<br>               **Defendants.** | **CIVIL ACTION**<br><br><br><br><br>**NO.  12-6867** |

## ORDER

**AND NOW**, this 30th day of November, 2020, upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement (ECF No. 393) and Motion for Attorney's Fees, Litigation Expenses, and Class Representative Service Award (ECF No. 395), as well as all supporting materials and after dissemination of Notice to Class Members and a hearing held on October 1, 2020 and,

**WHEREAS,** after a hearing held on June 1, 2020, this Court entered an Order granting preliminary approval of the Class Action Settlement Agreement and directing notice to the class members by mail and publication.

**WHEREAS,** the Court has reviewed the terms of the Settlement Agreement in light of the factors set forth in Federal Rule of Civil Procedure 23(e)(2) and *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975), and finds that the terms and conditions set forth in the Class Action Settlement Agreement, including all exhibits thereto, are fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

**WHEREAS,** the Court finds that the distribution of the mail and publication Notices to Class Members as set forth in the Declaration of Claim Administrator, Richard W. Simmons, was in compliance with the Court's June 2, 2020 Order approving the proposed class notices and notice plan, and that notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23 and due process.

**WHEREAS,** Defendants have provided notice of the settlement to the appropriate government officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

**WHEREAS**, a total of 10,232 valid class claims were submitted;[1] it is, accordingly, **ORDERED** that:

1. The Class Action Settlement Agreement is **APPROVED** and shall be effectuated by the parties in accordance with its terms;

2. The Motion for Final Approval of Class Action Settlement Agreement (ECF No. 393) is **GRANTED**;

3. The Motion for Approval of Attorney's Fees, Litigation Expenses, and Class Representative Service Award (ECF No. 395) is **GRANTED**;

4. This case is **DISMISSED WITH PREJUDICE** as to Defendants Bucks County Pennsylvania and Bucks County Correctional Facility; and

---

[1] On November 18, 2020, the claims administrator, Analytics Consulting LLC, recommended to the parties that 9,741 claims be deemed valid, 641 claims be rejected as invalid, and 3 claims be considered pending. Bucks agreed that the 3 pending claims be accepted as valid (*see* ECF No. 424), and the claims administrator found an additional 216 valid claims, bringing the total number of undisputed valid claims to 9,960. Upon consideration of letter submissions by the parties, the Court finds that 272 additional claims, the validity of which the Defendants dispute, (ECF Nos. 422, 424 & 425) are valid, resulting in a total of 10,232 valid class claims.

5. The Clerk of the Court shall enter this Final Judgment forthwith and terminate Defendants Bucks County Pennsylvania and Bucks County Correctional Facility from this case.

                                              **BY THE COURT:**

                                              **/s/Wendy Beetlestone, J.**

                                              _____

                                              **WENDY BEETLESTONE, J.**